# UNITED STATES DISTRICT COURT

**OFFICE OF THE CLERK**

POST OFFICE BOX 1547

**FORT SMITH, ARKANSAS 72902**

(501) 783-6833 FAX (501) 783-6308

**EL DORADO DIVISION**

**CHRISTOPHER R.JOHNSON**
CLERK

# FILED

AUG 2 5 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

**P.O. BOX 1566**
EL DORADO, ARKANSAS 71730

**P.O. BOX 2746**
TEXARKANA, ARKANSAS 75501

**P.O. BOX 6420**
FAYETTEVILLE, ARKANSAS 72702

**P.O. Box6486**
HOT SPRINGS, ARKANSAS 71901

August 20, 2004

U.S. District Court
P. O. Box 835
Charleston, SC 29402-0835

**2  04-22005 - 12 BG**

RE:  Civil No. 03-1180  Bennett, et al  vs.  Nucor, et al

Dear Sir:

Enclosed is a certified copy of the  Order to Transfer filed in this court on July 19, 2004.    The time for appeal has now expired.   The case can now be officially transferred and filed in your office.

We have enclosed a certified copy of the docket entries and a certified copy of the Second Amended Complaint and Answer. The plaintiffs have not issued summonses as to the newly added defendants (some may not apply to your court). Due to the complexity of the plaintiffs and defendants  we have highlighted the portions specific to your court.

Sincerely yours,
Christopher R. Johnson, Clerk

By

Deputy Clerk

Encs
cc- all counsel of record

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CORNELIUS BENNETT, QUINTON
BROWN, RAMON ROANE, SYLVESTER
ROGERS, ALVIN SIMMONS, SHELDON
SINGLETARY, STACEY WARREN,
RODNEY WASHINGTON, CLIFTON
LEE, SR., OZZIE GREEN, LARRY
MCBRIDE, GERALD WHITE, JASON
GUY and FREDERICK KING, individually
and on behalf of the class they seek to represent



PLAINTIFFS

VS.                                        CASE NO. 03-CV-1180

A TRUE COPY I CERTIFY
CRISTOPHER R. JOHNSON, CLERK
DISTRICT COURT
DISTRICT OF ARKANSAS

NUCOR CORPORATION; NUCOR-YAMATO
STEEL COMPANY, L.P.; NUCOR
STEEL-BERKELEY; NUCOR STEEL-DECATUR,
L.L.C.; NUCOR STEEL-ARKANSAS; and NUCOR
BUILDING SYSTEMS-TEXAS                              DEFENDANTS

## ORDER

Before the Court is Defendant Nucor Corporation's Motion to Transfer Venue. (Doc.

No. 15). Plaintiffs have responded. (Doc. No. 18). Also before the Court is Plaintiffs' Motion

to Sever and Transfer South Carolina and Alabama Claims and Plaintiffs. (Doc. No. 19). Nucor

has responded. (Doc. No. 22). Plaintiffs have filed a reply to Nucor's response. (Doc. No. 26).

The matter is ripe for consideration.

Plaintiffs have filed this class action against Nucor Corporation and entities under its

control alleging violations of 42 U.S.C. §2000e and 42 U.S.C. §1981. They alleged violations in

Arkansas, South Carolina, Alabama and Texas. The action was filed in this Count pursuant to

42 U.S.C. § 2000e-5(3) which permits a plaintiff to bring suit in any judicial district in the State

This document entered on docket in
compliance with Rule 58 and 79 (a),
FRCP,

on 7/19/04 by CW

3

in which the unlawful employment practice is alleged to have been committed.  No other connection exists between this district and the action or the parties to the action.  None of the plaintiffs live in the Western District of Arkansas.  The Defendants have no facilities in the Western District of Arkansas.  None of the alleged actions occurred in the Western District.  No witnesses reside here and none of the parties' employment records are located here.  It is apparent that the interest of justice and convenience of all parties demands that this matter be transferred.  The parties appear to agree on this point, but not to which district court the transfer should be made.

Defendant Nucor Corporation asks the Court to transfer the action to the Charleston Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a).  It contends that Nucor has five facilities in South Caroline and that six of the named plaintiff are in South Carolina, along with their employment records.  It contends that over 100 key witness are located in South Carolina and South Carolina is closer to key corporate witnesses and records located in North Carolina.  Nucor argues that for the convenience of the parties and the witnesses and in the interest of justice the entire matter should be transferred to South Carolina.

Plaintiffs contend that this is true for the six South Caroline plaintiffs but not for the remaining eight named plaintiffs.  These eight individuals' claims may not be transferred to South Carolina because their claims could not have been brought there.[1]  The Plaintiffs propose that the Court sever the claims of the Arkansas Plaintiffs and transfer their claims to the Eastern

---

[1]Six plaintiffs allege discrimination only in Arkansas, one plaintiff alleges discrimination in Arkansas and Texas and one plaintiff alleges discrimination in Alabama.

2

District of Arkansas, Jonesboro Division,  sever the claims of the South Carolina Plaintiffs and transfer them to District Court of South Carolina, Charleston Division and sever the claim of the Alabama Plaintiff and transfer his claim to Northern District of Alabama, Decatur Division.

This Court can only transfer an action to another district court where the matter might have been brought. 28 U.S.C. §1401(a). *See Van Dusen vs. Barrack,* 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The special venue statute of Title VII permits a plaintiff to bring suit in any judicial district *in the State* in which the unlawful employment practice is alleged to have been committed. 28 U.S.C. § 2000e-5(f)(3) (emphasis added). This venue statute restricts a plaintiff to bringing suit in the State where the unlawful employment practice is alleged to have taken place. In this case, venue is restricted to South Caroline for the six South Caroline Plaintiffs, Arkansas for the Arkansas claims of the seven Arkansas Plaintiffs, Alabama for the sole Alabama Plaintiff and Texas for the Arkansas Plaintiff alleging unlawful employment practices in Texas. These plaintiffs can only be transferred to a district court in the respective state in which they allege the discrimination took place.

All the parties agree that the claims of the six Plaintiffs from South Carolina should be in the District Court of South Carolina. The District Court has jurisdiction and venue is proper there. The Defendants Nucor Corporation and/or Nucor Steel-Berkeley have a facility in Huger, South Carolina. The alleged discrimination took place at that facility in that district. The Plaintiffs live and work in that district. Their employment records are there, along with the key witnesses in the case. Therefore, in the interest of justice and for convenience of the parties the claims of these six South Carolina Plaintiffs should be severed and transferred to their home district in South Carolina.

3

The same analysis applies to the claim of the sole Alabama Plaintiff. The District Court for Northern District of Alabama has jurisdiction and venue is proper there. The Defendants Nucor Corporation and/or Nucor Steel-Decatur have a facility in Decatur, Alabama. The alleged discrimination took place at that facility in that district. The Plaintiff lives and works in that district. His employment records are there, along with the key witnesses in the case. Therefore, in the interest of justice and for convenience of the parties the claim of the Alabama Plaintiff should be severed and transferred to his home district in Alabama

The remaining seven Arkansas Plaintiffs allege to be the victims of unlawful employment practice in the State of Arkansas.[2] Therefore, jurisdiction exists and venue is proper in the any district court in the State of Arkansas including this Court in the Western District. However, this Court has no other connection to this case. The Defendants do not have any facilities in the Western District of Arkansas. None of the Plaintiffs live in the Western District. None of their employment records are located here and none of the witnesses live here. These seven Plaintiffs' claims stem from alleged unlawful employment practices by the Defendants in the Eastern District of Arkansas. The Defendants Nucor Corporation, Nucor-Yamato Steel Company and/ Nucor Steel-Arkansas have facilities in Blytheville and Armorel Arkansas. The alleged discrimination took place at these facilities in the Eastern District. The Plaintiffs live and work in that district. Their employment records are there, along with the key witnesses in the case. Therefore, in the interest of justice and for convenience of the parties the claims of these seven Arkansas Plaintiffs which arose in Arkansas should be severed and

[2]One plaintiff, Stacey Warren, claims to be the victim of unlawful employment practices in Defendants' facilities in Blytheville, Arkansas, Armorel, Arkansas and Terrell, Texas

4

transferred to the District Court for the Eastern District of Arkansas.

Plaintiffs also ask this Court to sever and transfer the remaining claim of Stacey Warren (Count Five in their Second Amended Complaint) to the Eastern District of Arkansas. However, this claim alleges unlawful employment practices in the State of Texas, not Arkansas. Under the special venue statue of Title VII, this claim should have been brought in a district court in Texas. However, since the unlawful employment practice is alleged to have been committed in the Northern District of Texas it is appropriate that the claim be transferred there. The Defendants Nucor Corporation and/or Nucor Building Systems-Texas have a facility in Terrell, Texas. The alleged discrimination took place at that facility in that district. The employment records are there, along with the key witnesses in the case. Therefore, the Texas claim of Stacey Warren should be severed and transferred to the District Court for the Northern District of Texas, Dallas Division.

This action has turned from a nationwide class action to four separate and distinct class actions against five separate companies and their corporate parent. Severing the claims and transferring them to their appropriate states and to more convenient districts or divisions will hopefully clear up the confusion that this action seems to have created.

Therefore, in accordance with the above, the Court finds that Defendant Nucor Corporation's motion to transfer the claims of all the Plaintiffs to South Carolina should be and hereby is **denied**. (Doc. No. 15). The Court finds that Plaintiffs' Motion to Sever and Transfer should be and hereby is **granted in part** and **denied in part**. (Doc. No. 19). The Court finds that claims of South Carolina Plaintiffs, Quinton Brown, Ramone Roane, Alvin Simmons, Sheldon Singletary, Gerald White and Jason Guy, as set out in Count Two of the Plaintiffs'

5

Second Amended Complaint should be and hereby is severed and transferred to the United States District Court of South Carolina, Charleston Division; the claim of the Alabama Plaintiff, Frederick King, as set out in Count Three of the Plaintiffs' Second Amended Complaint should be and hereby is severed and transferred to the United States District Court for the Northern District of Alabama, Decatur Division; the claims of the seven Arkansas Plaintiffs, Cornelius Bennett, Rodney Washington, Clifton Lee, Sr., Sylvester Rogers, Ozzie Green, Larry McBride and Stacey Warren, as set out in Counts One and Four of the Plaintiffs' Second Amended Complaint should be and hereby is severed and transferred to the United States District Court for the Eastern District of Arkansas, Jonesboro Division; and the claim of Stacey Warren as set out in Count Five of the Plaintiffs' Second Amended Complaint should be and hereby is severed and transferred to the United States District Court for the Northern District of Texas, Dallas Division.

IT IS SO ORDERED, this _19_ day of July, 2004.

_____
Hon. Harry F. Barnes
United States District Judge

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED

JUL 19 2004

JAMES H. JOHNSON, CLERK

6

AO 72A
(Rev. 8/82)

TERMED TRANSF

U.S. District Court
Western District of Arkansas (EL DORADO)

CIVIL DOCKET FOR CASE #: 03-CV-1180

Bennett, et al v. Nucor Corporation, et al          Filed: 12/08/03
Assigned to: Honorable Harry F. Barnes          Jury demand: Plaintiff
Demand: $0,000                                   Nature of Suit:  442
Lead Docket: None                                Jurisdiction: Diversity
Dkt# in other court: None

Cause: 42:2000 Job Discrimination (Race)


CORNELIUS BENNETT                    Philip E. Kaplan
      plaintiff                      [COR LD NTC]
                                     Kaplan, Brewer, Maxey &
                                     Haralson, P.A.
                                     Metro Centre Mall
                                     415 Main Street
                                     Little Rock, AR 72201-3801
                                     (501) 372-0400

                                     David W. Sanford
                                     [COR LD NTC]
                                     Sanford, Wittels & Heisler, LLP
                                     2121 K. Street, N.W.
                                     Suite 700
                                     Washington, DC 20037
                                     (202) 942-9124

                                     Benjamin J. DeGweck
                                     [COR LD NTC]
                                     Ann K. Wiggins
                                     [COR LD NTC]
                                     Wiggins, Childs, Quinn &
                                     Pantazis, P.C.
                                     1400 South Trust Tower
                                     Birmingham, AL 35203
                                     (205) 328-0640

                                     A TRUE COPY I CERTIFY
                                     CHRISTOPHER R. JOHNSON, CLERK
                                     U.S. DISTRICT COURT
QUINTON BROWN                        Philip E. Kaplan   WESTERN DISTRICT OF ARKANSAS
      plaintiff                      (See above)        By:
                                     [COR LD NTC]

                                     David W. Sanford
                                     (See above)
                                     [COR LD NTC]

                                     Benjamin J. DeGweck
                                     (See above)
                                     [COR LD NTC]

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                                      TRANSF

                                        Ann K. Wiggins
                                        (See above)
                                        [COR LD NTC]


JASON GUY                               Philip E. Kaplan
     plaintiff                          (See above)
                                        [COR LD NTC]

                                        David W. Sanford
                                        (See above)
                                        [COR LD NTC]

                                        Benjamin J. DeGweck
                                        (See above)
                                        [COR LD NTC]
                                        Ann K. Wiggins
                                        (See above)
                                        [COR LD NTC]


FREDERICK KING                          Philip E. Kaplan
     plaintiff                          (See above)
                                        [COR LD NTC]

                                        David W. Sanford
                                        (See above)
                                        [COR LD NTC]

                                        Benjamin J. DeGweck
                                        (See above)
                                        [COR LD NTC]
                                        Ann K. Wiggins
                                        (See above)
                                        [COR LD NTC]


RAMON ROANE                             Philip E. Kaplan
     plaintiff                          (See above)
                                        [COR LD NTC]

                                        David W. Sanford
                                        (See above)
                                        [COR LD NTC]

                                        Benjamin J. DeGweck
                                        (See above)
                                        [COR LD NTC]
                                        Ann K. Wiggins
                                        (See above)
                                        [COR LD NTC]


SYLVESTER ROGERS                        Philip E. Kaplan

Docket as of August 20, 2004 1:37 pm                    Page 2    NON-PUBLIC

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                                     TRANSF
        plaintiff                  (See above)
                                   [COR LD NTC]

                                   David W. Sanford
                                   (See above)
                                   [COR LD NTC]

                                   Benjamin J. DeGweck
                                   (See above)
                                   [COR LD NTC]
                                   Ann K. Wiggins
                                   (See above)
                                   [COR LD NTC]

ALVIN SIMMONS                      Philip E. Kaplan
        plaintiff                  (See above)
                                   [COR LD NTC]

                                   David W. Sanford
                                   (See above)
                                   [COR LD NTC]

                                   Benjamin J. DeGweck
                                   (See above)
                                   [COR LD NTC]
                                   Ann K. Wiggins
                                   (See above)
                                   [COR LD NTC]

SHELDON SINGLETARY                 Philip E. Kaplan
        plaintiff                  (See above)
                                   [COR LD NTC]

                                   David W. Sanford
                                   (See above)
                                   [COR LD NTC]

                                   Benjamin J. DeGweck
                                   (See above)
                                   [COR LD NTC]
                                   Ann K. Wiggins
                                   (See above)
                                   [COR LD NTC]

STACEY WARREN                      Philip E. Kaplan
        plaintiff                  (See above)
                                   [COR LD NTC]

                                   David W. Sanford
                                   (See above)
                                   [COR LD NTC]

INTERNAL USE ONLY: Proceedings include all events.          TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al

                                                           TRANSF

                              Benjamin J. DeGweck
                              (See above)
                              [COR LD NTC]
                              Ann K. Wiggins
                              (See above)
                              [COR LD NTC]

RODNEY WASHINGTON            Philip E. Kaplan
     plaintiff               (See above)
                             [COR LD NTC]

                             David W. Sanford
                             (See above)
                             [COR LD NTC]

                             Benjamin J. DeGweck
                             (See above)
                             [COR LD NTC]
                             Ann K. Wiggins
                             (See above)
                             [COR LD NTC]

GERALD WHITE                 Philip E. Kaplan
     plaintiff               (See above)
                             [COR LD NTC]

                             David W. Sanford
                             (See above)
                             [COR LD NTC]

                             Benjamin J. DeGweck
                             (See above)
                             [COR LD NTC]
                             Ann K. Wiggins
                             (See above)
                             [COR LD NTC]

CLIFTON LEE, SR.             Philip E. Kaplan
     plaintiff               (See above)
                             [COR LD NTC]

                             David W. Sanford
                             (See above)
                             [COR LD NTC]

                             Benjamin J. DeGweck
                             (See above)
                             [COR LD NTC]
                             Ann K. Wiggins
                             (See above)

```
INTERNAL USE ONLY: Proceedings include all events.          TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                           TRANSF
                              [COR LD NTC]


OZZIE GREEN                   Philip E. Kaplan
     plaintiff               (See above)
                             [COR LD NTC]

                             David W. Sanford
                             (See above)
                             [COR LD NTC]

                             Benjamin J. DeGweck
                             (See above)
                             [COR LD NTC]
                             Ann K. Wiggins
                             (See above)
                             [COR LD NTC]


LARRY MCBRIDE                 Philip E. Kaplan
     plaintiff               (See above)
                             [COR LD NTC]

                             David W. Sanford
                             (See above)
                             [COR LD NTC]

                             Benjamin J. DeGweck
                             (See above)
                             [COR LD NTC]
                             Ann K. Wiggins
                             (See above)
                             [COR LD NTC]


    v.


NUCOR CORPORATION             D. P. Marshall, Jr.
     defendant               [COR LD NTC]
                             Barrett & Deacon
                             P.O. Box 1700
                             Jonesboro, AR 72403
                             (870) 931-1700


NUCOR-YAMATO STEEL COMPANY
(LIMITED PARTNERSHIP)
     defendant


NUCOR STEEL-BERKELEY
     defendant


Docket as of August 20, 2004 1:37 pm          Page 5    NON-PUBLIC
```

```
INTERNAL USE ONLY: Proceedings include all events.              TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                                TRANSF

NUCOR STEEL-DECATUR, LLC
      defendant


NUCOR STEEL-ARKANSAS
      defendant


NUCOR BUILDING SYSTEMS-TEXAS
      defendant
```

INTERNAL USE ONLY: Proceedings include all events.          TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                          TRANSF
12/8/03   1      COMPLAINT w/jury demand ( 0 Summons(es) issued) (cn)
                 [Entry date 12/08/03]

12/8/03   --     FILING FEE PAID: on 12/8/03  in the amount of $ 150.00,
                 receipt # 62504. (cn) [Entry date 12/08/03]

1/15/04   2      MOTION by plaintiffs  for attorney David W. Sanford of
                 Washington, DC to appear pro hac vice (cn)
                 [Entry date 01/15/04]

1/15/04   3      AFFIDAVIT of David W. Sanford regarding motion for attorney
                 David W. Sanford of Washington, DC to appear pro hac vice
                 [2-1] (cn) [Entry date 01/15/04]

1/22/04   4      ORDER by Honorable Harry F. Barnes granting motion for
                 attorney David W. Sanford of Washington, DC to appear pro
                 hac vice [2-1] (cc:  all counsel) (cn) [Entry date 01/22/04]

3/18/04   5      ORDER TO SHOW CAUSE: pltf directed to respond by 4/1/04 as
                 to why case should not be dismissed w/o prej f/failure to
                 prosecute (cc: all counsel) (cn) [Entry date 03/18/04]

3/22/04   6      AMENDED COMPLAINT [1-1] w/Class Action Allegations by
                 plaintiff; adding Clifton Lee Sr., Ozzie Green, Larry
                 McBride as pltfs (cn) [Entry date 03/23/04]

3/22/04   7      MOTION by plaintiff for attorney Ann K. Wiggins of
                 Birmingham, AL to appear pro hac vice (cn)
                 [Entry date 03/23/04]

3/22/04   8      MOTION by plaintiff for attorney Benjamin J. DeGweck of
                 Birmingham, AL to appear pro hac vice (cn)
                 [Entry date 03/23/04]

3/30/04   --     SUMMONS reissued as to defendant Nucor Corporation (cn)
                 [Entry date 03/30/04]

3/31/04   9      ORDER by Honorable Harry F. Barnes granting motion for
                 attorney Ann K. Wiggins of Birmingham, AL to appear pro hac
                 vice [7-1] (cc:  all counsel) (cn) [Entry date 03/31/04]

4/2/04    10     ORDER by Honorable Harry F. Barnes granting motion for
                 attorney Benjamin J. DeGweck of Birmingham, AL to appear
                 pro hac vice [8-1] (cc:  all counsel) (cn)
                 [Entry date 04/02/04]

4/5/04    11     RETURN OF SERVICE executed upon defendant Nucor Corporation
                 on 4/1/04 (cn) [Entry date 04/05/04]

4/19/04   12     MOTION by defendant Nucor Corporation to extend time to
                 answer complt until 5/5/04 (cn) [Entry date 04/19/04]

INTERNAL USE ONLY: Proceedings include all events.                TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al
                                                                  TRANSF

4/19/04   13    ORDER by Honorable Harry F. Barnes granting motion to
                extend time to answer complt until 5/5/04 [12-1] (cc:  all
                counsel) (cn) [Entry date 04/19/04]

5/4/04    14    ANSWER by defendant Nucor Corporation [6-1] (cn)
                [Entry date 05/04/04]

5/4/04    --    Magistrate Notice/Consent Form furnished to parties. (cn)
                [Entry date 05/04/04]

5/17/04   15    MOTION by defendant Nucor Corporation to transfer case
                (venue) to USDC South Carolina-Charleston Division (cn)
                [Entry date 05/17/04]

5/17/04   16    MEMORANDUM BRIEF by defendant Nucor Corporation in support
                of motion to transfer case (venue) to USDC South
                Carolina-Charleston Division [15-1] (cn)
                [Entry date 05/17/04]

5/27/04   17    INITIAL SCHEDULING ORDER by Honorable Harry F. Barnes
                setting Rule 26(f) Report Deadline 8/2/04; final scheduling
                order will issue on 8/23/04; jury trial set for the week of
                5/2/05 (cc: all counsel) (rwb) [Entry date 05/27/04]

5/28/04   18    RESPONSE by plaintiffto motion to transfer case (venue) to
                USDC South Carolina-Charleston Division [15-1] (cn)
                [Entry date 05/28/04]

5/28/04   19    MOTION by plaintiff to sever claims and to transfer case
                by pltfs to SC and AL (cn) [Entry date 05/28/04]

5/28/04   20    MOTION by plaintiffs to amend complt (cn)
                [Entry date 05/28/04]

5/28/04   21    MEMORANDUM BRIEF by plaintiffs in support of motion to
                sever claims [19-1] and to transfer case by pltfs to SC and
                AL [19-2] and in support of motion to amend complt [20-1]
                (cn) [Entry date 05/28/04]

6/10/04   22    RESPONSE by defendant Nucor Corporation to motion to
                transfer case by pltfs to SC and AL [19-2] and motion to
                sever claims [19-1] and motion to amend complt [20-1] (cn)
                [Entry date 06/10/04]

6/10/04   23    MEMORANDUM BRIEF by defendant Nucor Corporation in support
                of motion response [22-1] (cn) [Entry date 06/10/04]

6/22/04   24    REPLY by plaintiff to response to motion to transfer case
                by pltfs to SC and AL [19-2]; to motion to sever claims
                [19-1] and to motion to amend complt [20-1] (cn)
                [Entry date 06/22/04]

6/24/04   25    MOTION by defendant and plaintiffs to stay Rule 16 initial
                scheduling order (cn) [Entry date 06/24/04]

INTERNAL USE ONLY: Proceedings include all events.          TERMED
1:03cv1180 Bennett, et al v. Nucor Corporation, et al

                                                           TRANSF

6/24/04   26      CORRECTED REPLY by plaintiff to response to motion to
                  transfer case by pltfs to SC and AL [19-2]; to sever claims
                  [19-1]; to amend complt [20-1] (cn) [Entry date 06/24/04]

7/1/04    27      MEMORANDUM BRIEF by defendant Nucor Corporation on venue
                  issues [19-1]; [19-2] (cn) [Entry date 07/01/04]

7/19/04   28      ORDER by Honorable Harry F. Barnes granting motion to amend
                  complt [20-1]; the clerk of court is directed to file
                  attached amd complt immediately (cc: all counsel) (cn)
                  [Entry date 07/19/04]

7/19/04   29      AMENDED COMPLAINT [6-1], [1-1] by plaintiff; adding Nucor
                  Yamato Steel, Nucor Steel-Berkeley, Nucor Steel-Decatur,
                  Nucor Steel-Arkansas, Nucor Bldg Sys Texas;  0 summonses
                  issued (cn) [Entry date 07/19/04]

7/19/04   30      ORDER by Honorable Harry F. Barnes denying deft's motion to
                  transfer case (venue) to USDC South Carolina-Charleston
                  Division [15-1] granting and denying in parts the motion to
                  sever claims and transfer case [19-1]; [19-2] Claims of SC
                  pltfs Quinton Brown, Ramone Roane, Alvin Simmons, Sheldon
                  Singletary, Gerald White & Jason Guy as set out in Count 2
                  of 2nd amd complt severed & transferred to District Court
                  of SC, Charleston; Claims of AL pltf Frederick King as set
                  out in Count 3 of 2nd amd complt  severed & transferred to
                  ND/AL, Decatur; Claims of AR pltfs Cornelius Bennett,
                  Rodney Washington, Clifton Lee Sr., Sylvester Rogers, Ozzie
                  Green Larry McBride and Stacey Warren as set out in Counts
                  1 and 4 of 2nd amd complt severed & transferred to ED/AR,
                  Jonesboro; Claim of Stacey Warren as set out in Count 5 of
                  2nd amd complt severed & transferred to ND/TX, Dallas (cc:
                  all counsel) (cn) [Entry date 07/19/04]

7/19/04   --      FYI letters mailed to all district court (cn)
                  [Entry date 07/19/04]

7/29/04   31      ANSWER by defendant Nucor Corporation to 2nd amd complt
                  [29-1] (cn) [Entry date 07/29/04]

8/20/04   32      TRANSMITTAL of documents to USDC - Fort Worth, TX (cn)
                  [Entry date 08/20/04]

8/20/04   33      TRANSMITTAL of documents  to USDC - Charleston, SC (cn)
                  [Entry date 08/20/04]

8/20/04   34      TRANSMITTAL of documents  to USDC - Birmingham, AL (cn)
                  [Entry date 08/20/04]

8/20/04   35      TRANSMITTAL of documents to USDC - Jonesboro, AR (cn)
                  [Entry date 08/20/04]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| CORNELIUS BENNETT, QUINTON BROWN, RAMON ROANE, SYLVESTER ROGERS, ALVIN SIMMONS, SHELDON SINGLETARY, STACEY WARREN, RODNEY WASHINGTON, CLIFTON LEE, SR., OZZIE GREEN, LARRY MCBRIDE, GERALD WHITE, JASON GUY, and FREDERICK KING, individually and on behalf of the class they seek to represent, | § § § § § § § § § § | U. S. DISTRICT COURT ESTERN DISTRICT ARKANSA FILED JUL 2 9 2004 CHRIS H. JOHNSON, CLERK DEPUTY CLERK |
| Plaintiffs, | § § | |
| V. | § § § | Case No. 1:03-CV-1180 |
| NUCOR CORPORATION; NUCOR YAMATO STEEL COMPANY, L.P.; NUCOR STEEL-BERKELEY; NUCOR STEEL-DECATUR, L.L.C.; NUCOR STEEL-ARKANSAS; and NUCOR BUILDING SYSTEMS-TEXAS. | § § § § § § § | A TRUE COPY I CERTIFY CHRISTOPHER R. JOHNSON, CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF ARKANSAS By: |
| Defendants. | § § | |

## DEFENDANT NUCOR CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Nucor Corporation (hereinafter "Nucor" or "Defendant) files this Answer to Plaintiffs' Second Amended Complaint filed in this Court, and in support thereof would respectfully show unto this Court as follows:

### I. NATURE OF COMPLAINT

1.      Defendant denies that all named Plaintiffs are current or former employees of Nucor Corporation.  Defendant denies that its employment practices evidence continuing systemic racial discrimination in employment opportunities through use of discriminatory

selection and training procedures, racially hostile reputation and working conditions, and unequal terms and conditions of employment. Defendant denies each and every remaining allegation contained in paragraph one of Plaintiffs' Second Amended Complaint.

2. Defendant denies that Cornelius Bennett, Clifton Lee, Sr., Sylvester Rogers, Larry McBride, Rodney Washington, Ozzie Green, and Stacy Warren (hereinafter "Arkansas Plaintiffs")[1] are entitled to a declaratory judgment or any other relief they seek. Defendant further denies that it has engaged in a systemic pattern and practice of racial discrimination in employment opportunities or any unlawful conduct under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e et seq., and Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. Defendant denies that Plaintiffs are entitled to a permanent injunction, damages, back pay, or any other equitable relief. Defendant denies that it has engaged in any past or present racial discrimination and that the lives and careers of Plaintiffs have been or currently are being adversely affected. Defendant denies each and every remaining allegation contained in paragraph two of Plaintiffs' Second Amended Complaint.

3. Defendant denies that Ramon Roane, Quinton Brown, Sheldon Singletary, Gerald White, Alvin Simmons, and Jason Guy (hereinafter "South Carolina Plaintiffs") are entitled to a declaratory judgment or any other relief they seek. Defendant further denies that it has engaged in a systemic pattern and practice of racial discrimination in employment opportunities or any unlawful conduct under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e et seq., and Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. Defendant denies that Plaintiffs are entitled to a permanent injunction,

damages, back pay, or any other equitable relief. Defendant denies that it has engaged in any past or present racial discrimination and that the lives and careers of Plaintiffs have been or currently are being adversely affected. Defendant denies each and every remaining allegation contained in paragraph three of Plaintiffs' Second Amended Complaint.

4.    Defendant denies that Frederick King (hereinafter "Alabama Plaintiff") is entitled to a declaratory judgment or any other relief he seeks. Defendant further denies that it has engaged in a systemic pattern and practice of racial discrimination in employment opportunities or any unlawful conduct under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e et seq., and Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. Defendant denies that Mr. King is entitled to a permanent injunction, damages, back pay, or any other equitable relief. Defendant denies that it has engaged in any past or present racial discrimination and that the life and career of Mr. King has been or currently is being adversely affected. Defendant denies each and every remaining allegation contained in paragraph four of Plaintiffs' Second Amended Complaint.

5.    Defendant denies that Stacy Warren is entitled to a declaratory judgment or any other relief he seeks arising out of allegations of discrimination in Armorel, Arkansas. Defendant further denies that it has engaged in a systemic pattern and practice of racial discrimination in employment opportunities or any unlawful conduct under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e et seq., and Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. Defendant denies that Mr. Warren is entitled to a permanent injunction, damages, back pay, or any other equitable relief. Defendant denies that it has engaged in any past or present racial discrimination and that

---

[1] Although Plaintiffs allege discriminatory conduct in both Armorel and Blytheville Arkansas, for purposes of simplicity Defendant hereinafter refers to the Plaintiffs alleging discriminatory conduct in Arkansas as "Arkansas

the life and career of Mr. Warren has been or currently is being adversely affected. Defendant denies each and every remaining allegation contained in paragraph five of Plaintiffs' Second Amended Complaint.

6.    Defendant denies that Stacy Warren (hereinafter "Texas Plaintiff") is entitled to a declaratory judgment or any other relief he seeks arising out of allegations of discrimination in Terrell, Texas. Defendant further denies that it has engaged in a systemic pattern and practice of racial discrimination in employment opportunities or any unlawful conduct under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e et seq., and Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. Defendant denies that Mr. Warren is entitled to a permanent injunction, damages, back pay, or any other equitable relief. Defendant denies that it has engaged in any past or present racial discrimination and that the life and career of Mr. Warren has been or currently is being adversely affected. Defendant denies each and every remaining allegation contained in paragraph six of Plaintiffs' Second Amended Complaint.

## II. JURISDICTION AND VENUE

7.    Defendant denies that this Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(4), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§2000e, et seq., as amended.

## III. CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

8.    Defendant denies that all of the Plaintiffs have fulfilled all precedent conditions necessary to the institution of this action under Title VII. The Plaintiffs failed to notify Nucor Corporation of the asserted violations or to allow Nucor Corporation the opportunity to participate in the voluntary conciliation process initiated by the EEOC pursuant to §706(b) of Title VII, 42 U.S.C. §2000e-5(b). Defendant admits that 42 U.S.C. §1981 does not require

---

Plaintiffs."

administrative exhaustion. Defendant denies each and every remaining allegation contained in paragraph eight of Plaintiffs' Second Amended Complaint.

## IV. PARTIES

**A.    Defendants**

9.    Defendant admits that it is a corporation that conducts business in the states listed and that its corporate headquarters are located in Charlotte, North Carolina. Defendant admits that it is an employer as defined by 42 U.S.C. §2000e(b), but denies that it employed or employees any of the named Plaintiffs. Defendant denies that it is subject to the present suit under 42 U.S.C. §1981, as amended. Defendant denies that it maintains either actual or constructive control, oversight, or direction over the operation, including the employment practices of the individual plant/mill operations. Defendant denies each and every remaining allegation contained in paragraph nine of Plaintiffs' Second Amended Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ten of Plaintiffs' Second Amended Complaint.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eleven of Plaintiffs' Second Amended Complaint.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twelve of Plaintiffs' Second Amended Complaint.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirteen of Plaintiffs' Second Amended Complaint.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of Plaintiffs' Second Amended Complaint.

B.    **Named Plaintiffs/Class Representatives**

15.    Defendant denies that Plaintiff Cornelius Bennett has ever been employed by Nucor Corporation.  Plaintiff Bennett is employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fifteen of Plaintiffs' Second Amended Complaint.

16.    Defendant denies that Plaintiff Quinton Brown has ever been employed by Nucor Corporation.  Plaintiff Brown is employed by Nucor Steel-Berkeley in Huger, South Carolina. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph sixteen of Plaintiffs' Second Amended Complaint.

17.    Defendant denies that Plaintiff Rodney Washington has ever been employed by Nucor Corporation.  Plaintiff Washington was employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph seventeen of Plaintiffs' Second Amended Complaint.

18.    Defendant denies that Plaintiff Clifton Lee, Sr. has ever been employed by Nucor Corporation.  Plaintiff Lee is employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eighteen of Plaintiffs' Second Amended Complaint.

19.    Defendant denies that Plaintiff Ramon Roane has ever been employed by Nucor Corporation.  Plaintiff Roane is employed by Nucor Steel-Berkeley in Huger, South Carolina.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nineteen of Plaintiffs' Second Amended Complaint.

20.     Defendant denies that Plaintiff Sylvester Rogers has ever been employed by Nucor Corporation. Plaintiff Rogers is employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty of Plaintiffs' Second Amended Complaint.

21.     Defendant denies that Plaintiff Alvin Simmons has ever been employed by Nucor Corporation. Plaintiff Simmons is employed by Nucor Steel-Berkeley in Huger, South Carolina. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-one of Plaintiffs' Second Amended Complaint.

22.     Defendant denies that Plaintiff Sheldon Singletary has ever been employed by Nucor Corporation. Plaintiff Singletary was employed by Nucor Steel-Berkeley in Huger, South Carolina. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-two of Plaintiffs' Second Amended Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty-three of Plaintiffs' Second Amended Complaint.

24.     Defendant denies that Plaintiff Gerald White has ever been employed by Nucor Corporation. Plaintiff White is employed by Nucor Steel-Berkeley in Huger, South Carolina. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-four of Plaintiffs' Second Amended Complaint.

44809v2

25.      Defendant denies that Plaintiff Jason Guy has ever been employed by Nucor Corporation.  Plaintiff Guy was employed by Nucor Steel-Berkeley in Huger, South Carolina. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-five of Plaintiffs' Second Amended Complaint.

26.      Defendant denies that Plaintiff Frederick King has ever been employed by Nucor Corporation.  Plaintiff King was employed by Nucor Steel-Decatur, L.L.C. in Decatur, Alabama. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-six of Plaintiffs' Second Amended Complaint.

27.      Defendant denies that Plaintiff Ozzie Green has ever been employed by Nucor Corporation.  Plaintiff Green is employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-seven of Plaintiffs' Second Amended Complaint.

28.      Defendant denies that Plaintiff Larry McBride has ever been employed by Nucor Corporation.   Plaintiff McBride is employed by Nucor-Yamato Steel Company, L.P. in Blytheville, Arkansas.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-eight of Plaintiffs' Second Amended Complaint and therefore denies such allegations.

## V. CLASS CERTIFICATION

29.      Defendant denies that it has ever engaged in a pattern or practice of discriminatory treatment towards any protected class.  Defendant denies each and every remaining allegation contained in paragraph twenty-nine of Plaintiffs' Second Amended Complaint.

30. Defendant denies that Plaintiffs are entitled to the injunctive relief they seek. Defendant denies that it has ever pursued any illegal policies, or that it has created or maintained any system-wide policies of race-based disparate treatment. Defendant denies each and every remaining allegation contained in paragraph thirty of Plaintiffs' Second Amended Complaint.

31. Defendant denies that any of its policies are illegal or contain animus against any protected class. Defendant denies each and every remaining allegation contained in paragraph thirty-one of Plaintiffs' Second Amended Complaint.

32. Paragraph 32 contains a declaration of what Plaintiffs are seeking to which Nucor need not admit nor deny. To the extent that a response may be required, Defendant denies these allegations.

## VI. COUNT ONE – CLAIMS AGAINST NUCOR-YAMATO AND NUCOR ARISING FROM THE BLYTHEVILLE, ARKANSAS PLANT

33. Defendant denies that the named Arkansas Plaintiffs properly form a class, and further denies that they are representative of other individuals they seek to represent. Defendant denies that it has engaged in any form of systemic discrimination that would form the basis of a class complaint. Defendant denies each and every remaining allegation contained in paragraph thirty-three of Plaintiffs' Second Amended Complaint.

34. Defendant denies each and every allegation contained in paragraph thirty-four of Plaintiffs' Second Amended Complaint.

35. Defendant denies each and every allegation contained in paragraph thirty-five of Plaintiffs' Second Amended Complaint.

36. Defendant denies each and every allegation contained in paragraph thirty-six of Plaintiffs' Second Amended Complaint, and in particular denies that the numerosity condition is satisfied in this case.

37.    Defendant denies each and every allegation contained in paragraph thirty-seven of Plaintiffs' Second Amended Complaint.

38.    Defendant denies each and every allegation contained in paragraph thirty-eight of Plaintiffs' Second Amended Complaint.  Defendant denies in particular that the bifurcated method of proof should be utilized in this case.

39.    Defendant denies each and every allegation contained in paragraph thirty-nine of Plaintiffs' Second Amended Complaint.

40.    Defendant denies each and every allegation contained in paragraph forty of Plaintiffs' Second Amended Complaint.

41.    The allegations in paragraph forty-one are conclusions of law as to which no response is required.  To the extent that a response may be required, Defendant denies these allegations.

## VII. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION AGAINST NUCOR-YAMATO AND/OR NUCOR

42.    Defendant denies that Plaintiff Cornelius Bennett has ever been employed by Nucor Corporation.  Plaintiff Bennett is employed at Nucor-Yamato Steel Company, L.P. Defendant denies each and every remaining allegation contained in paragraph forty-two of Plaintiffs' Second Amended Complaint.

43.    Defendant denies each and every allegation contained in paragraph forty-three of Plaintiffs' Second Amended Complaint.

44.    Defendant denies each and every allegation contained in paragraph forty-four of Plaintiffs' Second Amended Complaint.

45.    Defendant denies that Plaintiff Sylvester Rogers has ever been employed by Nucor Corporation.  Plaintiff Rogers is employed at Nucor-Yamato Steel Company, L.P..

Defendant denies each and every remaining allegation contained in paragraph forty-five of Plaintiffs' Second Amended Complaint.

46.    Defendant denies each and every allegation contained in paragraph forty-six of Plaintiffs' Second Amended Complaint.

47.    Defendant admits that Plaintiff Rogers filed a Charge of Discrimination in January 2003. Defendant denies each and every remaining allegation contained in paragraph forty-seven of Plaintiffs' Second Amended Complaint.

48.    Defendant denies each and every allegation contained in paragraph forty-eight of Plaintiffs' Second Amended Complaint.

49.    Defendant denies each and every allegation contained in paragraph forty-nine of Plaintiffs' Second Amended Complaint.

50.    Defendant denies each and every allegation contained in paragraph fifty of Plaintiffs' Second Amended Complaint.

51.    Defendant denies each and every allegation contained in paragraph fifty-one of Plaintiffs' Second Amended Complaint.

52.    Defendant denies that Plaintiff Rodney Washington was employed by Nucor Corporation. Plaintiff Washington was employed at Nucor-Yamato Steel Company, L.P. Defendant denies each and every remaining allegation contained in paragraph fifty-two of Plaintiffs' Second Amended Complaint.

53.    Defendant denies each and every allegation contained in paragraph fifty-three of Plaintiffs' Second Amended Complaint.

54.    Defendant denies each and every allegation contained in paragraph fifty-four of Plaintiffs' Second Amended Complaint.

55.      Defendant denies each and every allegation contained in paragraph fifty-five of Plaintiffs' Second Amended Complaint.

56.      Defendant denies that Plaintiff Clifton Lee Sr. was employed by Nucor Corporation.   Plaintiff Lee is employed at Nucor-Yamato Steel Company, L.P..   Defendant denies each and every remaining allegation contained in paragraph fifty-six of Plaintiffs' Second Amended Complaint.

57.      Defendant denies each and every allegation contained in paragraph fifty-seven of Plaintiffs' Second Amended Complaint.

58.      Defendant denies each and every allegation contained in paragraph fifty-eight of Plaintiffs' Second Amended Complaint.

59.      Defendant denies each and every allegation contained in paragraph fifty-nine of Plaintiffs' Second Amended Complaint.

60.      Defendant denies that Plaintiff Ozzie Green was employed by Nucor Corporation. Plaintiff Green is employed at Nucor-Yamato Steel Company, L.P.  Defendant denies each and every remaining allegation contained in paragraph sixty of Plaintiffs' Second Amended Complaint.

61.      Defendant denies each and every allegation contained in paragraph sixty-one of Plaintiffs' Second Amended Complaint.

62.      Defendant denies each and every allegation contained in paragraph sixty-two of Plaintiffs' Second Amended Complaint.

63.      Defendant denies that Plaintiff Larry McBride was employed by Nucor Corporation.  Plaintiff McBride is employed at Nucor-Yamato Steel Company, L.P.  Defendant

denies each and every remaining allegation contained in paragraph sixty-three of Plaintiffs' Second Amended Complaint.

64.    Defendant denies each and every allegation contained in paragraph sixty-four of Plaintiffs' Second Amended Complaint.

65.    Defendant denies each and every allegation contained in paragraph sixty-five of Plaintiffs' Second Amended Complaint.

## VII.  CLASS CLAIMS AGAINST NUCOR-YAMATO AND/OR NUCOR

66.    Defendant restates and incorporates by reference its responses to paragraphs 1 through 65 as its response to paragraph 66 of Plaintiffs' Second Amended Complaint.

67.    Defendant denies each and every allegation contained in paragraph sixty-seven of Plaintiffs' Second Amended Complaint.

68.    Defendant denies each and every allegation contained in paragraph sixty-eight of Plaintiffs' Second Amended Complaint.

69.    Defendant denies each and every allegation contained in paragraph sixty-nine of Plaintiffs' Second Amended Complaint.

70.    Defendant denies each and every allegation contained in paragraph seventy of Plaintiffs' Second Amended Complaint.

71.    Defendant denies each and every allegation contained in paragraph seventy-one of Plaintiffs' Second Amended Complaint.

72.    Defendant denies each and every allegation contained in paragraph seventy-two of Plaintiffs' Second Amended Complaint.

73.    Defendant denies each and every allegation contained in paragraph seventy-three of Plaintiffs' Second Amended Complaint.

74.    Defendant denies each and every allegation contained in paragraph seventy-four of Plaintiffs' Second Amended Complaint.

75.    Defendant denies each and every allegation contained in paragraph seventy-five of Plaintiffs' Second Amended Complaint.

76.    Defendant denies each and every allegation contained in paragraph seventy-six of Plaintiffs' Second Amended Complaint.

77.    Defendant denies each and every allegation contained in paragraph seventy-seven of Plaintiffs' Second Amended Complaint.

## VIII.  PRAYER FOR RELIEF AGAINST NUCOR-YAMATO AND/OR NUCOR

78.    Defendant denies the propriety of each and every one of Plaintiffs' requests for relief and denies each and every allegation therein.

## IX. COUNT TWO – CLAIMS AGAINST NUCOR AND NUCOR-BERKELEY ARISING FROM THE HUGER, SOUTH CAROLINA PLANT

79.    Defendant denies that the named South Carolina Plaintiffs properly form a class, and further denies that they are representative of other individuals they seek to represent. Defendant denies that it has engaged in any form of systemic discrimination that would form the basis of a class complaint.  Defendant denies each and every remaining allegation contained in paragraph seventy-nine of Plaintiffs' Second Amended Complaint.

80.    Defendant denies each and every allegation contained in paragraph eighty of Plaintiffs' Second Amended Complaint.

81.    Defendant denies each and every allegation contained in paragraph eighty-one of Plaintiffs' Second Amended Complaint.

82.    Defendant denies each and every allegation contained in paragraph eighty-two of Plaintiffs' Second Amended Complaint, and in particular denies that the numerosity condition is satisfied in this case.

83.    Defendant denies each and every allegation contained in paragraph eighty-three of Plaintiffs' Second Amended Complaint.

84.    Defendant denies each and every allegation contained in paragraph eighty-four of Plaintiffs' Second Amended Complaint.  Defendant denies in particular that the bifurcated method of proof should be utilized in this case.

85.    Defendant denies each and every allegation contained in paragraph eighty-five of Plaintiffs' Second Amended Complaint.

86.    Defendant denies each and every allegation contained in paragraph eighty-six of Plaintiffs' Second Amended Complaint.

87.    The allegations in paragraph eighty-seven are conclusions of law as to which no response is required.  To the extent that a response may be required, Defendant denies these allegations.

## X. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION AGAINST NUCOR-BERKELEY AND/OR NUCOR

88.    Defendant denies that Plaintiff Quinton Brown has ever been employed by Nucor Corporation.  Plaintiff Brown is employed at Nucor Steel-Berkeley.  Defendant denies each and every remaining allegation contained in paragraph eighty-eight of Plaintiffs' Second Amended Complaint.

89.    Defendant admits that in December 2002, Plaintiff Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that he had been denied promotions as a result of racial discrimination.  Defendant denies each and every

remaining allegation contained in paragraph eighty-nine of Plaintiffs' Second Amended Complaint.

90.    Defendant denies each and every allegation contained in paragraph ninety of Plaintiffs' Second Amended Complaint.

91.    Defendant denies that Plaintiff Ramon Roane has ever been employed by Nucor Corporation. Plaintiff Roane is employed at Nucor Steel-Berkeley. Defendant denies each and every remaining allegation contained in paragraph ninety-one of Plaintiffs' Second Amended Complaint.

92.    Defendant denies each and every allegation contained in paragraph ninety-two of Plaintiffs' Second Amended Complaint.

93.    Defendant admits that in March 2002, Plaintiff Roane filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that he had been denied promotions as a result of racial discrimination. Defendant denies each and every remaining allegation contained in paragraph ninety-three of Plaintiffs' Second Amended Complaint.

94.    Defendant denies each and every allegation contained in paragraph ninety-four of Plaintiffs' Second Amended Complaint.

95.    Defendant denies that Plaintiff Alvin Simmons has ever been employed by Nucor Corporation. Plaintiff Simmons is employed at Nucor Steel-Berkeley. Defendant denies each and every remaining allegation contained in paragraph ninety-five of Plaintiffs' Second Amended Complaint.

96.    Defendant denies each and every allegation contained in paragraph ninety-six of Plaintiffs' Second Amended Complaint.

97.    Defendant denies each and every allegation contained in paragraph ninety-seven of Plaintiffs' Second Amended Complaint.

98.    Defendant denies that Plaintiff Sheldon Singletary has ever been employed by Nucor Corporation.    Plaintiff Singletary was employed at Nucor Steel-Berkeley.    Defendant denies each and every remaining allegation contained in paragraph ninety-eight of Plaintiffs' Second Amended Complaint.

99.    Defendant denies each and every allegation contained in paragraph ninety-nine of Plaintiffs' Second Amended Complaint.

100.    Defendant denies each and every allegation contained in paragraph 100 of Plaintiffs' Second Amended Complaint.

101.    Defendant denies each and every allegation contained in paragraph 101 of Plaintiffs' Second Amended Complaint.

102.    Defendant denies that Plaintiff Gerald White has ever been employed by Nucor Corporation.    Plaintiff White is employed at Nucor Steel-Berkeley.    Defendant denies each and every remaining allegation contained in paragraph 102 of Plaintiffs' Second Amended Complaint.

103.    Defendant denies each and every allegation contained in paragraph 103 of Plaintiffs' Second Amended Complaint.

104.    Defendant denies each and every allegation contained in paragraph 104 of Plaintiffs' Second Amended Complaint.

105.    Defendant denies that Plaintiff Jason Guy was employed by Nucor Corporation. Plaintiff Guy was employed at Nucor Steel-Berkeley.    Defendant denies each and every remaining allegation contained in paragraph 105 of Plaintiffs' Second Amended Complaint.

106.    Defendant denies each and every allegation contained in paragraph 106 of Plaintiffs' Second Amended Complaint.

107.    Defendant denies each and every allegation contained in paragraph 107 of Plaintiffs' Second Amended Complaint.

108.    Defendant denies each and every allegation contained in paragraph 108 of Plaintiffs' Second Amended Complaint.

### XI. CLASS CLAIMS AGAINST NUCOR-BERKELEY AND/OR NUCOR

109.    Defendant restates and incorporates by reference its responses to paragraphs 1 through 108 as its response to paragraph 109 of Plaintiffs' Second Amended Complaint.

110.    Defendant denies each and every allegation contained in paragraph 110 of Plaintiffs' Second Amended Complaint.

111.    Defendant denies each and every allegation contained in paragraph 111 of Plaintiffs' Second Amended Complaint.

112.    Defendant denies each and every allegation contained in paragraph 112 of Plaintiffs' Second Amended Complaint.

113.    Defendant denies each and every allegation contained in paragraph 113 of Plaintiffs' Second Amended Complaint.

114.    Defendant denies each and every allegation contained in paragraph 114 of Plaintiffs' Second Amended Complaint.

115.    Defendant denies each and every allegation contained in paragraph 115 of Plaintiffs' Second Amended Complaint.

116.    Defendant denies each and every allegation contained in paragraph 116 of Plaintiffs' Second Amended Complaint.

117.    Defendant denies each and every allegation contained in paragraph 117 of Plaintiffs' Second Amended Complaint.

118.    Defendant denies each and every allegation contained in paragraph 118 of Plaintiffs' Second Amended Complaint.

119.    Defendant denies each and every allegation contained in paragraph 119 of Plaintiffs' Second Amended Complaint.

120.    Defendant denies each and every allegation contained in paragraph 120 of Plaintiffs' Second Amended Complaint.

## XII.  PRAYER FOR RELIEF AGAINST NUCOR-YAMATO AND/OR NUCOR

121.    Defendant denies the propriety of each and every one of Plaintiffs' requests for relief and denies each and every allegation therein.

## XIII. COUNT THREE – CLAIMS AGAINST NUCOR-DECATUR AND/OR NUCOR ARISING FROM THE PLANT IN DECATUR, ALABAMA

122.    Defendant denies that the named Decatur Plaintiff properly forms a class, and further denies that he is representative of other individuals he seeks to represent.  Defendant denies that it has engaged in any form of systemic discrimination that would form the basis of a class complaint.  Defendant denies each and every remaining allegation contained in paragraph 122 of Plaintiffs' Second Amended Complaint.

123.    Defendant denies each and every allegation contained in paragraph 123 of Plaintiffs' Second Amended Complaint.

124.    Defendant denies each and every allegation contained in paragraph 124 of Plaintiffs' Second Amended Complaint.

125.    Defendant denies each and every allegation contained in paragraph 125 of Plaintiffs' Second Amended Complaint, and in particular denies that the numerosity condition is satisfied in this case.

126.    Defendant denies each and every allegation contained in paragraph 126 of Plaintiffs' Second Amended Complaint.

127.    Defendant denies each and every allegation contained in paragraph 127 of Plaintiffs' Second Amended Complaint.  Defendant denies in particular that the bifurcated method of proof should be utilized in this case.

128.    Defendant denies each and every allegation contained in paragraph 128 of Plaintiffs' Second Amended Complaint.

129.    Defendant denies each and every allegation contained in paragraph 129 of Plaintiffs' Second Amended Complaint.

130.    The allegations in paragraph 130 are conclusions of law as to which no response is required.  To the extent that a response may be required, Defendant denies these allegations.

## XIV. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION AGAINST NUCOR-DECATUR AND/OR NUCOR

131.    Defendant denies that Plaintiff Frederick King was employed by Nucor Corporation.  Plaintiff King was employed at Nucor Steel-Decatur, L.L.C.  Defendant denies each and every remaining allegation contained in paragraph 131 of Plaintiffs' Second Amended Complaint.

132.    Defendant denies each and every allegation contained in paragraph 132 of Plaintiffs' Second Amended Complaint.

133.    Defendant denies each and every allegation contained in paragraph 133 of Plaintiffs' Second Amended Complaint.

## XV.  CLASS CLAIMS AGAINST NUCOR-DECATUR AND/OR NUCOR

134.    Defendant restates and incorporates by reference its responses to paragraphs 1 through 133 as its response to paragraph 134 of Plaintiffs' Second Amended Complaint.

135.    Defendant denies each and every allegation contained in paragraph 135 of Plaintiffs' Second Amended Complaint.

136.    Defendant denies each and every allegation contained in paragraph 136 of Plaintiffs' Second Amended Complaint.

137.    Defendant denies each and every allegation contained in paragraph 137 of Plaintiffs' Second Amended Complaint.

138.    Defendant denies each and every allegation contained in paragraph 138 of Plaintiffs' Second Amended Complaint.

139.    Defendant denies each and every allegation contained in paragraph 139 of Plaintiffs' Second Amended Complaint.

140.    Defendant denies each and every allegation contained in paragraph 140 of Plaintiffs' Second Amended Complaint.

141.    Defendant denies each and every allegation contained in paragraph 141 of Plaintiffs' Second Amended Complaint.

142.    Defendant denies each and every allegation contained in paragraph 142 of Plaintiffs' Second Amended Complaint.

143.    Defendant denies each and every allegation contained in paragraph 143 of Plaintiffs' Second Amended Complaint.

144.    Defendant denies each and every allegation contained in paragraph 144 of Plaintiffs' Second Amended Complaint.

145.    Defendant denies each and every allegation contained in paragraph 145 of Plaintiffs' Second Amended Complaint.

## XVI. PRAYER FOR RELIEF AGAINST NUCOR-YAMATO AND/OR NUCOR

146.    Defendant denies the propriety of each and every one of Plaintiffs' requests for relief and denies each and every allegation therein.

## XVII. COUNT FOUR – CLAIMS AGAINST NUCOR-ARKANSAS AND/OR NUCOR ARISING FROM THE PLANT IN ARMOREL, ARKANSAS

147.    Defendant denies that the named Arkansas Plaintiff properly forms a class, and further denies that he is representative of other individuals he seeks to represent.    Defendant denies that it has engaged in any form of systemic discrimination that would form the basis of a class complaint.    Defendant denies each and every remaining allegation contained in paragraph 147 of Plaintiffs' Second Amended Complaint.

148.    Defendant denies each and every allegation contained in paragraph 148 of Plaintiffs' Second Amended Complaint.

149.    Defendant denies each and every allegation contained in paragraph 149 of Plaintiffs' Second Amended Complaint.

150.    Defendant denies each and every allegation contained in paragraph 150 of Plaintiffs' Second Amended Complaint, and in particular denies that the numerosity condition is satisfied in this case.

151.    Defendant denies each and every allegation contained in paragraph 151 of Plaintiffs' Second Amended Complaint.

152.    Defendant denies each and every allegation contained in paragraph 152 of Plaintiffs' Second Amended Complaint.    Defendant denies in particular that the bifurcated method of proof should be utilized in this case.

153.    Defendant denies each and every allegation contained in paragraph 153 of Plaintiffs' Second Amended Complaint.

154.    Defendant denies each and every allegation contained in paragraph 154 of Plaintiffs' Second Amended Complaint.

155.    The allegations in paragraph 155 are conclusions of law as to which no response is required.  To the extent that a response may be required, Defendant denies these allegations.

### XVIII. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION AGAINST NUCOR-ARKANSAS AND/OR NUCOR

156.    Defendant denies each and every allegation contained in paragraph 156 of Plaintiffs' Second Amended Complaint.

157.    Defendant denies each and every allegation contained in paragraph 157 of Plaintiffs' Second Amended Complaint.

### XIX. PRAYER FOR RELIEF AGAINST NUCOR-ARKANSAS AND/OR NUCOR

158.    Defendant denies the propriety of each and every one of Plaintiffs' requests for relief and denies each and every allegation therein.

### XX. COUNT FIVE – CLAIMS AGAINST NUCOR BUILDING SYSTEMS-TEXAS ARISING IN TERRELL, TEXAS

159.    Defendant denies that the named Texas Plaintiff properly forms a class, and further denies that he is representative of other individuals he seeks to represent.  Defendant denies that it has engaged in any form of systemic discrimination that would form the basis of a class complaint.  Defendant denies each and every remaining allegation contained in paragraph 159 of Plaintiffs' Second Amended Complaint.

160.    Defendant denies each and every allegation contained in paragraph 160 of Plaintiffs' Second Amended Complaint.

161.  Defendant denies each and every allegation contained in paragraph 161 of Plaintiffs' Second Amended Complaint.

162.  Defendant denies each and every allegation contained in paragraph 162 of Plaintiffs' Second Amended Complaint, and in particular denies that the numerosity condition is satisfied in this case.

163.  Defendant denies each and every allegation contained in paragraph 163 of Plaintiffs' Second Amended Complaint.

164.  Defendant denies each and every allegation contained in paragraph 164 of Plaintiffs' Second Amended Complaint.  Defendant denies in particular that the bifurcated method of proof should be utilized in this case.

165.  Defendant denies each and every allegation contained in paragraph 165 of Plaintiffs' Second Amended Complaint.

166.  Defendant denies each and every allegation contained in paragraph 166 of Plaintiffs' Second Amended Complaint.

167.  The allegations in paragraph 167 are conclusions of law as to which no response is required.  To the extent that a response may be required, Defendant denies these allegations.

## XXI. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION AGAINST NUCOR BUILDING SYSTEMS-TEXAS

168.  Defendant denies each and every allegation contained in paragraph 168 of Plaintiffs' Second Amended Complaint.

169.  Defendant denies each and every allegation contained in paragraph 169 of Plaintiffs' Second Amended Complaint.

## XXII.  PRAYER FOR RELIEF AGAINST NUCOR BUILDING SYSTEMS-TEXAS

170.    Defendant denies the propriety of each and every one of Plaintiffs' requests for relief and denies each and every allegation therein.

### AFFIRMATIVE DEFENSES

1.    Defendant Nucor Corporation has never employed any of the Plaintiffs and is therefore not a proper Defendant in this action. Defendant Nucor Corporation, therefore, affirmatively asserts that the causes of action against it are frivolous and that it is entitled to attorneys' fees and costs.  Without waiving this affirmative defense, Defendant offers all additional affirmative defenses in the alternative.

2.    This Court is without jurisdiction under 28 U.S.C. §§1331, 1343(4), 42 U.S.C. §1981, and 42 U.S.C. §2000(e) *et seq.*, as Plaintiffs have failed to state claims for which relief can be granted under these statutes.  This Court should therefore dismiss the Second Amended Complaint.  FRCP 12(b)(6).

3.    This Court lacks subject matter jurisdiction over the Plaintiffs' claims, and should therefore dismiss the Second Amended Complaint.  FRCP 12(b)(1).

4.    This Court lacks personal jurisdiction over the Defendant, and should therefore dismiss the Second Amended Complaint.  FRCP 12(b)(2).

5.    Venue is improper under 42 U.S.C. §2000e.  This Court should therefore dismiss the Second Amended Complaint.  FRCP 12(b)(3).

6.    Plaintiffs improperly joined and/or failed to join parties indispensable under Federal Rule of Civil Procedure 19, and this Court should therefore dismiss the Second Amended Complaint.  FRCP 12(b)(7).

7.    Insofar as Plaintiffs seek to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination not listed in any charge, Plaintiffs may not be granted any relief for those incidents of alleged discrimination.

8.    To the extent Plaintiffs have failed to exhaust their administrative remedies, their respective claims for relief are barred.  FRCP 8(c).

9.    To the extent Plaintiffs have failed to institute this action within the time required under the applicable statute of limitations, their claims for relief are barred.  FRCP 8(c).

10.    To the extent Plaintiffs have failed to timely file charges of discrimination with the EEOC and/or any state agency, their claims for relief are barred.

11.    To the extent Plaintiffs have failed to cooperate with the EEOC in its conciliation efforts, their claims for relief are barred.

12.    The employment decisions about which Plaintiffs complain were based on legitimate, non-discriminatory business reasons by their respective employers and not on discriminatory animus.

13.    Plaintiffs' respective employers exercised reasonable care to prevent and promptly correct any alleged harassing behavior and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by their employers or to otherwise avoid harm.  FRCP 8(c).

14.    Even if Plaintiffs could state a claim for relief in this action, Plaintiffs cannot prove actual or punitive damages, and hence can only recover nominal damages if they prevail.

15.    Plaintiffs' prayer for relief must fail to the extent that Plaintiffs have failed to mitigate their damages as required by law.

16.   Plaintiffs claims are subject to damages caps under federal law.

17.   No tangible employment actions were taken against the Plaintiffs by their respective employers.

18.   Plaintiffs' respective employers did not engage in any conduct warranting recovery by Plaintiffs of front pay, back pay, compensatory or punitive damages, attorney's fees, costs or any other form of relief whatsoever.

19.   In the unlikely event that back pay damages are awarded to any Plaintiffs, Plaintiffs' interim earnings, workers' compensation benefits and unemployment compensation benefits received shall operate as an offset to reduce the damages award.

20.   Plaintiffs' respective employers would have made the same employment decisions regarding Plaintiffs irrespective of race.

21.   Plaintiffs' respective employers did not act with malice or reckless disregard to the rights of the Plaintiffs, rendering inappropriate the imposition of any exemplary or punitive damages.

22.   Plaintiffs are entitled to no punitive damages because Plaintiffs' respective employers at all times relevant to Plaintiffs' employment acted in good faith in their efforts to comply with federal anti-discrimination laws, including Title VII of the Civil Rights Act of 1964, as amended, and Section 1981.

23.   Plaintiffs fail to allege any intentional actions by Defendant that had the purpose or effect of discriminating against Plaintiffs or any member of the purported plaintiff class on the basis of race in the making or enforcement of any contract, and the Second Amended Complaint therefore fails to state a claim upon which relief may be granted under both 42 U.S.C. § 1981 and certain portions of Title VII.

24.    Plaintiffs cannot maintain a class action because they lack standing to assert claims on behalf of the putative class and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.   Alternatively, in the event a class is certified, Defendant reserves the right to raise objections as to the scope and content of the class.

25.    Plaintiffs' claims are barred in whole or part by the doctrine of laches, estoppel, waiver, and all other applicable defenses listed in FRCP 8(c).

26.    Any agents or employees of Defendant were not acting within the course and scope of employment when any of the purported discrimination took place and thus Defendant is not liable for alleged intentional acts committed outside the course and scope of employment.

27.    Plaintiffs are precluded from recovering damages under the after-acquired evidence doctrine.

28.    Plaintiffs' respective employers have not engaged in any conduct warranting declaratory relief, injunctive relief, or any other form of relief whatsoever.

29.    The alleged adverse employment decisions about which Plaintiffs complain were made by the same managers and/or supervisors who had previously hired and/or promoted Plaintiff.  Therefore, there was no discriminatory animus.

30.    The alleged discrimination and/or harassment against Plaintiffs is based on nothing more than isolated, stray remarks made by individuals without decision-making authority, and not linked in time to any alleged adverse employment action.

31.    Defendant reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery.   To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant Nucor Corporation prays that the Second Amended Complaint, as supplemented and amended, be dismissed in its entirety, with prejudice, that Defendant be awarded its full attorneys' fees incurred in defending this matter, that it be awarded all costs incurred, including any expert fees, and that it have such other and further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED,

Richard D. Alaniz
Terry E. Schraeder
John K. Linker
Cary A. Farris
Alaniz & Schraeder, L.L.P.
16010 Barker's Point Lane
Suite 500
Houston, Texas  77079
(713) 531-0927
(713) 531-8024 (Facsimile)

D. P. Marshall Jr.
Andrew H. Dallas
Barrett & Deacon
A Professional Association
Union Planters Bank Building
300 South Church Street
Jonesboro, Arkansas 72401
(870) 931-1700
(870) 931-1800 (Facsimile)

By: _____
ATTORNEYS FOR DEFENDANT
NUCOR CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the **DEFENDANT NUCOR CORPORATION'S ANSWER** was served on all parties of record by U. S. mail on this 28th day of July, 2004, as follows:

Philip E. Kaplan
Kaplan, Brewer, Maxey & Haralson, P.A.
415 Main Street
Little Rock, Arkansas  72201

Robert L. Wiggins, Jr.
Ann K. Wiggins
Benjamin J. DeGweck
Wiggins, Childs, Quinn, & Pantazis, P.C.
1400 Southtrust Tower
Birmingham, Alabama  35203

David Sanford
2121 K. Street NW
Suite 700
Washington, D.C.  20037

Grant Morris
7 Dupont Circle NW
Washington, D.C.  20036

D. P. Marshall Jr.

F:\OFFICE31\JAA\DPM\NUCOR\Bennett\Ans Second Amd Complaint.doc

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CORNELIUS BENNETT, QUINTON )
BROWN, RAMON ROANE, )
SYLVESTER ROGERS, ALVIN SIMMONS, )
SHELDON SINGLETARY, STACEY )
WARREN, RODNEY WASHINGTON, )
CLIFTON LEE, SR., OZZIE GREEN, LARRY )
MCBRIDE, GERALD WHITE, JASON GUY )
and  FREDERICK KING, individually and )
on behalf of the class they seek to represent, )
)
    Plaintiffs, )
)
v. )
)
NUCOR CORPORATION; NUCOR-YAMATO )
STEEL COMPANY, L.P.; NUCOR )
STEEL-BERKELEY; NUCOR )
STEEL-DECATUR, L.L.C.; NUCOR STEEL - )
ARKANSAS; and NUCOR BUILDING )
SYSTEMS-TEXAS, )
)
    Defendants. )
)

CASE No. 1:03-CV-1180
CLASS ACTION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 1 9 2004

CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

A TRUE COPY I CERTIFY
CHRISTOPHER R. JOHNSON, C...
U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

## SECOND AMENDED COMPLAINT - CLASS ACTION

I.   *NATURE OF COMPLAINT*

1.   This action is brought by thirteen African-Americans, who are current and former employees of either Nucor Corporation ("Nucor"); Nucor-Yamato Steel Company, L.P. ("Nucor-Yamato"); Nucor Steel-Berkeley ("Nucor-Berkeley"); or Nucor Steel-Decatur, L.L.C. ("Nucor-Decatur"); Nucor Steel-Arkansas ("Nucor-Arkansas"); and Nucor Building Systems-Texas ("Nucor-Texas"). Cornelius Bennett, Clifton Lee Sr.,

1

Sylvester Rogers, Larry McBride, Rodney Washington, Ozzie Green and Stacy Warren, bring claims on their own behalf and in behalf of a putative class against Nucor-Yamato and/or Nucor regarding claims arising from Nucor-Yamato's Blytheville, Arkansas plant.  Stacey Warren also brings claims against Nucor-Arkansas arising from the plant in Armorel, Texas and against Nucor Building Systems-Texas arising from the plant in Terrel, Texas.  Ramon Roane, Quinton Brown, Sheldon Singletary, Gerald White, Alvin Simmons, and Jason Guy, bring claims against Nucor- Berkeley and/or Nucor arising from Nucor-Blytheville's Huyer, South Carolina plant.  Frederick King brings claims against Nucor and/or Nucor-Decatur arising from Nucor-Decatur's plant in Decatur, Alabama.

2.  Cornelius Bennett, Clifton Lee Sr., Sylvester Rogers, Larry McBride, Rodney Washington, Ozzie Green and Stacy Warren (hereinafter "Blytheville, Arkansas plaintiffs"), seek a declaratory judgment that Nucor-Yamato and/or Nucor have engaged in  systemic pattern and practices of racial discrimination in employment opportunities at Nucor-Yamato's plant in Blytheville, Arkansas and that such conduct is unlawful under two statutes: (a) Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e, et seq., and (b) Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. They also seek a permanent injunction and other equitable relief necessary to eliminate the effects of the Nucor-Yamato's and/or Nucor's past and present racial discrimination and prevent such discrimination from continuing to adversely affect their lives and careers, including, but not limited to, affirmative restructuring of the selection

2

procedures, training and other terms and conditions of employment, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. Each such plaintiff further seeks damages, back-pay and other equitable remedies necessary to make themselves and the members of the class which they seek to represent whole.

3.    Ramon Roane, Quinton Brown, Sheldon Singletary, Gerald White, Alvin Simmons, and Jason Guy (hereinafter "South Carolina plaintiffs"), seek a declaratory judgment that Nucor Corporation and Nucor-Berkeley have engaged in systemic pattern and practices of racial discrimination in employment opportunities at the Berkeley facility in Huger, Carolina and that such conduct is unlawful under two statutes: (a) Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e, et seq., and (b) Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. 1981a. They seek a permanent injunction and other equitable relief necessary to eliminate the effects of the Nucor's and/or Nucor-Berkley's past and present racial discrimination and prevent such discrimination from continuing to adversely affect their lives and careers, including, but not limited to, affirmative restructuring of the selection procedures, training and other terms and conditions of employment, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. Each South Carolina plaintiff further seeks damages, back-pay and other equitable remedies necessary to make themselves and the members of the class which they seek to represent whole.

4.    Frederick King seeks a declaratory judgment that Nucor-Decatur and/or Nucor have engaged in systemic pattern and practices of racial discrimination in employment

3

opportunities at the Decatur, Alabama facility and that such conduct is unlawful under two statutes: (a) Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e, et seq., and (b) Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a.  He also seeks a permanent injunction and other equitable relief necessary to eliminate the effects of the Nucor's and/or and Nucor-Decatur's past and present racial discrimination and prevent such discrimination from continuing to adversely affect his life and career, including, but not limited to, affirmative restructuring of the selection procedures, training and other terms and conditions of employment, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. He seeks damages, back-pay and other equitable remedies necessary to make himself and the members of the class which he seeks to represent whole.

5.    Stacey Warren further seeks a declaratory judgment that Nucor-Arkansas and/or Nucor have engaged in systemic pattern and practices of racial discrimination in employment opportunities at Nucor-Arkansas' plant in Armorel, Arkansas facility and that such conduct is unlawful under two statutes: (a) Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e, et seq., and (b) Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. He seeks a permanent injunction and other equitable relief necessary to eliminate the effects of the Nucor-Arkansas's and/or Nucor's past and present racial discrimination and to prevent such discrimination from continuing to adversely affect his life and career, including, but not limited to, affirmative restructuring of the selection

4

procedures, training and other terms and conditions of employment, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. He seeks damages, back-pay and other equitable remedies necessary to make himself and the members of the class which he seeks to represent whole.

6.    Stacey Warren also seeks a declaratory judgment that Nucor and/or Nucor Building Systems-Texas have engaged in systemic pattern and practices of racial discrimination in employment opportunities at the Terrell, Texas facility and that such conduct is unlawful under two statutes: (a) Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. §§2000e, et seq., and (b) Section One of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. §1981a. He seeks a permanent injunction and other equitable relief necessary to eliminate the effects of the Nucor's and/or Building Systems-Texas past and present racial discrimination and prevent such discrimination from continuing to adversely affect his life and/or career, including, but not limited to, affirmative restructuring of the selection procedures, training and other terms and conditions of employment, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. He also seeks damages, back-pay and other equitable remedies necessary to make himself and the members of the class which he seeks to represent whole.

## II.    *JURISDICTION AND VENUE*

7.    This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(4), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§2000e, et seq., as amended.

5

## III. CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

8.  The Plaintiffs have fulfilled all precedent conditions necessary to the institution of this action under Title VII. Plaintiffs' claims arising under 42 U.S.C. §1981 do not require administrative exhaustion.

## IV. PARTIES

### A. Defendants

9.  **Defendant Nucor Corporation** is a corporation doing business in various States , with its corporate headquarters in Charlotte, North Carolina. Nucor is an employer as defined by 42 U.S.C. §2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981, as amended. Nucor maintains either actual or constructive control, oversight, or direction over the operation, including the employment practices of the other defendants.

10. **Defendant Nucor-Yamato Steel Company, L.P.** is a corporation doing business in the State of Arkansas and an employer as defined by 42 U.S.C. §2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981, as amended.

11. **Defendant Nucor Steel-Berkeley**, is a corporation doing business in the State of South Carolina and an employer as defined by 42 U.S.C. §2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981, as amended.

12. **Defendant Nucor Steel-Decatur, L.L.C.,** is a corporation doing business in the State of Alabama. Nucor Steel-Decatur is an employer as defined by 42 U.S.C. §2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981, as amended.

6

13.   **Defendant Nucor Steel-Arkansas,** is a corporation doing business in the State of Arkansas.  Nucor Steel-Arkansas is an employer as defined by 42 U.S.C. §2000e(b). It is also an individual subject to suit under 42 U.S.C. §1981, as amended.

14.   **Defendant Nucor Building Systems-Texas,** is a corporation doing business in the State of Texas. Nucor Building Systems-Texas is an employer as defined by 42 U.S.C. §2000e(b).  It is also an individual subject to suit under 42 U.S.C. §1981, as amended.

B.   *NAMED PLAINTIFFS/CLASS REPRESENTATIVES*

15.   **Named Plaintiff/Class Representative Plaintiff Cornelius Bennett** is an African-American  resident of the State of Tennessee and a citizen of the United States.  At all times material to this action, he has been employed at Nucor-Yamato's plant in Blytheville, Arkansas.

16.   **Named Plaintiff/Class Representative Quinton Brown** is an African-American resident of the State of South Carolina and a citizen of the United States.  At all times material to this action, he has been employed at Nucor-Berkeley's plant in Huger, South Carolina.

17.   **Named Plaintiff/Class Representative Rodney Washington** is an African-American resident of the State of Arkansas and a citizen of the United States.  At all times material to this action, he was employed at Nucor-Yamato's plant in Blytheville, Arkansas.

18.   **Named Plaintiff/Class Representative Clifton Lee, Sr.** is an African-American

resident of the State of Arkansas and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Yamato's facility located in Blytheville, Arkansas.

19.  **Named Plaintiff/Class Representative Ramon Roane** is an African-American resident of the State of South Carolina and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Berkeley's plant located in Huger, South Carolina.

20.  **Named Plaintiff/Class Representative Sylvester Rogers** is an African-American resident of the State of Arkansas and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Yamato's plant located in Blytheville, Arkansas.

21.  **Named Plaintiff/Class Representative Alvin Simmons** is an African-American resident of the State of South Carolina and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Berkeley's plant located in Huger, South Carolina.

22.  **Named Plaintiff/Class Representative Sheldon Singletary** is an African-American resident of the State of South Carolina and a citizen of the United States. He was employed at Nucor-Berkeley's plant located in Huger, South Carolina, from September 1995 until September 2001.

23.  **Named Plaintiff/Class Representative Stacey Warren** is an African-American resident of the State of Arkansas and a citizen of the United States. He applied for

8

and was denied employment at Nucor Building Systems' plant located in Terrell, Texas, Nucor-Arkansas' plant in Armorel, Arkansas and Nucor Yamato's plant in Blytheville, Arkansas.

24. **Named Plaintiff/Class Representative Gerald White** is an African-American resident of the State of South Carolina and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Berkeley's plant located in Huger, South Carolina.

25. **Named Plaintiff/Class Representative Jason Guy** is an African-American resident of the State of South Carolina and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Berkeley's plant located in Huger, South Carolina.

26. **Named Plaintiff/Class Representative Frederick King** is an African-American resident of the State of Alabama and a citizen of the United States. He was employed at Nucor-Decatur's plant located in Decatur, Alabama.

27. **Named Plaintiff/Class Representative Ozzie Green** is an African-American resident of the State of Arkansas and a citizen of the United States. At all times material to this action, he was employed at Nucor-Yamato's plant located in Blytheville, Arkansas.

28. **Named Plaintiff/Class Representative Larry McBride** is an African-American resident of the State of Arkansas and a citizen of the United States. At all times material to this action, he has been employed at Nucor-Yamato's plant located in

Blytheville, Arkansas.

## V. CLASS CERTIFICATION

29.    Racially discriminatory treatment is manifested by such policies and/or patterns or practices as denying African-American applicants positions with the companies and employees desirable job assignments, promotional opportunities, training, and other benefits and conditions of employment on the same terms applied to white employees. In particular, each defendant deters deter African-American employees and/or applicants from seeking promotions and desirable job assignments; fail to select and/or train African-Americans for desirable job assignments; ignore, and in some cases actively supports, racist comments, racist jokes, and racist behavior among its staff; and fails to enforce policies prohibiting racial discrimination.

30.    This action in part seeks to enjoin each defendant from pursuing specific illegal policies and/or practices that have injured and continue to injure plaintiffs and other African-American employees and/or applicants for employment opportunities in all aspects of Defendants' employment operations. Each defendant has created and maintained a system-wide employment policy of race-based disparate treatment, which limits the employment opportunities for African-Americans in various aspects of defendants' employment operation including, but not limited to job selections, training and adverse terms and conditions of employment.

31.    Such illegal policies and practices are premised on an invidious and racially discriminatory animus directed against African-American people and are specifically calculated to deny members of the African-American race equal treatment and

10

opportunities guaranteed by 42 U.S.C. §1981 and Title VII.

32.   Certification of separate classes are sought for each of the five facilities and companies that are the subject of this action. The Blytheville Arkansas plaintiffs seek certification of a class of African-Americans adversely affected by the employment practices at Nucor-Yamato's plant in Blytheville, Arkansas. The South Carolina plaintiffs seek certification of a class of African-Americans adversely affected by the employment practices at Nucor-Berkeley's plant in Huyer, South Carolina. Frederick King seeks certification of a class of African-Americans adversely affected by the employment practices at Nucor-Decatur's plant in Decatur, Alabama. Stacey Warren seeks certification of separate classes for African-Americans adversely affected by the employment practices at: (a) Nucor-Arkansas' plant in Armorel, Arkansas; and (b) Nucor Building Systems-Texas' plant in Terrell, Texas.

## VI.   COUNT ONE - CLAIMS AGAINST NUCOR-YAMATO AND NUCOR ARISING FROM THE BLYTHEVILLE, ARKANSAS PLANT

### A.   CLASS DEFINITION AND COMMON QUESTIONS OF LAW AND FACT

33.   The African-American named plaintiffs/class representatives, Cornelius Bennett, Rodney Washington, Clifton Lee, Sr., Sylvester Rogers, Stacey Warren, Ozzie Green and Larry McBride bring claims on their own behalf of a potential class against Nucor-Yamato and Nucor regarding claims that arise in Blytheville, Arkansas. That class consists of African-Americans who have been subject to one or more aspects of the systemic racial discrimination described in the class claims of this Amended Complaint which include 1) Nucor-Yamato's and/or Nucor's selection procedures,

11

2) racially hostile reputation and working conditions, and 3) unequal terms and conditions of employment. The prosecution of the claims of the named plaintiffs/class representatives requires adjudication of the question common to the putative class: whether the Defendants Nucor and/or Nucor-Yamato have engaged in systemic racial discrimination in its selection and compensation practices and the terms and conditions of work and employment in a manner made unlawful by the statutes under which this action is brought.

34.    The claims of the Blytheville. Arkansas named plaintiffs/class representatives are embedded in common questions of law and fact because defendants Nucor and/or Nucor-Yamato have: 1) prevented African-Americans from learning about or competing for opportunities in jobs traditionally held by white employees; 2) precluded or delayed their hiring and promotion into such jobs; and 3) subjected African-American employees to adverse terms and conditions of employment.

B.    *TYPICALITY OF RELIEF SOUGHT*

35.    The relief necessary to remedy the claims of the Blytheville, Arkansas named plaintiffs/class representatives is the same as that necessary for the class. Such plaintiffs/class representatives seek the following relief for their individual claims and those of the class: 1) a declaratory judgment that the defendants Nucor and/or Nucor-Yamato have engaged in systemic racial discrimination in limiting the employment opportunities of African-Americans to lower classifications; 2) a permanent injunction against such continuing discrimination; 3) restructuring of said defendants' selection procedures so that African-Americans are able to learn about

12

and fairly compete in the future for better classifications, compensation levels, and terms and conditions of employment traditionally enjoyed by white employees; 4) restructuring of said defendants' workforce so that African-Americans are assigned to the classifications, locations and compensation levels they would have now hold in the absence of the defendant Nucor and/or Nucor-Yamato's past racial discrimination; and 5) damages, back pay and other equitable remedies necessary to make the African-American named plaintiffs/class representatives and the class they seek to represent whole from defendant Nucor and/or Nucor Yamato's past discrimination.

## C.    *NUMEROSITY AND IMPRACTICABILITY OF JOINDER*

36.    The persons whom the Blytheville, Arkansas named plaintiffs/class representatives seek to represent are too numerous to make joinder practicable.  The proposed class consists of more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the Nucor-Yamato's facility in Blytheville, Arkansas.    Defendant Nucor-Yamato's and/or Nucor's pattern and practice of racial discrimination also makes joinder impracticable by discouraging African-Americans from applying or pursuing employment opportunities, thereby making it impractical and inefficient to identify many members of the class prior to determination of the merits of such defendant's class-wide liability.

13

### D.   ADEQUACY OF REPRESENTATION

37.   The Blytheville, Arkansas named plaintiffs/class representatives' interests are coextensive with those of the class in that each seeks to remedy Nucor's and/or Nucor-Yamato's discriminatory employment practices so that racially hostile conditions of work will be eradicated and African-Americans will no longer be segregated in unequal positions and prevented from obtaining management and other more desirable positions. Such named plaintiffs/class representatives are able and willing to represent the class fairly and vigorously, as they pursue their common goals through this action. Plaintiffs' counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity.   The combined interest, experience and resources of the Blytheville, Arkansas Plaintiffs and their counsel to litigate competently the individual and class claims of race-based employment discrimination at issue, satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

### E.   EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS

38.   Certification of a class of similarly situated African-Americans is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the Blytheville, Arkansas named plaintiffs/class representatives and the putative class they seek to represent. The individual claims of the Blytheville, Arkansas named plaintiffs/class representatives require resolution of the common question of whether Nucor and/or Nucor-Yamato have engaged in a

14

systemic pattern of racial discrimination against African-Americans. Such plaintiffs/class representatives seek remedies to undo the adverse effects of such discrimination in their own lives, careers and working conditions and to prevent continued racial discrimination in the future. They have standing to seek such relief in part because of the adverse effect that racial discrimination against African-Americans has had on their own interest in working and living in conditions free from the pernicious effects of racial bias and hostility. In order to gain such relief for themselves, as well as for the putative class members, the Blytheville, Arkansas named plaintiffs/class representatives must first establish the existence of systemic racial discrimination as the premise of the relief they seek. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of African-Americans affected by the common question of law and fact is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the Blytheville, Arkansas named plaintiffs/class representatives, the putative class and the defendants. Such plaintiffs/class representatives' individual and class claims are premised upon the traditional bifurcated method of proof and trial for disparate impact and systemic disparate treatment claims of the type at issue in this Amended Complaint. A bifurcated method of proof and trial is the most efficient method of resolving such common issues.

15

*F.    CERTIFICATION IS SOUGHT PURSUANT TO FED.R.CIV.P. 23(b)*

39.    Nucor-Yamato and/or Nucor have acted on grounds generally applicable to the class by adopting and following systemic practices and procedures which are racially discriminatory.

40.    Nucor-Yamato's and/or Nucor's racial discrimination is their standard operating procedure rather than a sporadic occurrence. Such defendants have refused to act on grounds generally applicable to the class by refusing to adopt or follow selection procedures which do not have disparate impact or otherwise do not systemically discriminate against African-Americans and by refusing to establish conditions of work that are not hostile to African-Americans. Their systemic discrimination and refusal to act on grounds that are not racially discriminatory have made appropriate final injunctive relief and corresponding declaratory relief with respect to the putative class as a whole.

41.    Injunctive and declaratory relief are the predominant relief sought because they are both the culmination of the proof of each defendants' individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named plaintiffs/class representatives' and putative class members' entitlement to equitable remedies and legal relief at Stage II of such trial. Declaratory and injunctive relief flow directly and automatically from proof of the common question of law and fact regarding the existence of systemic racial discrimination against African-Americans. Such relief is the factual and legal predicate for the named plaintiffs/class representatives' and putative class members' entitlement to equitable

remedies for individual losses caused by such systemic discrimination.

## VI.    FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION

### A.    THE NAMED PLAINTIFFS/CLASS REPRESENTATIVES

42.    **Named Plaintiff/Class Representative Cornelius Bennett** has been employed at Nucor-Yamato's facility in Blytheville, Arkansas from approximately September, 1993 until the present. He has been employed in the capacity of roll guide builder. During his employment, Bennett has performed his duties and fulfilled his responsibilities in a satisfactory manner. Bennett has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race.

43.    Nucor-Yamato's and/or Nucor's discriminatory practices and procedures have adversely affected Bennett. For example, on or about March 2003, Ed Cables and Mike Dugan, who are white male supervisors, transferred Bennett to another department without his consent. This transfer has resulted in Bennett's salary being reduced by approximately $15,000 per year. Similarly situated white employees were not subjected to the same treatment.

44.    As a result of such discriminatory actions, Bennett has suffered extreme harm.

45.    **Named Plaintiff/Class Representative Sylvester Rogers** has been employed at

17

Nucor-Yamato's facility in Blytheville, Arkansas from approximately April 1996 until the present. He has been employed in the capacity of inspector in the finishing department. During his employment, Rogers has performed his duties and fulfilled his responsibilities in a satisfactory manner. Rogers has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned by being required to work under discriminatory terms and conditions of their employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

46. Such discriminatory selection procedures and discriminatory terms and conditions of employment have adversely affected Rogers. During his employment, Rogers has informed his supervisors that he was interested in being trained and promoted to positions with better opportunities for advancement. Moreover, Nucor-Yamato and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, on or about June 2002, Rogers applied for a piler operator position. Rogers was qualified for the position. Tim Paterson, a white male supervisor, initially refused to give Rogers the position. However, after Rogers received the position, he was not given the necessary training to properly learn the skills and knowledge required for the job. Due to the inadequate training that he received Rogers was

18

transferred back to his former inspector position.  On or about October 2002, Rogers applied for an inspector position in the finishing department (NYS 2).  Although this position involved the same duties as his current position, it offered more hours of work and therefore greater compensation.  Rogers was qualified for the position. Nevertheless, the position was given to Jeff Gallander, a white employee with less seniority and experience than Rogers.  In August 2003, Rogers bid on a hot saw operator position.  Alan Thomas, a white employee, with less seniority and an inferior attendance record was awarded the position. Rogers has personally observed and been subjected to the defendants' tolerance of a racially hostile work environment.  Nucor-Yamato and/or Nucor have tolerated racial slurs and racially derogatory graffiti and conduct  On numerous occasions Defendants have condoned the hanging of nooses in the workplace.

47.    Rogers filed a charge of racial discrimination in January, 2003.  Since the filing of the charge he has been retaliated against by the Defendants.  He has been the target of harassment and intense scrutiny. For example,  In November, 2003 Rogers' supervisor, Darrel Warren, hung a rubber chicken by it's neck five feet form Rogers' work station and walked away laughing.  Rogers asked him to take the chicken down and Warren became extremely angry.  The incident left Rogers very shaken and with the distinct impression that his supervisor was telling him that he could be hung. Rogers was thereafter called into the office of the area manager, Mike Dugan. Rogers was threatened for over two hours by Dugan and Warren regarding why he believed that race discrimination existed at the Blytheville facility and questioned

19

about if he had filed EEOC charges against the company. Rogers was told the only way he could advance was to "keep his mouth shut." He was also told not to mention that his supervisor had hung the chicken to anyone. On December 20, 2003, a white employee told him over a radio that he could "get a hanging."

48.    As a result of such discriminatory actions, Rogers has suffered extreme harm.

49.    **Named Plaintiff/Class Representative Stacey Warren** has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being considered for employment. On September 26, 2003, Warren applied for an entry position at Nucor-Yamato's facilities located in Blytheville, Arkansas. Warren called each plant and spoke with a representative in the Human Resources Department at each plant to confirm receipt of his resume. Since that time, Warren has not received any further communications from the Defendant about his applications. Upon information and belief, white employees who are less qualified that Warren have been hired.

50.    Such discriminatory selection procedures have adversely affected Warren. Moreover, Defendants have routinely hired white applicants to vacant positions over African-American employees of comparable or more extensive experience.

51.    As a result of the foregoing discriminatory actions, Warren has suffered extreme harm.

52.    **Named Plaintiff/Class Representative Plaintiff Rodney Washington** was employed at Nucor-Yamato's facility in Blytheville, Arkansas from June 1993 until he was discharged. His final position at the Blytheville facility was in the capacity

of a piler operator. During his employment , Washington has performed his duties and fulfilled his responsibilities in a satisfactory manner. Washington was adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by not being provided training available to similarly situated white employees; by being required to work in conditions in which he and other members of his race were demeaned ; and by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race.

53.    Such discriminatory selection procedures have adversely affected Washington. During his employment, Washington has informed his supervisors that he was interested in training and being promoted to positions with better opportunities for advancement. Moreover, Nucor-Yamato and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, on or about September 2002, Washington applied for the position of lubricator in the maintenance department. He was qualified for the position. Nevertheless, the position was given to Mike Smith, a white employee, who was equally or less qualified than Washington Washington was subjected to a work environment that tolerates the use of racial slurs and adverse terms and conditions of employment.

54.    Washington was wrongfully terminated because of his race and in retaliation for his opposition to racial discrimination. Washington had complained about racial

21

discrimination on numerous occasions. Washington was continually harassed by a white co-worker, Robert Despain. Washington reported the harassment to Doug Stacey and Doug Patterson, his supervisors. Doug Stacey told Washington that he had heard Despain refer to African-Americans as "lazy ass working class niggers." Stacey had never reported this comment to management. Despain also wrote a racist email that was sent over the Defendants' email system. Washington was suspended after Despain started a fight with him. Washington wrote a letter protesting his suspension because he believed it was racially motivated. After receiving the letter, the department manager threatened Washington for making the allegations and told him that he would be "in trouble" if he could not prove them. At a meeting with the department manager and the plant manager, Washington produced a tape recording of the conversation he had with Doug Stacey. The plant manager became angry and threatened Washington. The plant manager confiscated the tape and refused to return it. In the months prior to his termination, Washington was required to work under both Stacey and Despain. Washington was terminated after he had a verbal altercation with Stacey.

55.    As a result of such discriminatory actions, Washington has suffered extreme harm.

56.    **Named Plaintiff/Class Representative Clifton Lee, Sr.** has been employed at Nucor-Yamato's facility in Blytheville, Arkansas. Lee has performed his duties and fulfilled his responsibilities in a satisfactory manner. Lee has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white

22

job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

57.    Such discriminatory practices and  procedures have adversely affected Lee.  During his employment, Lee  has informed his supervisors that he was interested in being promoted to positions with better opportunities for advancement.  Moreover, Nucor-Yamato and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience.  Lee has been subjected to discriminatory terms and conditions of employment.  He and other African-American employees have been subjected to greater discipline and scrutiny than white employees.  He and other African-American employees have been subjected to verbal harassment by white supervisors.  Such defendants tolerate the use of racial slurs and racist jokes and behavior. For example, Lee was confronted at work by two white employees with a burning cross.  Lee reported this to his supervisor, Ed Cable, but Cable took no action.  Nucor-Yamato and/or Nucor sell headbands with the confederate flag on it from the company store.

58.    Lee has been subjected to retaliation and racial discrimination regarding his selection for downgrading/ demotion.  In March 2003, Ed Cable and Mike Dugan, white male supervisor, downgraded Lee from the second crew leader in NYS 2 to the position of roll shop employee in NYS 1.  The demotion resulted in Lee earning $17,000

23

dollars less than he earned in his prior position.   Less senior white employees were not downgraded/demoted.

59.   As a result of such discriminatory actions, Lee has suffered extreme harm.

60.   **Named Plaintiff/Class Representative Ozzie Green** was employed  at Nucor-Yamato's facility in Blytheville, Arkansas Nucor from September 1992 until recently   During his employment, Green performed his duties and fulfilled his responsibilities in a satisfactory manner.   Green has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

61.   Such discriminatory selection procedures and discriminatory terms and conditions of employment have adversely affected Green.   During his employment, Green has informed his supervisors that he was interested in being trained and promoted to positions with better opportunities for advancement.   Moreover, Nucor-Yamato and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience.   For example, on or about November 2003, Green applied for a roll builder job.   He was qualified for the position.   A white employee form another mill was awarded the

24

positions. Green had been cross-training on the position and the white person selected had no experience in the process. In 2001, he applied for a lead person position but and was not selected. White persons of equal or lower qualifications were awarded the position. Green has observed white supervisors provide white employees with the answers to tests. The black employees on the supervisors crews were not provided the answers and did not score as well as the white employees. Such defendants used the test scores to award positions to the white employees. Green has personally observed and been subjected to the Defendants' tolerance of a racially hostile work environment. Nucor-Yamato and/or Nucor have tolerated racial slurs and racially derogatory graffiti and conduct. For example, black employees were assigned the dirtiest and most dangerous positions that no other employees would take. Such defendants also tolerate racial jokes and graffiti. Green has observed nooses drawn on the bathroom walls; that confederate flags are prominently displayed and sold by the company on company equipment.

62.    As a result of such discriminatory actions, Green has suffered extreme harm.

63.    **Named Plaintiff/Class Representative Larry McBride** is employed at Nucor-Yamato's facility in Blytheville, Arkansas. During his employment, McBride has performed his duties and fulfilled his responsibilities in a satisfactory manner. McBride has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being

25

required to work under discriminatory terms and conditions of employment,
including being required to endure racial hostilities directed at himself and members
of his race; and by not being provided training available to similarly situated white
employees.

64.    Such discriminatory selection procedures and discriminatory terms and conditions
of employment have adversely affected McBride. During his employment McBride
has informed his supervisors that he was interested in being trained and promoted to
positions with better opportunities for advancement. Moreover, Nucor-Yamato
and/or Nucor have routinely promoted white employees to vacant positions over
African-American employees of comparable or more extensive experience. For
example, in the year 2000, McBride bid on a cold saw operator position on the A
crew. At the time McBride was working on the D crew. McBride was told he was
not eligible for the position because he had not been with the company for one year.
McBride has observed that the requirement that an employee work for one year
before they can bid for a higher position applies almost exclusively to black
employees. At the time of his application, McBride was working in the 1 -Bed. I-
Bed positions are held predominately by black employees because the position
requires prolonged standing, flipping steel beams and working in extreme cold and
heat. The cold saw operator position is a predominately white position. In fact, the
cold saw pulpit is referred to as the "White House." During the same year that
McBride was told he was ineligible for the cold saw operator position, a white
employee, Steve Berry, was hired and quickly elevated with in a matter of months

26

to the cold saw operator position. McBride has been told that if he wanted to cross-train for positions he would have to come in on his days off. McBride has observed white employees cross-training during their normal working hours. There are numerous other example of white employees who were less qualified than McBride who have moved into higher positions for which McBride applied and was qualified.

65.    As a result of such discriminatory actions, McBride has suffered extreme harm.

**VII.    *CLASS CLAIMS AGAINST NUCOR-YAMATO AND/OR NUCOR***

**A. DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000(e), et seq., AS
AMENDED, AND THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981, AS AMENDED
CLAIMS FOR DECLARATORY, INJUNCTIVE, AND OTHER EQUITABLE RELIEF**

66.    The Blytheville, Arkansas named plaintiffs/class representatives restate and incorporate by reference Paragraphs 1 through 65 above as part of this Count of the Amended Complaint against Nucor-Yamato and/or Nucor.

67.    Such African-American named plaintiffs/class representatives and the class they seek to represent have been subject to systemic racial discrimination including, but not limited to, a pattern and practice of intentional discrimination and a battery of practices having unlawful disparate impact on their employment opportunities. The challenged racial discrimination includes a policy and practice of restricting African-Americans' employment opportunities to the lower classification and compensation levels. The systemic means of accomplishing such racial discrimination include, but are not limited to, Nucor-Yamato's and/or Nucor's selection procedures, racially hostile reputation and conditions of work, and unequal terms and conditions of

27

employment.

68.  Such selection and compensation procedures incorporate the following racially discriminatory practices: 1) reliance upon subjective procedures and criteria which permit and encourage the incorporation of racial stereotypes and bias of a predominantly white managerial staff; 2) refusal to establish or follow policies, procedures, or criteria that reduce or eliminate disparate impact and/or intentional racial bias or stereotypes in decisionmaking; 3) refusal to post or announce vacancies or employment opportunities in a manner that allows African-Americans to learn about such opportunities and compete for them before they are filled by white employees or applicants; 5) pre-selection of whites before vacancies or opportunities become known; and 7) discouragement of applications and expressions of interest by African-Americans through a reputation for racial bias, racially hostile conditions of work, and unequal terms and conditions of employment in such areas as work hours and position assignments.

69.  Nucor-Yamato's and/or Nucor's selection procedures have a disparate impact on the individual African-American Plaintiffs and the class they represent regarding claims arising in Arkansas.  Such procedures are not valid, job related or justified by business necessity.  There are objective and structured selection procedures available which have less disparate impact on African-Americans and equal or greater validity and job relatedness, but they not been considered.

70.  Such selection procedures are intended to have a disparate impact on the Arkansas named plaintiffs/class representatives and the class they seek to represent.

71.    The Blytheville, Arkansas plaintiffs and the class they seek to represent have been adversely affected by such practices in various way, but is not limited to, the following: not hiring or promoting African-Americans in traditionally white classification and compensation levels; assigning African-Americans to inferior work hours and other unequal terms and conditions of employment; and encouraging or ratifying racially hostile conditions of work and racially demeaning stereotypes regarding the capabilities, motivation and interests of African-Americans.

72.    Nucor-Yamato and/or Nucor have also continuously engaged in, condoned and ratified discrimination which constitutes a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended, and 42 U.S.C. §1981, as amended.

73.    The Blytheville, Arkansas Plaintiffs have no plain, adequate, or complete remedy of law to redress the wrongs alleged herein, and this suit for back-pay, an injunction other equitable relief, and a declaratory judgment is their only means of securing adequate equitable relief. Such Plaintiffs are now suffering and will continue to suffer irreparable injury from the challenged policies and practices as set forth herein unless enjoined by this Court.

74.    By reason of Nucor-Yamato's and/or Nucor's discriminatory employment practices, the Blytheville, Arkansas Plaintiffs have experienced harm, including loss of compensation, back and front pay, and other employment benefits.

29

## B.  CLAIMS FOR NOMINAL, COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 23(B)(3)

75.  The common issues of fact and law affecting the claims of the Representative Plaintiffs and proposed class members, including, but not limited to, the common issues identified in paragraphs 1-74 above, predominate over any issues affecting only individual claims.

76.  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Blytheville, Arkansas named Plaintiffs and members of the putative class.

77.  The cost of proving Nucor-Yamato's and/or Nucor's pattern or practice of discrimination makes it impracticable for the Blytheville, Arkansas named Plaintiffs and members of the proposed class to prosecute their claims individually.

## VIII.  *PRAYER FOR RELIEF AGAINST NUCOR-YAMATO AND/OR NUCOR FOR CLAIMS ARISING FROM THE BLYTHEVILLE, ARKANSAS PLANT*

78.  Wherefore, the Blytheville, Arkansas Plaintiffs on behalf of themselves and the class members whom they seek to represent request the following relief:

a.  Acceptance of jurisdiction of this cause;

b.  Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23 (a) and (b)(2), on behalf of the proposed plaintiff class, and designation of such Plaintiffs as representatives of the class and their counsel of record as class counsel;

c.  A declaratory judgment that Nucor-Yamato's and/or Nucor's employment practices challenged herein are illegal and in violation of Title VII and 42

30

U.S.C. §1981;

d.    A temporary and permanent injunction against Nucor-Yamato and/or Nucor and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and retaliation by such defendants set forth herein;

e.    An Order requiring Nucor-Yamato and/or Nucor to initiate and implement programs that provide (i) equal employment opportunities for African-American employees; (ii) remedy the effect of such Defendants' past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory and retaliatory practices described above;

f.    An Order requiring Nucor-Yamato and/or Nucor to initiate and implement systems of assigning, training, transferring, compensating, and promoting African-American employees in a non-discriminatory manner;

g.    An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

h.    An Order restoring the Blytheville, Arkansas Plaintiffs and the class they seek

31

to represent to those jobs they would now be occupying but for Nucor-Yamato's and/or Nucor's discriminatory practices;

i.  An Order directing Nucor-Yamato and/or Nucor to adjust the wage rates and benefits for the Blytheville, Arkansas Plaintiffs and the class they seek to represent to the level that they would be enjoying but for such defendants' discriminatory practices;

j.  An award of back pay; front pay; lost job benefits; preferential rights to jobs, and other equitable relief for the Blytheville, Arkansas Plaintiffs and the class they seek to represent;

k.  An award of nominal, compensatory and punitive damages for all legal relief sought in this complaint

l.  An award of litigation costs and expenses, including reasonable attorney's fees to the Blytheville, Plaintiffs and class members;

m.  Prejudgment interest; and

n.  Such other and further relief as the Court may deem just and proper.

## VI.  COUNT TWO - CLAIMS AGAINST NUCOR AND NUCOR-BERKELEY ARISING FROM THE HUGER, IN SOUTH CAROLINA PLANT

### A.  CLASS DEFINITION AND COMMON QUESTIONS OF LAW AND FACT

79.  The African-American named plaintiffs/class representatives, Quinton Brown, Ramone Roane, Alvin Simmons, Sheldon Singletary, Gerald White and Jason Guy are members of the class they seek to represent and bring this suit against Nucor-Berkeley and/or Nucor for claims arising at the Huger, South Carolina plant. That class consists of African-Americans who have been subject to one or more aspects

of the systemic racial discrimination described in the class claims of this Amended Complaint which include 1) Nucor's and/or Nucor-Berkeley's selection procedures, 2) racially hostile reputation and working conditions, and 3) unequal terms and conditions of employment. The prosecution of the claims of the named plaintiffs/class representatives requires adjudication of the question common to the putative class: whether Defendants Nucor and/or Nucor-Berkeley have engaged in systemic racial discrimination in its selection and compensation practices and the terms and conditions of work and employment in a manner made unlawful by the statutes under which this action is brought.

80. The claims of the named plaintiffs/class representatives are embedded in common questions of law and fact because defendants Nucor and/or Nucor-Berkeley have 1) prevented African-Americans from learning about or competing for opportunities in jobs traditionally held by white employees; 2) precluded or delayed their hiring and promotion into such jobs; and 3) subjected African-American employees to adverse terms and conditions of employment.

B.    *TYPICALITY OF RELIEF SOUGHT*

81. The relief necessary to remedy the claims of the South Carolina named plaintiffs/class representatives is the same as that necessary for the class. Such plaintiffs/class representatives seek the following relief for their individual claims and those of the class: 1) a declaratory judgment that the defendants Nucor and/or Nucor-Berkeley have engaged in systemic racial discrimination in limiting the employment opportunities of African-Americans to lower classifications; 2) a

permanent injunction against such continuing discrimination; 3) restructuring of said defendants' selection procedures so that African-Americans are able to learn about and fairly compete in the future for better classifications, compensation levels, and terms and conditions of employment traditionally enjoyed by white employees; 4) restructuring of said defendants' workforce so that African-Americans are assigned to the classifications, locations and compensation levels they would have now hold in the absence of defendant Nucor's and/or Nucor-Berkeley's past  racial discrimination; and 5) damages, back pay and other equitable remedies necessary to make the South Carolina African-American named plaintiffs/class representatives and the class they seek to represent whole from defendant Nucor's and Nucor Berkeley's past discrimination.

## C.  *NUMEROSITY AND IMPRACTICABILITY OF JOINDER*

82.  The persons whom South Carolina named plaintiffs/class representatives seek to represent are too numerous to make joinder practicable.  The proposed class consists of more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the Nucor-Berkeley's and/or Nucor's facilities in the State of South Carolina.  Defendant Nucor's and/or Nucor-Berkeley's pattern and practice of racial discrimination also makes joinder impracticable by discouraging African-Americans from applying or pursuing employment opportunities, thereby making it impractical and inefficient to identify many members of the class prior to determination of the merits of such defendants' class-wide liability.

34

### D.    ADEQUACY OF REPRESENTATION

83.    The named South Carolina plaintiffs/class representatives' interests are coextensive with those of the class in that each seeks to remedy Nucor-Berkeley and/or Nucor's discriminatory employment practices so that racially hostile conditions of work will be eradicated and African-Americans will no longer be segregated in unequal positions and prevented from obtaining management and other more desirable positions. Such named plaintiffs/class representatives are able and willing to represent the class fairly and vigorously, as they pursue their common goals through this action. Plaintiffs' counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity. The combined interest, experience and resources of the South Carolina Plaintiffs and their counsel to litigate competently the individual and class claims of race-based employment discrimination at issue, satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

### E.    EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS

84.    Certification of a class of similarly situated African-Americans is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the South Carolina named plaintiffs/class representatives and the putative class. The claims of such South Carolina plaintiffs/class representatives require resolution of the common question of whether Nucor-Berkeley and/or Nucor have engaged in a systemic pattern of racial discrimination

35

against African-Americans. Such plaintiffs/class representatives seek remedies to undo the adverse effects of such discrimination in their own lives, careers and working conditions and to prevent continued racial discrimination in the future. The named South Carolina plaintiffs/class representatives have standing to seek such relief in part because of the adverse effect that racial discrimination against African-Americans has had on their own interest in working and living in conditions free from the pernicious effects of racial bias and hostility. In order to gain such relief for themselves, as well as for the putative class members, such plaintiffs/class representatives must first establish the existence of systemic racial discrimination as the premise of the relief they seek. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of African-Americans affected by the common question of law and fact is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the named South Carolina plaintiffs/class representatives, the putative class and the defendants. The South Carolina named plaintiffs/class representatives' individual and class claims are premised upon the traditional bifurcated method of proof and trial for disparate impact and systemic disparate treatment claims of the type at issue in this Amended Complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

36

*F.*    *CERTIFICATION IS SOUGHT PURSUANT TO FED.R.CIV.P. 23(b)*

85.    Nucor-Berkeley and/or Nucor have acted on grounds generally applicable to the class
        by adopting and following systemic practices and procedures which are racially
        discriminatory.

86.    Nucor-Berkeley's and/or Nucor's racial discrimination is their standard operating
        procedure rather than a sporadic occurrence. Such defendants have refused to act on
        grounds generally applicable to the class by refusing to adopt or follow selection
        procedures which do not have disparate impact or otherwise do not systemically
        discriminate against African-Americans and by refusing to establish conditions of
        work that are not hostile to African-Americans. Nucor-Berkeley's and/or Nucor's
        systemic discrimination and refusal to act on grounds that are not racially
        discriminatory have made appropriate final injunctive relief and corresponding
        declaratory relief with respect to the putative class as a whole.

87.    Injunctive and declaratory relief are the predominant relief sought because they are
        both the culmination of the proof of Nucor-Berkeley's and/or Nucor's individual and
        class-wide liability at the end of Stage I of a bifurcated trial and the essential
        predicate for the named plaintiffs/class representatives' and putative class members'
        entitlement to equitable remedies and legal relief at Stage II of such trial. Declaratory
        and injunctive relief flow directly and automatically from proof of the common
        question of law and fact regarding the existence of systemic racial discrimination
        against African-Americans. Such relief is the factual and legal predicate for the
        named South Carolina plaintiffs/class representatives' and putative class members'

37

entitlement to equitable remedies for individual losses caused by such systemic discrimination.

**VI.**   *FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION*

    **A.**   *THE NAMED PLAINTIFFS/CLASS REPRESENTATIVES*

88.   **Named Plaintiff/Class Representative Quinton Brown** has been employed at Nucor-Berkeley's and/or Nucor's Huger, South Carolina facility from approximately July 1998 until the present. He has been employed in the capacity of furnace operator. During his employment, Brown has performed his duties and fulfilled his responsibilities in a satisfactory manner. Brown has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race. The challenged practices have directly effected Brown. Nucor-Berkeley and/or Nucor has routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, in approximately May 2002, Brown applied for a control pulpit operator position. Brown was qualified for the position. The position was awarded to Blake Murray, a white male employee, with less experience than Brown. Brown has personally observed and been subjected to the Defendants' tolerance of a racially hostile work environment. For example, in

38

2001, Brown was called "Dan" by a white co-employee. When Brown asked the co-employee why he had called him "Dan," the co-employee told Brown that it referred to "dumb ass nigger." Brown reported the slur to a white supervisor, Paul Ferguson. Ferguson told Brown that he (Ferguson) could do nothing about the slur because he (Ferguson) had not heard the white employee make the comment. Nucor-Berkeley and/or Nucor have tolerated other racially offensive comments and paraphernalia. Nucor-Berkeley and/or Nucor allow white employees to prominently display the confederate flag on clothing and toolboxes. A white supervisor has referred to Brown as a "boy."

89.     On or about December 2002, Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that he had been denied promotions as a result of racial discrimination. Since the filing of his Charge of Discrimination, Brown has suffered retaliation. On March 28, 2003, Brown notified Nucor-Berkeley and/or Nucor that he was sick and was unable to report to work. Brown followed all the proper procedures in reporting his absence.    Nevertheless, he was given disciplinary write-ups and a suspension by such defendants in retaliation for filing a Charge of Discrimination.

90.     As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, Brown has suffered extreme harm.

91.     **Named Plaintiff/Class Representative Ramon Roane** has been employed at Nucor-Berkeley's and/or Nucor's Huger, South Carolina from approximately April 1996 until the present. He has been employed in the capacity of coiler operator and

39

control pulpit operator. During his employment, Roane has performed his duties and fulfilled his responsibilities in a satisfactory manner. Roane has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory the terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

92.    Nucor-Berkeley's and/or Nucor's discriminatory selection procedures and adverse terms and conditions of employment have adversely affected Roane. During his employment Roane, informed his supervisors that he was interested in being promoted to positions with better opportunities for advancement. Moreover, Nucor-Berkeley and/or Nucor routinely promote white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, Roane applied for two positions, rolling mill supervisor and mill adjuster. Roane was qualified for both positions. The positions were given to white employees with less seniority and experience than Roane. Roane has personally observed and been subjected to the such defendants' tolerance of a racially hostile work environment. For example, Roane is aware of Nucor-Berkeley and/or Nucor condoning the use of its email system to send racially demeaning comments and photographs. Nucor-Berkeley and/or Nucor have tolerated other racially offensive

40

comments and paraphernalia.

93.  On or about March 2002, Roane filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that he had been denied promotions as a result of racial discrimination. Since that time, Roane has suffered retaliation. On September 23, 2002, Roane committed a minor error at work which resulted in no damage. However, Paul Nowlin, a white male supervisor, gave Roane a written disciplinary action even though white operators have made similar mistakes for which they have not been disciplined.

94.  As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, Roane has suffered extreme harm.

95.  **Named Plaintiff/Class Representative Plaintiff Alvin Simmons** has been employed at Nucor Berkeley's and/or Nucor's facility in Huger, South Carolina from 1998 until the present. He has been employed in the capacity of shipping table operator and stacker inspector. During his employment, Simmons has performed his duties and fulfilled his responsibilities in a satisfactory manner. Simmons has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being considered for traditionally white job classifications at the time he applied for employment; by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members

41

of his race; and by not being provided training available to similarly situated white employees.

96. Nucor-Berkeley's and/or Nucor's discriminatory selection procedures have adversely affected Simmons. During his employment, Simmons has informed his supervisors that he was interested in being trained and promoted to positions with better opportunities for advancement. Moreover, Nucor-Berkeley and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, on or about March 2002, Simmons applied for three positions: stacker operator, mill inspector and control pulpit operator. Simmons was qualified for all three positions. Nevertheless, these positions were given to three white employees, who were equally or less qualified than Simmons. Simmons was also never given the opportunity to train during his shift. White employees, in contrast, are allowed to train during their regular shifts.

97. As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, Simmons has suffered extreme harm.

98. **Named Plaintiff/Class Representative Plaintiff Sheldon Singletary** was employed at Nucor-Berkeley's and/or Nucor's Huger, South Carolina facility from September 1995 until September 2001. He was employed as a collier operator. During his employment, Singletary performed his duties and fulfilled his responsibilities in a satisfactory manner. Singletary has been adversely affected by the challenged systemic practices and pattern of racial discrimination by being able to learn about

42

or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by not being provided training available to similarly situated white employees; and by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race.

99.	Nucor-Berkeley's and/or Nucor's discriminatory practices and procedures have adversely affected Singletary. During his employment, Singletary informed his supervisors that he was interested in being promoted to positions with better opportunities for advancement. Moreover, Nucor-Berkeley and/or Nucor routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, Singletary applied for several promotions. He was qualified for those positions. Nevertheless, those positions were always given to white employees with less seniority and experience than Singletary. Singletary trained some of the white employees, who were given the positions for which Singletary applied. Furthermore, white employees were allowed to train "on the job" during their normal working hours whereas African-American employees were only allowed to train on their days off. Singletary has personally observed that the plant in which he works is disproportionately white. Singletary has been subjected to a work environment that tolerates the use of racial slurs and prominent displays of the confederate flag.

100.	Nucor-Berkeley and/or Nucor retaliated against Singletary for opposing racial

43

discrimination. On July 8, 2001, Singletary requested a leave of absence under the Family Medical Leave Act ("FMLA") because of a family emergency. During a meeting with his supervisor, Singletary stated that there was racism at the plant and that African-American employees were treated as "second class citizens." Shortly thereafter, Singletary was told that he did not qualify for the FMLA and that he would be discharged if he did not return to work. Singletary was unable to return to work and was discharged by such defendants.

101.    As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, Singletary has suffered extreme harm.

102.    **Named Plaintiff/Class Representative Plaintiff Gerald White** has been employed at Nucor-Berkeley's and/or Nucor's Huger, South Carolina facility since July 1998 until the present. He has been employed in the capacity of guide builder/welder. During his employment, White has performed his duties and fulfilled his responsibilities in a satisfactory manner. White has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities members of his race.

103.    Nucor-Berkeley's and/or Nucor's discriminatory practices and procedures have adversely affected White. During his employment, White has informed his

44

supervisors that he was interested in being promoted to positions with better opportunities for advancement. Moreover, Nucor-Berkeley and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience. For example, White applied for a roll shop supervisor position in 2001. Said defendants selected Jerry Herman, a less qualified white employee for the position. Herman had been previously demoted and had never worked in the roll shop department. White was required to train Herman in the roll shop operation. White has personally observed that the plant in which he works is disproportionately white despite the fact that it is located in a predominately black neighborhood. White has been subjected to discriminatory working conditions. Throughout much of 2000, White's crew worked the day shift, which was helpful for White. White's wife was hospitalized for three months and working the day shift enabled White to be with his wife in the evenings. In September 2002, White's crew was re-organized, and White was assigned to work a swing shift that included working during evening hours. White asked Chris Anderson, a white supervisor, to return to his day shift because his wife was hospitalized. Anderson refused to accommodate his schedule. Upon information and belief, white employees are provided special treatment and their schedules are accommodated by Nucor-Berkeley and/or Nucor. White has told the plant manager than he believed racism existed at the plant.

104.    As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, White has suffered extreme harm.

45

105. **Named Plaintiff/Class Representative Jason Guy** has been employed at Nucor-Berkeley's and/or Nucor's Huger, South Carolina facility  since 1996 until the present. He has been employed in the capacity of saw operator and stacker. During his employment, Guy has performed his duties and fulfilled his responsibilities in a satisfactory manner. Guy has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being considered for traditionally white job classifications at the time he applied for employment; by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

106. Nucor-Berkeley's and/or Nucor's discriminatory procedures have adversely affected Guy.   During his employment, Guy has informed his supervisors that he was interested in being promoted to positions with better opportunities for advancement. Moreover, Nucor-Berkeley's and/or Nucor have routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience.  In approximately May, 2003,  Guy applied for a promotion that was awarded to a white employee.

107. In June 2003, Guy was wrongfully disciplined and terminated  because of his race and in retaliation for his opposition to racial discrimination.  Guy filed a charge of

46

discrimination in December 2002 alleging race discrimination against Nucor-Berkeley and/or Nucor. In March 2003, Guy was subjected to disparate disciplinary treatment. Guy's team of fellow employees was accidentally involved in an incident at work. Five of the employees, all of whom are white, were disciplined by receiving only a write-up. However, Guy received the more severe disciplinary action of a suspension.

108.    As a result of Nucor-Berkeley's and/or Nucor's discriminatory actions, Guy has suffered extreme harm.

VII.    *CLASS CLAIMS AGAINST NUCOR-BERKELEY AND NUCOR ARISING FROM THE HUGER, SOUTH CAROLINA PLANT*

### A. DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000(e), et seq., AS AMENDED, AND THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981, AS AMENDED CLAIMS FOR DECLARATORY, INJUNCTIVE, AND OTHER EQUITABLE RELIEF

109.    The named South Carolina plaintiffs/class representatives restate and incorporate by reference Paragraphs 1 through 108 above as part of this Count of the Amended Complaint.

110.    The South Carolina plaintiffs/class representatives and the class they seek to represent have been subject to systemic racial discrimination including, but not limited to, a pattern and practice of intentional discrimination and a battery of practices having unlawful disparate impact on their employment opportunities. Such racial discrimination includes a policy and practice of restricting African-Americans' employment opportunities to the lower classification and compensation levels. The systemic means of accomplishing such racial discrimination include, but are not

47

limited to, Nucor-Berkeley's and/or Nucor's selection procedures, racially hostile reputation and conditions of work, and unequal terms and conditions of employment.

111.    Nucor-Berkeley's and/or Nucor's selection and compensation procedures incorporate the following racially discriminatory practices: 1) reliance upon subjective procedures and criteria which permit and encourage the incorporation of racial stereotypes and bias of such defendants' predominantly white managerial staff; 2) refusal to establish or follow policies, procedures, or criteria that reduce or eliminate disparate impact and/or intentional racial bias or stereotypes in such defendants' decision making process; 3) refusal to post or announce vacancies or employment opportunities in a manner that allows African-Americans to learn about such opportunities and compete for them before they are filled by white employees or applicants; 5) pre-selection of whites before vacancies or opportunities become known; and 7) discouragement of applications and expressions of interest by African-Americans through a reputation for racial bias, racially hostile conditions of work, and unequal terms and conditions of employment in such areas as work hours and position assignments.

112.    Nucor-Berkeley's and/or Nucor's selection have a disparate impact on the individual African-American South Carolina Plaintiffs and the class they represent. Such procedures are not valid, job related or justified by business necessity. There are objective and structured selection procedures available to Nucor-Berkeley and/or Nucor which have less disparate impact on African-Americans and equal or greater validity and job relatedness, but such defendants have refused to consider or to use

48

such procedures.

113. Nucor-Berkeley's and/or Nucor's selection procedures are intended to have a disparate impact on the named South Carolina plaintiffs/class representatives and the class they seek to represent.

114. Nucor-Berkeley's and/or Nucor's selection procedures have adversely affected the named South Carolina plaintiffs/class representatives and the class they seek to represent, including but not limited to, the following: not hiring or promoting African-Americans in the traditionally white classification and compensation levels; assigning African-Americans to inferior work hours and other unequal terms and conditions of employment; and encouraging or ratifying racially hostile conditions of work and racially demeaning stereotypes regarding the capabilities, motivation and interests of African-Americans.

115. Nucor-Berkeley and/or Nucor have also continuously engaged in, condoned and ratified discrimination which constitutes a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended, and 42 U.S.C. §1981, as amended.

116. The South Carolina Plaintiffs have no plain, adequate, or complete remedy of law to redress the wrongs alleged herein, and this suit for back-pay, an injunction other equitable relief, and a declaratory judgment is their only means of securing adequate equitable relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from Nucor-Berkeley's and/or Nucor's unlawful policies and practices as set forth herein unless enjoined by this Court.

49

117.    By reason of Nucor-Berkeley's and/or Nucor's discriminatory employment practices, the South Carolina Plaintiffs have experienced harm, including loss of compensation, back and front pay, and other employment benefits.

## B.    CLAIMS FOR NOMINAL, COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 23(B)(3)

118.    The common issues of fact and law affecting the claims of the representative South Carolina Plaintiffs and proposed class members, including, but not limited to, the common issues identified in paragraphs 1-117 above, predominate over any issues affecting only individual claims.

119.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the named South Carolina Plaintiffs and members of the proposed class.

120.    The cost of proving the Nucor-Berkeley's and/or Nucor's pattern or practice of discrimination makes it impracticable for the named South Carolina Plaintiffs and members of the proposed class to prosecute their claims individually.

## VIII.    *PRAYER FOR RELIEF*

121.    Wherefore, the South Carolina Plaintiffs on behalf of themselves and the class members whom they seek to represent request the following relief:

a.    Acceptance of jurisdiction of this cause;

b.    Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23 (a) and (b)(2), on behalf of the proposed South Carolina plaintiff class, and designation of such Plaintiffs as representatives of the class defined above and their counsel of record as class counsel;

50

c.  A declaratory judgment that the Nucor-Berkeley's and/or Nucor's employment practices challenged herein are illegal and in violation of Title VII and 42 U.S.C. §1981;

d.  A temporary and permanent injunction against Nucor-Berkeley and/or Nucor and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and retaliation by such defendants set forth herein;

e.  An Order requiring Nucor-Berkeley and/or Nucor to initiate and implement programs that provide (i) equal employment opportunities for African-American employees; (ii) remedy the effect of Nucor-Berkeley's and/or Nucor's past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory and retaliatory practices described above;

f.  An Order requiring Nucor-Berkeley and/or Nucor to initiate and implement systems of assigning, training, transferring, compensating, and promoting African-American employees in a non-discriminatory manner;

g.  An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information

relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

h.   An Order restoring the South Carolina Plaintiffs and the class they seek to represent to those jobs they would now be occupying but for Nucor-Berkeley's and/or Nucor's discriminatory practices;

i.   An Order directing Nucor-Berkeley and/or Nucor to adjust the wage rates and benefits for the South Carolina Plaintiffs and the class they seek to represent to the level that they would be enjoying but for such defendants' discriminatory practices;

j.   An award of back pay; front pay; lost job benefits; preferential rights to jobs, and other equitable relief for the South Carolina Plaintiffs and the class they seek to represent;

k.   An award of nominal, compensatory and punitive damages for all legal relief sought in this complaint

l.   An award of litigation costs and expenses, including reasonable attorney's fees to the South Carolina Plaintiffs and class members;

m.   Prejudgment interest; and

n.   Such other and further relief as the Court may deem just and proper.

## VI.   COUNT THREE - CLAIMS AGAINST NUCOR-DECATUR AND/OR NUCOR ARISING FROM THE PLANT IN DECATUR, ALABAMA

### A.   CLASS DEFINITION AND COMMON QUESTIONS OF LAW AND FACT

122.   The African-American named plaintiff/class representative, Frederick King is a member of the class he seeks to represent against Nucor-Decatur and/or Nucor

52

arising from Nucor Decatur's plant in Decatur, Alabama. That class consists of African-Americans who have been subject to one or more aspects of the systemic racial discrimination described in the class claims of this Amended Complaint which include 1) the Defendant Nucor's and/or Nucor-Decatur's selection procedures, 2) racially hostile reputation and working conditions, and 3) unequal terms and conditions of employment. The prosecution of the claims of the named plaintiff/class representative requires adjudication of the question common to the putative class: whether defendants Nucor and/or Nucor-Decatur have engaged in systemic racial discrimination in its selection and compensation practices and the terms and conditions of work and employment in a manner made unlawful by the statutes under which this action is brought.

123.    The claims of the named plaintiff/class representative is embedded in common questions of law and fact because defendants Nucor and/or Nucor-Decatur have: 1) prevented African-Americans from learning about or competing for opportunities in jobs traditionally held by white employees; 2) precluded or delayed their hiring and promotion into such jobs; and 3) subjected African-American employees to adverse terms and conditions of employment.

**B.    TYPICALITY OF RELIEF SOUGHT**

124.    The relief necessary to remedy the claims of the named plaintiff/class representative is the same as that necessary for the class. Such named plaintiff/class representative seek the following relief for their individual claims and those of the class: 1) a declaratory judgment that the defendants Nucor and/or Nucor-Decatur have engaged

in systemic racial discrimination in limiting the employment opportunities of African-Americans to lower classifications; 2) a permanent injunction against such continuing discrimination; 3) restructuring of said defendants' selection procedures so that African-Americans are able to learn about and fairly compete in the future for better classifications, compensation levels, and terms and conditions of employment traditionally enjoyed by white employees; 4) restructuring of said defendants' workforce so that African-Americans are assigned to the classifications, locations and compensation levels they would have now hold in the absence of defendant Nucor and/or Nucor-Decatur's past racial discrimination; and 5) damages, back pay and other equitable remedies necessary to make the African-American named plaintiff/class representative and the class they seek to represent whole from defendant Nucor's and Nucor-Decatur's past discrimination.

## C.    NUMEROSITY AND IMPRACTICABILITY OF JOINDER

125. The persons whom named the plaintiff/class representative seeks to represent are too numerous to make joinder practicable. The proposed class consists of more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the facilities in Decatur, Alabama. Defendant Nucor and/or Nucor-Decatur's pattern and practice of racial discrimination also makes joinder impracticable by discouraging African-Americans from applying or pursuing employment opportunities, thereby making it impractical and inefficient to identify many members of the class prior to determination of the merits of such defendants' class-wide liability.

54

**D.    ADEQUACY OF REPRESENTATION**

126.    Frederick King's interests are coextensive with those of the class in that each seeks to remedy Nucor-Decatur's and/or Nucor's discriminatory employment practices so that racially hostile conditions of work will be eradicated and African-Americans will no longer be segregated in unequal positions and prevented from obtaining management and other more desirable positions.    King is able and willing to represent the class fairly and vigorously, as they pursue their common goals through this action.    Plaintiff's counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity.    The combined interest, experience and resources of Plaintiff King and his counsel to litigate competently the individual and class claims of race-based employment discrimination at issue, satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

**E.    EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS**

127.    Certification of a class of similarly situated African-Americans is the most efficient and economical means of resolving the questions of law and fact that are common to the claims of the named plaintiff/class representative and the putative class.    The individual claims of the named plaintiff/class representative require resolution of the common question of whether Nucor-Decatur and/or Nucor have engaged in a systemic pattern of racial discrimination against African-Americans.    The named plaintiff/class representative seeks remedies to undo the adverse effects of such

55

discrimination in his own life, career and working conditions and to prevent continued racial discrimination in the future. He has standing to seek such relief in part because of the adverse effect that racial discrimination against African-Americans has had on his own interest in working and living in conditions free from the pernicious effects of racial bias and hostility. In order to gain such relief for himself, as well as for the putative class members, Frederick King must first establish the existence of systemic racial discrimination as the premise of the relief he seeks. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of African-Americans affected by the common question of law and fact is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the named plaintiff/class representative, the putative class and the defendants. The named plaintiff/class representative's individual and class claims are premised upon the traditional bifurcated method of proof and trial for disparate impact and systemic disparate treatment claims of the type at issue in this Amended Complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

F.    *CERTIFICATION IS SOUGHT PURSUANT TO FED.R.CIV.P. 23(b)*

128.    Nucor-Decatur and/or Nucor have acted on grounds generally applicable to the class by adopting and following systemic practices and procedures which are racially discriminatory.

56

129.    Nucor-Decatur's and/or Nucor's racial discrimination is their standard operating procedure rather than a sporadic occurrence. Nucor-Decatur and/or Nucor have refused to act on grounds generally applicable to the class by refusing to adopt or follow selection procedures which do not have disparate impact or otherwise do not systemically discriminate against African-Americans and by refusing to establish conditions of work that are not hostile to African-Americans. Nucor-Decatur's and/or Nucor's systemic discrimination and refusal to act on grounds that are not racially discriminatory have made appropriate final injunctive relief and corresponding declaratory relief with respect to the putative class as a whole.

130.    The injunctive and declaratory relief are the predominant relief sought because they are both the culmination of the proof of the Nucor-Decatur's and/or Nucor' individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named plaintiff/class representative' and putative class members' entitlement to equitable remedies and legal relief at Stage II of such trial. Declaratory and injunctive relief flow directly and automatically from proof of the common question of law and fact regarding the existence of systemic racial discrimination against African-Americans. Such relief is the factual and legal predicate for the named plaintiff/class representative's and putative class members' entitlement to equitable remedies for individual losses caused by such systemic discrimination.

57

**VI.**    *FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION*

131.    **Named Plaintiff/Class Representative Frederick King** was employed at Nucor-Decatur's and/or Nucor's facility in Decatur, Alabama. He was employed as a grade one employee in the melt shop. During his employment, King performed his duties and fulfilled his responsibilities in a satisfactory manner. King has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to learn about or compete for employment opportunities in traditionally white job classifications; by being required to work in conditions in which he and other members of his race were demeaned ; by being required to work under discriminatory terms and conditions of employment, including being required to endure racial hostilities directed at himself and members of his race; and by not being provided training available to similarly situated white employees.

132.    The Nucor-Decatur's and/or Nucor's discriminatory selection  and termination procedures have adversely affected King.  During his employment, King informed his supervisors that he was interested in being trained and promoted to positions with better opportunities for advancement. Moreover, Nucor-Decatur and/or Nucor routinely promoted white employees to vacant positions over African-American employees of comparable or more extensive experience.  For example, in October 2002, a crane operator position became available.  King asked Brent Parrish and Brent Furrow, his white male supervisors, to allow him to train for the position. King was qualified for the position because he had a license to operate a crane.  The two supervisors told King that he would have to train in his days off and King agreed

58

to do so. White employees, in contrast, are allowed to train during their regular shifts. On October 13, 2002, King was wrongfully terminated from the Decatur facility. King asked Brent Furrow, a white male supervisor, and David Chase, a white male general manager, for the reason for his termination. Both Furrow and Chase refused to give King any explanation.

133.   As a result of Nucor-Decatur's and/or Nucor's discriminatory actions, King suffered extreme harm.

## VII.   *CLASS CLAIMS AGAINST NUCOR-DECATUR AND NUCOR ARISING FROM THE DECATUR, ALABAMA PLANT*

### A. DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000(e), et seq., AS AMENDED, AND THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981, AS AMENDED CLAIMS FOR DECLARATORY, INJUNCTIVE, AND OTHER EQUITABLE RELIEF

134.   The named plaintiff/class representative restates and incorporates by reference Paragraphs 1 through 133 above as part of this Count of the Amended Complaint.

135.   The African-American named plaintiff/class representative and the class he seeks to represent have been subject to systemic racial discrimination including, but not limited to, a pattern and practice of intentional discrimination and a battery of practices having unlawful disparate impact on their employment opportunities. Such racial discrimination includes a policy and practice of restricting African-Americans' employment opportunities to the lower classification and compensation levels. The systemic means of accomplishing such racial discrimination include, but are not limited to, the Nucor-Decatur's and/or Nucor's selection procedures, racially hostile reputation and conditions of work, and unequal terms and conditions of employment.

59

136.    Nucor-Decatur's and/or Nucor's selection and compensation procedures incorporate the following racially discriminatory practices: 1) reliance upon subjective procedures and criteria which permit and encourage the incorporation of racial stereotypes and bias of the Nucor-Decatur's and/or Nucor's predominantly white managerial staff; 2) refusal to establish or follow policies, procedures, or criteria that reduce or eliminate disparate impact and/or intentional racial bias or stereotypes in the Nucor-Decatur's and/or Nucor's decisionmaking; 3) refusal to post or announce vacancies or employment opportunities in a manner that allows African-Americans to learn about such opportunities and compete for them before they are filled by white employees or applicants; 5) pre-selection of whites before vacancies or opportunities become known; and 7) discouragement of applications and expressions of interest by African-Americans through a reputation for racial bias, racially hostile conditions of work, and unequal terms and conditions of employment in such areas as work hours and position assignments.

137.    Nucor-Decatur's and/or Nucor's selection have a disparate impact on the individual African-American Plaintiff and the class he represents.  Such procedures are not valid, job related or justified by business necessity.  There are objective and structured selection procedures available to the Nucor-Decatur and/or Nucor which have less disparate impact on African-Americans and equal or greater validity and job relatedness, but the Nucor-Decatur and/or Nucor have refused to consider or to use such procedures.

138.    Nucor-Decatur's and/or Nucor's selection procedures are intended to have a disparate

impact on the named plaintiff/class representative and the class he seeks to represent.

139.   Nucor-Decatur's and/or Nucor's selection procedures have adversely affected the named plaintiff/class representative and the class he seeks to represent and includes, but is not limited to, the following: not hiring or promoting African-Americans in the traditionally white classification and compensation levels; assigning African-Americans to inferior work hours and other unequal terms and conditions of employment; and encouraging or ratifying racially hostile conditions of work and racially demeaning stereotypes regarding the capabilities, motivation and interests of African-Americans.

140.   Nucor-Decatur and/or Nucor have also continuously engaged in, condoned and ratified discrimination which constitutes a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended, and 42 U.S.C. §1981, as amended.

141.   King and the putative class have no plain, adequate, or complete remedy of law to redress the wrongs alleged herein, and this suit for back-pay, an injunction other equitable relief, and a declaratory judgment is his only means of securing adequate equitable relief. They are now suffering and will continue to suffer irreparable injury from the Nucor-Decatur's and/or Nucor's unlawful policies and practices as set forth herein unless enjoined by this Court.

142.   By reason of Nucor-Decatur's and/or Nucor's discriminatory employment practices, King and the class he seeks to represents experienced harm, including loss of compensation, back and front pay, and other employment benefits.

61

### B.  CLAIMS FOR NOMINAL, COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 23(B)(3)

143.    The common issues of fact and law affecting the claims of the Representative Plaintiff and proposed class members, including, but not limited to, the common issues identified in paragraphs 1-142 above, predominate over any issues affecting only individual claims.

144.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

145.    The cost of proving the Nucor-Decatur's and/or Nucor's pattern or practice of discrimination makes it impracticable for the named Plaintiff and members of the proposed class to prosecute their claims individually.

## VIII.  *PRAYER FOR RELIEF*

146.    Wherefore, Frederick King on behalf of himself and the class members whom he seeks to represent request the following relief:

a.    Acceptance of jurisdiction of this cause;

b.    Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23 (a) and (b)(2), on behalf of the proposed plaintiff class, and designation of the Plaintiff as representatives of the class and their counsel of record as class counsel;

c.    A declaratory judgment that the Nucor-Decatur's and/or Nucor's employment practices challenged herein are illegal and in violation of Title VII and 42 U.S.C. §1981;

d.    A temporary and permanent injunction against Nucor-Decatur and/or Nucor

their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and retaliation by Nucor-Decatur and/or Nucor set forth herein;

e.  An Order requiring Nucor-Decatur and/or Nucor to initiate and implement programs that provide (i) equal employment opportunities for African-American employees; (ii) remedy the effect of Nucor-Decatur and/or Nucor past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory and retaliatory practices described above;

f.  An Order requiring Nucor-Decatur and/or Nucor to initiate and implement systems of assigning, training, transferring, compensating, and promoting African-American employees in a non-discriminatory manner;

g.  An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

h.  An Order restoring King and the class he seeks to represent to those jobs they

would now be occupying but for Nucor-Decatur's and/or Nucor's discriminatory practices;

i.    An Order directing Nucor-Decatur's and/or Nucor's to adjust the wage rates and benefits for Plaintiff and the class he seeks to represent to the level that he would be enjoying but for Nucor-Decatur's and/or Nucor's discriminatory practices;

j.    An award of back pay; front pay; lost job benefits; preferential rights to jobs, and other equitable relief for King and the class he seeks to represent;

k.    An award of nominal, compensatory and punitive damages for all legal relief sought in this complaint

l.    An award of litigation costs and expenses, including reasonable attorney's fees to the Plaintiff and class members;

m.    Prejudgment interest; and

n.    Such other and further relief as the Court may deem just and proper.

## VIII.  COUNT FOUR - CLAIMS AGAINST NUCOR-ARKANSAS AND/OR NUCOR ARISING FROM THE PLANT IN ARMOREL, ARKANSAS

### A.  *CLASS DEFINITION AND COMMON QUESTIONS OF LAW AND FACT*

147.    The African-American named plaintiff/class representative, Stacey Warren, is a member of the class he seeks to represent against Nucor Steel-Arkansas and/or Nucor arising from Nucor Steel-Arkansas' plant in Armorel, Arkansas. That class consists of African-Americans who have been subject to one or more aspects of the systemic racial discrimination described in the class claims of this Amended Complaint which include 1) the Defendant Nucor's and/or Nucor Steel-Arkansas' selection procedures,

2) racially hostile reputation and working conditions, and 3) unequal terms and conditions of employment. The prosecution of the claims of the named plaintiff/class representative requires adjudication of the question common to the putative class: whether defendants Nucor and/or Nucor Steel-Arkansas have engaged in systemic racial discrimination in its selection and compensation practices and the terms and conditions of work and employment in a manner made unlawful by the statutes under which this action is brought.

148.    The claims of the named plaintiff/class representative is embedded in common questions of law and fact because defendants Nucor and/or Nucor Steel-Arkansas have: 1) prevented African-Americans from learning about or competing for opportunities in jobs traditionally held by white employees; 2) precluded or delayed their hiring and promotion into such jobs; and 3) subjected African-American employees to adverse terms and conditions of employment.

B.    *TYPICALITY OF RELIEF SOUGHT*

149.    The relief necessary to remedy the claims of the named plaintiff/class representative is the same as that necessary for the class. Such named plaintiff/class representative seek the following relief for their individual claims and those of the class: 1) a declaratory judgment that the defendants Nucor and/or Nucor Steel-Arkansas have engaged in systemic racial discrimination in limiting the employment opportunities of African-Americans to lower classifications; 2) a permanent injunction against such continuing discrimination; 3) restructuring of said defendants' selection procedures so that African-Americans are able to learn about and fairly compete in the future for

65

better classifications, compensation levels, and terms and conditions of employment traditionally enjoyed by white employees; 4) restructuring of said defendants' workforce so that African-Americans are assigned to the classifications, locations and compensation levels they would have now hold in the absence of defendant Nucor and/or Nucor Steel-Arkansas' past racial discrimination; and 5) damages, back pay and other equitable remedies necessary to make the African-American named plaintiff/class representative and the class they seek to represent whole from defendant Nucor's and Nucor Steel-Arkansas' past discrimination.

C.    *NUMEROSITY AND IMPRACTICABILITY OF JOINDER*

150.    The persons whom the named plaintiff/class representative seeks to represent are too numerous to make joinder practicable.  The proposed class consists of more than one hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the facilities in Arkansas.  Defendant Nucor and/or Nucor Steel-Arkansas pattern and practice of racial discrimination also makes joinder impracticable by discouraging African-Americans from applying or pursuing employment opportunities, thereby making it impractical and inefficient to identify many members of the class prior to determination of the merits of such defendants' class-wide liability.

D.    *ADEQUACY OF REPRESENTATION*

151.    Stacey Warren's interests are coextensive with those of the class in that each seeks to remedy Nucor Steel-Arkansas' and/or Nucor's discriminatory employment practices so that racially hostile conditions of work will be eradicated and African-

66

Americans will no longer be segregated in unequal positions and prevented from obtaining management and other more desirable positions. Warren is able and willing to represent the class fairly and vigorously, as they pursue their common goals through this action. Plaintiff's counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity. The combined interest, experience and resources of Plaintiff Warren and his counsel to litigate competently the individual and class claims of race-based employment discrimination at issue, satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

E.    *EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS*

152.    Certification of a class of similarly situated African-Americans is the most efficient and economical means of resolving the questions of law and fact that are common to the claims of the named plaintiff/class representative and the putative class. The individual claims of the named plaintiff/class representative require resolution of the common question of whether Nucor Steel-Arkansas and/or Nucor have engaged in a systemic pattern of racial discrimination against African-Americans. The named plaintiff/class representative seeks remedies to undo the adverse effects of such discrimination in his own life, career and working conditions and to prevent continued racial discrimination in the future. He has standing to seek such relief in part because of the adverse effect that racial discrimination against African-Americans has had on his own interest in working and living in conditions free from

67

the pernicious effects of racial bias and hostility. In order to gain such relief for himself, as well as for the putative class members, Stacey Warren must first establish the existence of systemic racial discrimination as the premise of the relief he seeks. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of African-Americans affected by the common question of law and fact is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the named plaintiff/class representative, the putative class and the defendants. The named plaintiff/class representative's individual and class claims are premised upon the traditional bifurcated method of proof and trial for disparate impact and systemic disparate treatment claims of the type at issue in this Amended Complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

### F.    *CERTIFICATION IS SOUGHT PURSUANT TO FED.R.CIV.P. 23(b)*

153.    Nucor Steel-Arkansas and/or Nucor have acted on grounds generally applicable to the class by adopting and following systemic practices and procedures which are racially discriminatory.

154.    Nucor Steel-Arkansas' and/or Nucor's racial discrimination is their standard operating procedure rather than a sporadic occurrence. Nucor-Arkansas and/or Nucor have refused to act on grounds generally applicable to the class by refusing to adopt or follow selection procedures which do not have disparate impact or otherwise do

not systemically discriminate against African-Americans and by refusing to establish conditions of work that are not hostile to African-Americans. Nucor-Arkansas' and/or Nucor's systemic discrimination and refusal to act on grounds that are not racially discriminatory have made appropriate final injunctive relief and corresponding declaratory relief with respect to the putative class as a whole.

155.    The injunctive and declaratory relief are the predominant relief sought because they are both the culmination of the proof of the Nucor Steel-Arkansas' and/or Nucor's individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named plaintiff/class representative' and putative class members' entitlement to equitable remedies and legal relief at Stage II of such trial. Declaratory and injunctive relief flow directly and automatically from proof of the common question of law and fact regarding the existence of systemic racial discrimination against African-Americans. Such relief is the factual and legal predicate for the named plaintiff/class representative's and putative class members' entitlement to equitable remedies for individual losses caused by such systemic discrimination.

## VI.    *FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION*

156.    **Named Plaintiff/Class Representative Stacey Warren** sought employment at Nucor Steel-Arkansas' and/or Nucor's facility in Armorel, Arkansas. He was not selected. Warren has been adversely affected by the challenged systemic practices and pattern of racial discrimination by not being able to compete for employment opportunities.

69

157.    As a result of Nucor Steel-Arkansas' and/or Nucor's discriminatory actions, Warren
        suffered extreme harm.

**PRAYER FOR RELIEF**

158.    Wherefore, Stacey Warren on behalf of himself and the class members whom he
        seeks to represent request the following relief:

        a.    Acceptance of jurisdiction of this cause;

        b.    Certification of the case as a class action maintainable under Federal Rules
              of Civil Procedure Rule 23 (a) and (b)(2), on behalf of the proposed plaintiff
              class, and designation of the Plaintiff as representatives of the class and their
              counsel of record as class counsel;

        c.    A declaratory judgment that the Nucor-Steel Arkansas' and/or Nucor's
              employment practices challenged herein are illegal and in violation of Title
              VII and 42 U.S.C. §1981;

        d.    A temporary and permanent injunction against Nucor Steel-Arkansas and/or
              Nucor their partners, officers, owners, agents, successors, employees,
              representatives and any and all persons acting in concert with them, from
              engaging in any further unlawful practices, policies, customs, usages, racial
              discrimination and retaliation by Nucor Steel-Arkansas and/or Nucor set forth
              herein;

        e.    An Order requiring Nucor Steel-Arkansas and/or Nucor to initiate and
              implement programs that provide (i) equal employment opportunities for
              African-American employees; (ii) remedy the effect of Nucor Steel-Arkansas

70

and/or Nucor past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory practices described above;

f.    An Order requiring Nucor Steel-Arkansas and/or Nucor to initiate and implement systems of hiring of African-American employees in a non-discriminatory manner;

g.    An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

h.    An Order awarding Warren and the class he seeks to represent to those jobs they would now be occupying but for Nucor Steel-Arkansas' and/or Nucor's discriminatory practices;

i.    An award of back pay; front pay; lost job benefits; preferential rights to jobs, and other equitable relief for Warren and the class he seeks to represent;

j.    An award of nominal, compensatory and punitive damages for all legal relief sought in this complaint

k.    An award of litigation costs and expenses, including reasonable attorney's fees to the Plaintiff and class members;

71

l.    Prejudgment interest; and

m.    Such other and further relief as the Court may deem just and proper.

## IX.   COUNT FIVE - CLAIMS AGAINST NUCOR-BUILDING SYSTEMS-TEXAS ARISING IN TERRELL, TEXAS

### A.   *CLASS DEFINITION AND COMMON QUESTIONS OF LAW AND FACT*

159.   The African-American named plaintiff/class representative, Stacey Warren, is a member of the class he seeks to represent against Nucor-Building Systems-Texas and/or Nucor arising from Building Systems-Texas in Terrell, Texas. That class consists of African-Americans who have been subject to one or more aspects of the systemic racial discrimination described in the class claims of this Amended Complaint which include 1) the Defendant Nucor's and/or Nucor-Building Systems-Texas' selection procedures, 2) racially hostile reputation and working conditions, and 3) unequal terms and conditions of employment. The prosecution of the claims of the named plaintiff/class representative requires adjudication of the question common to the putative class: whether defendants Nucor and/or Nucor-Building Systems-Texas have engaged in systemic racial discrimination in its selection and compensation practices and the terms and conditions of work and employment in a manner made unlawful by the statutes under which this action is brought.

160.   The claims of the named plaintiff/class representative is embedded in common questions of law and fact because defendants Nucor and/or Nucor-Building Systems-Texas have: 1) prevented African-Americans from learning about or competing for opportunities in jobs traditionally held by white employees; 2) precluded or delayed their hiring and promotion into such jobs; and 3) subjected African-American

72

employees to adverse terms and conditions of employment.

### B.     TYPICALITY OF RELIEF SOUGHT

161.    The relief necessary to remedy the claims of the named plaintiff/class representative

is the same as that necessary for the class. Such named plaintiff/class representative

seek the following relief for their individual claims and those of the class: 1) a

declaratory judgment that the defendants Nucor and/or Nucor-Building Systems-

Texas have engaged in systemic racial discrimination in limiting the employment

opportunities of African-Americans to lower classifications; 2) a permanent

injunction against such continuing discrimination; 3) restructuring of said

defendants' selection procedures so that African-Americans are able to learn about

and fairly compete in the future for better classifications, compensation levels, and

terms and conditions of employment traditionally enjoyed by white employees; 4)

restructuring of said defendants' workforce so that African-Americans are assigned

to the classifications, locations and compensation levels they would have now hold

in the absence of defendant Nucor and/or Nucor-Building Systems-Texas past racial

discrimination; and 5) damages, back pay and other equitable remedies necessary to

make the African-American named plaintiff/class representative and the class they

seek to represent whole from defendant Nucor's and Nucor-Building Systems-Texas'

past discrimination.

### C.     NUMEROSITY AND IMPRACTICABILITY OF JOINDER

162.    The persons whom named the plaintiff/class representative seeks to represent are too

numerous to make joinder practicable. The proposed class consists of more than one

73

hundred former, current, and future African-American applicants and employees who have been, are, or will be employed at the facilities in Texas. Defendant Nucor's and/or Nucor-Building Systems-Texas' pattern and practice of racial discrimination also makes joinder impracticable by discouraging African-Americans from applying or pursuing employment opportunities, thereby making it impractical and inefficient to identify many members of the class prior to determination of the merits of such defendants' class-wide liability.

**D.      ADEQUACY OF REPRESENTATION**

163.    Stacey Warren's interests are coextensive with those of the class in that each seeks to remedy Nucor-Building Systems-Texas' and/or Nucor's discriminatory employment practices so that racially hostile conditions of work will be eradicated and African-Americans will no longer be segregated in unequal positions and prevented from obtaining management and other more desirable positions. Warren is able and willing to represent the class fairly and vigorously, as they pursue their common goals through this action. Plaintiff's counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity. The combined interest, experience and resources of Plaintiff Warren and his counsel to litigate competently the individual and class claims of race-based employment discrimination at issue, satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

*E.*    *EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS*

164.    Certification of a class of similarly situated African-Americans is the most efficient

and economical means of resolving the questions of law and fact that are common

to the claims of the named plaintiff/class representative and the putative class. The

individual claims of the named plaintiff/class representative require resolution of the

common question of whether Nucor-Building Systems-Texas and/or Nucor have

engaged in a systemic pattern of racial discrimination against African-Americans.

Such plaintiff/class representative seeks remedies to undo the adverse effects of such

discrimination in his own life, career and working conditions and to prevent

continued racial discrimination in the future. He has standing to seek such relief in

part because of the adverse effect that racial discrimination against African-

Americans has had on his own interest in working and living in conditions free from

the pernicious effects of racial bias and hostility. In order to gain such relief for

himself, as well as for the putative class members, Stacey Warren must first establish

the existence of systemic racial discrimination as the premise of the relief he seeks.

Without class certification, the same evidence and issues would be subject to

repeated re-litigation in a multitude of individual lawsuits with an attendant risk of

inconsistent adjudications and conflicting obligations. Certification of the class of

African-Americans affected by the common question of law and fact is the most

efficient and judicious means of presenting the evidence and argument necessary to

resolve such questions for the named plaintiff/class representative, the putative class

and the defendants. The named plaintiff/class representative's individual and class

claims are premised upon the traditional bifurcated method of proof and trial for disparate impact and systemic disparate treatment claims of the type at issue in this Amended Complaint. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

F.    *CERTIFICATION IS SOUGHT PURSUANT TO FED.R.CIV.P. 23(b)*

165.    Nucor-Building Systems-Texas and/or Nucor have acted on grounds generally applicable to the class by adopting and following systemic practices and procedures which are racially discriminatory.

166.    Nucor-Building Systems-Texas' and/or Nucor's racial discrimination is their standard operating procedure rather than a sporadic occurrence. Nucor-Building Systems-Texas and/or Nucor have refused to act on grounds generally applicable to the class by refusing to adopt or follow selection procedures which do not have disparate impact or otherwise do not systemically discriminate against African-Americans and by refusing to establish conditions of work that are not hostile to African-Americans. Nucor-Building Systems-Texas' and/or Nucor's systemic discrimination and refusal to act on grounds that are not racially discriminatory have made appropriate final injunctive relief and corresponding declaratory relief with respect to the putative class as a whole.

167.    The injunctive and declaratory relief are the predominant relief sought because they are both the culmination of the proof of the Nucor-Building Systems-Texas' and/or Nucor's individual and class-wide liability at the end of Stage 1 of a bifurcated trial and the essential predicate for the named plaintiff/class representative' and putative

76

class members' entitlement to equitable remedies and legal relief at Stage II of such trial. Declaratory and injunctive relief flow directly and automatically from proof of the common question of law and fact regarding the existence of systemic racial discrimination against African-Americans. Such relief is the factual and legal predicate for the named plaintiff/class representative's and putative class members' entitlement to equitable remedies for individual losses caused by such systemic discrimination.

## VI.    *FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION*

168.    **Named Plaintiff/Class Representative Stacey Warren** applied for a position at Nucor-Building Systems-Texas at the facility located in Terrell, Texas on or about April 2003. Two days after he submitted his application, Todd Hoffman, a representative from such defendant called him and asked him to send his resume to him. Warren submitted his resume. Since that time, Warren has not received any further communication from the Defendant. Such discriminatory selection procedures have adversely affected Warren. Moreover, Defendants have routinely hired white applicants to vacant positions over African-American employees of comparable or more extensive experience.

169.    As a result of Nucor-Building Systems-Texas' and/or Nucor's discriminatory actions, Warren suffered extreme harm.

### *PRAYER FOR RELIEF*

170.    Wherefore, Stacey Warren on behalf of himself and the class members whom he seeks to represent request the following relief:

77

a.    Acceptance of jurisdiction of this cause;

b.    Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23 (a) and (b)(2), on behalf of the proposed plaintiff class, and designation of the Plaintiff as representatives of the class and their counsel of record as class counsel;

c.    A declaratory judgment that the Nucor-Building Systems-Texas' and/or Nucor's employment practices challenged herein are illegal and in violation of Title VII and 42 U.S.C. §1981;

d.    A temporary and permanent injunction against Nucor-Building Systems-Texas and/or Nucor their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages, racial discrimination and retaliation by Nucor-Building Systems-Texas and/or Nucor set forth herein;

e.    An Order requiring Nucor-Building Systems-Texas and/or Nucor to initiate and implement programs that provide (i) equal employment opportunities for African-American employees; (ii) remedy the effect of Nucor-Building Systems-Texas and/or Nucor past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory practices described above;

f.    An Order requiring Nucor-Building Systems-Texas and/or Nucor to initiate and implement systems of hiring of African-American employees in a non-

discriminatory manner;

g.    An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

h.    An Order awarding Warren and the class he seeks to represent to those jobs they would now be occupying but for Nucor-Building Systems-Texas' and/or Nucor's discriminatory practices;

i.    An award of back pay; front pay; lost job benefits; preferential rights to jobs, and other equitable relief for Warren and the class he seeks to represent;

j.    An award of nominal, compensatory and punitive damages for all legal relief sought in this complaint

k.    An award of litigation costs and expenses, including reasonable attorney's fees to the Plaintiff and class members;

l.    Prejudgment interest; and

m.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted this __27th__ day of May , 2004.

79

ROBERT L. WIGGINS, JR., ABS-1754-G-63R
ANN K. WIGGINS, ABS-7006-I-61A
BENJAMIN J. DeGWECK, ABS-8943-B-46-D
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
THE KRESS BUILDING
301 19th STREET NORTH
BIRMINGHAM, ALABAMA 35203
205/314-0500
205-254-1500 (facsimile)


PHILIP E. KAPLAN, AR Bar No. 68026
KAPLAN, BREWER, MAXEY & HARALSON, P.A.
415 MAIN STREET
LITTLE ROCK, ARKANSAS 72201
(501) 372-0400
(501) 376-3612 (facsimile)


GRANT MORRIS, ESQ., Washington, D.C. Bar No. 926253
7 DUPONT CIRCLE, N.W., SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707