IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| QUINTON BROWN, JASON GUY, RAMON ROANE, ALVIN SIMMONS, SHELDON SINGLETARY, GERALD WHITE, and JACOB RAVENELL, individually and on behalf of the class they seek to represent,<br><br>        Plaintiffs.<br><br>vs.<br><br>NUCOR CORPORATION and NUCOR STEEL-BERKELEY,<br><br>        Defendants. | CIVIL ACTION NUMBER:<br>2:04-22005-12BG |

## PLAINTIFFS' OPPOSITION TO MOTION TO DENY CLASS CERTIFICATION

The Nucor defendants, having twice tried and failed to persuade the Court of Appeals that a plaintiff class should not be certified in this case, now asks this Court to ignore the Court of Appeals' judgment and mandate requiring class certification. In this opposition, plaintiffs request that the Court carry out that mandate by certifying the requested class, and further suggest a procedure for moving forward in this case.

### I.

Following this Court's Order denying class certification, the Court of Appeals granted permission to appeal, entered a judgment and then an amended judgment vacating the denial of plaintiffs' motion for class certification, and then denied rehearing and rehearing en banc. *See Brown v. Nucor Corp.*, 576 F.3d 149 (4th Cir. 2009). The Order denying the suggestion for rehearing

en banc recited the fact that "no judge in active service" had requested a poll of the Court.

The final sentence of the Court of Appeals' opinion set forth the instructions the Court is to follow: "We therefore vacate the district court's denial of the appellants' motion for class certification and we remand the case to the district court **with instructions to certify the appellants' class action** and to engage in further proceedings consistent with this opinion." *Id.* at 160 (emphasis added). On October 8, 2009, the Court of Appeals issued its final judgment and mandate which included the following final paragraph:

"*VACATED AND REMANDED WITH INSTRUCTIONS.*"

This Court has "no power or authority to deviate from the mandate issued by an appellate court." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007).[1] By issuing an instruction to certify the class, the Court of Appeals necessarily decided that the standards of Rule 23(a) and Rule 23(b) have been satisfied and that no further proceedings on these issues are remanded to this Court. *Doe*, 511 F.3d at 465. The Rule 23(b) issue now reargued by Nucor as a ground for denying class certification was not remanded to this Court for decision, despite the fact that Nucor specifically requested the Court of Appeals to remand that specific issue. An entire section of Nucor's principal brief in the Court of Appeals was headed as follows: "**Even If The Ruling Below Were To Be Reversed This Class Cannot Be Summarily Certified On Appeal Because Rule 23(b) Has Not Yet Been Considered**

---

[1] Under the mandate rule, a district court can only take up matters that have been explicitly remanded to it for decision. *See* fn. 1 *supra*. "The mandate rule likewise restricts the district court's authority on remand from the court of appeals. First, 'any issue conclusively decided by this court on the first appeal is **not remanded**,' and second, 'any issue that could have been but was not raised on appeal is waived and thus **not remanded**.'" *Doe*, 511 F.3d at 465 (emphasis added, quoting *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir.2002), and *S. Atlantic Ltd. P'ship of Tenn. v. Riese*, 356 F.3d 576, 584 (4th Cir.2004), which held that the mandate rule prohibits district courts from "reconsider[ing] issues the parties failed to raise on appeal").

2

**By The District Court."** *Def. 4th Cir. Br.* at 56 (emphasis in original). Nucor then argued to the Court of Appeals that:

> Plaintiffs ask this Court to "certify the putative class of African-American employees from December 8, 1999 forward." However, the district court never examined whether the alleged class satisfied the requirements of Rule 23(b). Hence, were this Court to find any abuse of discretion, the sole remedy should then be remand for further proceedings in the district court.

*Def. 4th Brief* at p. 56 (Appeal No. 08-1247) (citing and quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). Thus, the Court of Appeals had Nucor's argument for remanding the Rule 23(b) issue before it when it issued its mandate instructing that the class be certified.

Nucor also raised the Rule 23(b) issue a second time in its *Petition For Rehearing and Rehearing En Banc*. Once again, an entire section of Nucor's presentation to the Fourth Circuit was devoted to the identical argument it had made in its principal appellate brief and that it now asks this Court to adopt. *Def. Pet. Rehearing* at 1, 9-10, 13-14. The Court of Appeals decided for a second time not to remand for further proceedings on whether to certify the class or whether Rule 23(b) has been satisfied.

Defendants have now filed a motion with this Court which does not mention the Court of Appeals' explicit instruction to certify the class or the Company's own failed effort to get the Rule 23(b) issue remanded to this Court for further proceedings. Defendants instead quarrel with the correctness of the Court of Appeals' decision and invite this Court to ignore that decision. If defendants are unhappy with the Court of Appeals' decision, as they obviously are, the place for them to object was in the Court of Appeals — *and they did that*. Defendants filed a petition for rehearing making the precise argument they make here. In response, the Court of Appeals changed

3

only the sentence in its opinion related to certification of a (b)(3) class, but the critical sentence quoted above — the instruction to this Court to certify the class — remained unchanged. Having requested the Court of Appeals to change that instruction, without success, the defendants are not in a position to request this Court to reverse the Court of Appeals.[2]

## II.

The class should be certified in the form set forth in the plaintiffs' *Motion For Class Certification* (Doc. 184). The Court of Appeals granted such motion when it "vacat[ed] the district court's denial of the appellants' motion for class certification . . . with instructions to certify *the appellants' class action.*" *Brown*, 576 F.3d at 160. The "appellants' class action" is the one defined in the original *Motion For Class Certification* which was defined in terms of subsection (b)(2) of Rule 23 as follows:

> Plaintiffs move for certification of the following class:
>
>> All African-Americans who are or were employed at the Nucor Berkeley manufacturing plant in Huger, South Carolina at any time since December 2, 1999 in the beam mill, hot mill, cold mill, melting, maintenance and shipping departments (hereafter "production departments") or, in the alternative, for such separate classes or subclasses of such persons as may be appropriate under the Federal Rules of Civil Procedure.
>
> Class certification is sought for a pattern or practice of racial discrimination in: (1) promotions; and (2) a hostile work environment. Plaintiffs further state the following:
>
> 1.    Class certification is sought under Rule 23(b)(2) on the ground that injunctive and other equitable remedies are the primary relief sought against a pattern

---

[2] By removing the sentence in its initial opinion which addressed only a subsection (b)(3) class and retaining the next sentence which instructed that the class be certified, the Court of Appeals recognized that this case easily satisfies both subsection b-2 and b-3 in the manner set forth in plaintiffs' Motion For Class Certification. *See Motion For Class Certification* at 1 & 4 (Doc. 184).

or practice of racial discrimination against African-American employees in promotions and a hostile work environment. * * *

*Motion For Class Certification* at p. 1 (Doc. 184). The Court of Appeals specifically quoted the foregoing class definition at page 152 of its reported opinion. *Brown*, 576 F.3d at 152.[3]

A typical (b)(2) class action has two stages: "At the initial, 'liability' stage of a pattern-or-practice suit the [plaintiff class] is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy. Its burden is to establish a prima facie case that such a policy existed. * * * **Without any further evidence from the [plaintiff], a court's finding of a pattern or practice justifies an award of prospective relief.**" *Teamsters v. United States*, 431 U.S. 324, 360 (1977) (emphasis added); *Newsome v. Up-To-Date Laundry*, 219 F.R.D. 356, 364 (D. Md. 2004).[4] Punitive damages also focus on the defendants' conduct in fostering such a pattern-or-practice, which is a Stage I issue rather than Stage II at which

---

[3] Plaintiffs' original brief in support of such motion for class certification set forth the reasons and caselaw in support of certification under subsection (b)(2) of Rule 23. *Plaintiffs' Brief In Support Of Class Certification* at 51-54 (Doc. 184-2).

[4] Individualized claims or evidence are not relevant at Stage I where the focus is on the classwide pattern or practice and request for declaratory or injunctive relief. *See e.g., Newsome v. Up-To-Date Laundry, Inc.*, 219 F.R.D. 356, 361 n.2, 362 (D. Md. 2004) ("The class-wide liability phase of a pattern or practice hostile environment claim merely requires objective proof of a hostile work environment; claims based on individual experiences are resolved in the remedial phase of the trial. * * * Evidence of the subjective experiences of each class member is not necessary to support class-wide liability; there must only be evidence that some class members experienced objectively severe and pervasive conduct."); *E.E.O.C. v. Mitsubishi Motor Manufacturing. of America, Inc.*, 990 F. Supp. 1059, 1076 (C.D. Ill. 1998) ("... to require subjective showings would needlessly conflate the proofs necessary to establish a pattern or practice with those necessary to establish individual liability for sexual harassment."); *Beckman v. CBS, Inc.*, 192 F.R.D. 608, 613) (D. Minn. 2000); *Rodriguez v. Maricopa County Community College Dist.*, 2006 WL 89938 *6 - *7 (D. Az. 2006); *E.E.O.C. v. Dial Corp.*, 156 F. Supp. 2d 926, 946 (N.D. Ill. 2001); *Palmer v. Combined Ins. Co.*, 2003 WL 466065 * 4 (N.D. Ill. 2003); *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1299-1300 (8th Cir. 1999) (applying the pattern or practice holding in *Teamsters* and *Franks* to class hostile environment claims); *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2nd Cir. 2001).

only individual issues about particular class members are addressed. In the same way, the issue of backpay on plaintiffs' class promotion claim will not arise until Stage II after the pattern-or-practice is proven and enjoined at Stage I of a traditional bifurcated trial. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 331-332 (4th Cir. 2006).

Subsection (b)(2) is particularly suited for racial discrimination claims. *Thorn*, 445 F.3d at 330 & n.24 ("The twin requirements of Rule 23(b)(2) — that the defendant acted on grounds applicable to the class and that the plaintiff seeks predominantly injunctive or declaratory relief — make that Rule particularly suited for class actions alleging racial discrimination and seeking a court order putting an end to that discrimination. Indeed, Rule 23(b)(2) was created to facilitate civil rights class actions.").[5]

Defendants reliance on *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997), is misplaced because the Supreme Court distinguished Title VII cases from the abestos-related tort claims at issue in that case. The Supreme Court noted that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of cases for which certification is proper under Rule 23(b)(2). *Id.* at 614; *see also Newsom*, 219 F.R.D. at 364. Not only did Nucor argue *Amchem* to the Court of Appeals without success, but all of the other cases that it now cites from other Circuits were also previously argued to this Court and were before the Court of Appeals in Nucor's original opposition to class certification. *See Def. Br.* at 56-60 (Doc. 197). Its current motion based on Rule 23(b) largely tracks the exact language from its original brief to this Court on this same issue. *Compare id. with* Doc. 308 at 4-8.

---

[5] The Court of Appeals was well aware of its decision in *Thorn* because it cited that decision and both parties' argued it as authority for their position in the appeal of this case. *See Brown*, 576 F.3d at 156; *Pl. 4th Cir. Br.* at 33-34, 52; *Def. 4th Cir. Br.* at 49.

6

### III.

By filing its current motion, Nucor recognizes that the Court must now proceed with this case. Only the Court of Appeals can stay its mandate pending any planned petition for certiorari. *See* F. R. App. P. 41(d)(2). Nucor elected not to seek such a stay of mandate within the time allowed and that mandate has now issued.

Accordingly, plaintiffs request that they be given all of the information Nucor keeps on each of the class members in this case, both electronically and non-electronically. Nucor has previously withheld most of such information on the ground that not every African-American employee is similarly situated to the plaintiffs. Now that the Court of Appeals has determined that the named plaintiffs and the members of the class are, in fact, typical of one another, such information should no longer be withheld. **Plaintiffs' counsel cannot properly represent each class member without having the records kept on them at Nucor's plant and home office.** This type of information about the persons being represented should not require any formal argument or motion to compel.

In addition, the Court should enter a class certification order as required by the Court of Appeals, and such other housekeeping orders as may move the case along towards an eventual trial. One of such housekeeping orders is the pending motion to consolidate this case with the case of *Gerald White v. Nucor*, C.A. No. 2:08-CV-02429-CWH-BM. A second housekeeping matter involves implementing the *Consent Scheduling Order* which requires that "Merits Discovery and other Items relating to liability" must begin "upon receipt from this Court regarding class certification", that "the parties will conduct a second planning meeting within 30 days of their receipt of the Court's Order on class certification and report to the court within 15 days of that meeting", and that trial "shall be no sooner than 12 months following an Order regarding class certification."

*Consent Scheduling Order* at 2 (Doc. 32).

## IV.

Wherefore, plaintiffs pray that this Court certify the plaintiff class, direct defendants to provide plaintiffs with its records on all class members, direct the parties to proceed to implement their Consent Scheduling Order (Doc. 32), and take such further action as it may deem appropriate to move this case toward trial.

Respectfully submitted this 9th day of November, 2009

<u>s/Armand Derfner</u>
Armand Derfner, Bar No. 502
D. Peters Wilborn, Jr., Bar No. 760
Derfner, Altman & Wilborn
Attorneys at Law
Derfner, Altman & Wilborn
575 King Street, Suite B
P. O. Box 600
Charleston, S.C. 29402-0600
(843) 723-9804
(843) 723-7446 (facsimile)

Robert L. Wiggins, Jr., ASB-1754-G-63R
Ann K. Wiggins, ASB-7006-I-61A
Susan G. Donahue ASB-4525-A-48-D
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205-314-0500
205-254-1500 (facsimile)

8