IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| QUINTON BROWN, JASON GUY, ) <br> RAMON ROANE, ALVIN SIMMONS, ) <br> SHELDON SINGLETARY, ) <br> GERALD WHITE, and ) <br> JACOB RAVENELL, individually and ) <br> on behalf of the class they seek to ) <br> represent, ) <br> ) <br> Plaintiffs. ) <br> ) <br> vs. ) <br> ) <br> ) <br> NUCOR CORPORATION and ) <br> NUCOR STEEL-BERKELEY, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NUMBER: <br> 2:04-22005-CWH |

## **PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs move for sanctions against defendants for unauthorized communication with plaintiff class members.

On September 11, 2012, this Court entered its Order partly granting and partly denying defendants' motion to decertify the class. The next day, September 12, 2012, defendants sent an email to all its employees, including class members, with its distorted "explanation" of the Court's action. A copy of the e-mail is attached as Exhibit A.

Plaintiffs have objected to previous examples of defendants' pattern of sending advocacy messages to its captive audience of class members but those incidents took place before class certification, and no remedy was ordered.

1

Now, however, the class has been certified, and defendants have repeated the pattern of communication. After the class was first certified, on February 17, 2011, the Court and the parties engaged in detailed discussion of the precise wording of the class notice. What is the point of the Court's taking such care over its supervised communication, when the defendants can simply subvert that entire process by sending their own unsupervised e-mail to every current employee in the class? The issue is especially acute because class members will soon be exercising their choice of whether or not to opt out of this Rule 23(b)(3) class action, and the Court has previously expressed strong concern over communications that could unfairly influence class members in that choice.

The communication violated Rule 23, and that is a violation by the defendant parties. In addition, the e-mail says defendants will appeal the Court's Order, which suggests that the e-mail was sent after some consultation with defendants' counsel, and that may indicate a a violation of ethical rules by counsel.

<u>The email</u>

The e-mail, Exhibit A, misleads lay readers (such as class members) as to what the Court's Order of September 11 does. The e-mail begins, in the first paragraph, by saying " . . . yesterday the court agreed to decertify the class with respect to the allegations that Nucor discriminated in its promotions process."

The fact that the Court maintained the class certification with regard to the hostile environment claim is nowhere directly mentioned. At one point the e-mail says the hostile environment claims is allowed to proceed, but the e-mail doesn't say that this is a class claim. At another point, the e-mail says one part of the case remains certified but it

doesn't say that this is the hostile environment claim. Judges or lawyers who are familiar with the case and with class action procedures may understand the e-mail's description of the Court's action, but this is a statement going to lay employees, who should be shielded from misleading statements, not targeted by them.

Other portions of the statement also raise concerns. The e-mail singles out the plaintiffs' "Birmingham, Alabama lawyers" (ignoring their Charleston counsel), obviously intended to stamp this suit as an "outside" effort. The e-mail contains one-sided denials of liability and descriptions of the Order. Most notably, the e-mail invites the employees, including class members, to come to the defendants with questions about the case.

Even apart from the explicit message, the underlying message, as courts have recognized, is the inherently coercive reminder that the defendant has control over the jobs and livelihoods of these at-will employees.

## Discussion

Once a plaintiff class has been certified, as here, defendants are restricted from communicating with class members on at least two bases. One is the Court's obligation, under Rule 23(b)(3) to give class members the "best notice that is practicable under the circumstances." Allowing communications by the party opposing the class undermines that process. As the Court said in *Kleiner v. First Nat. Bank of Atlanta,* 751 F.2d 1193, 1203 (11th Cir. 1985):

> Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable. *See Zarate v. Younglove,* 86 F.R.D. 80, 90 n. 13 (C.D.Cal.1980). Concomitantly, a solicitations scheme relegates

3

the essential supervision of the court to the status of an "afterthought."

The second basis for baring communications is the fact that the class members are now clients of class counsel, so any contact by opposing counsel -- or by the opposing party with any involvement or collaboration by its counsel -- is a violation of ethics rules. This is made clear by the MANUAL FOR COMPLEX LITIGATION (4th), ¶21.33, and numerous cases. *E.g., Gortat v. Capala Bros, Inc.,* 2010 WL 1879922 (E.D.N.Y. 2010) (attached as Exhibit B).

Remedy

Plaintiffs do not at this point seek a "corrective notice," because notices from the defendants to class members are precisely the problem. Plaintiffs do request an Order (1) finding the communication improper, (2) barring defendants (including managerial and supervisory employees) from similarly communicating with class members about the case in the future, and (3) disclosing to plaintiffs' counsel any communications received from class members in response to the e-mail, including copies of any written responses and memos or descriptions about any non-written responses.

Plaintiffs' counsel has consulted with defendants' counsel who decline to consent to this motion.

Respectfully Submitted,


Robert L. Wiggins, Jr., ASB-1754-G-63R
Ann K. Wiggins, ASB-7006-I-61A
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, AL 35203
205-314-0500
205-254-1500 (facsimile)



__s/Armand Derfner_____
Armand Derfner, Bar No. 502
Derfner, Altman & Wilborn, LLC
575 King Street, Suite B
Charleston, SC 29402
843-723-9804
843-723-7446 (facsimile)

*Attorney for Plaintiffs*

5