## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made by and between Nucor Corporation and Nucor Steel Berkeley (collectively "Nucor") and Quinton Brown, Alvin Simmons, Sheldon Singletary, Gerald White, Jason Guy, and Jacob Ravenell (collectively, the "Class Representatives"), on behalf of themselves individually and a settlement class of all African-Americans who are, or were employed by Nucor Corporation or Nucor Steel Berkeley at the Nucor Berkeley manufacturing plant in Huger, South Carolina at any time between December 2, 1999 and April 27, 2011, in the beam mill, hot mill, cold mill, melting, maintenance, and shipping departments, and who may have been discriminated against because of Nucor's challenged practices, and who previously did not opt out of the class (collectively with the Class Representatives, the "Settlement Class Members"). Nucor and the Class Representatives (collectively, the "Parties") agree as follows:

### I.    RECITALS

**1.01**  The Class Representatives filed a class action in the District of South Carolina against Nucor entitled *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-cv-22005-DCN (the "Action").

**1.02**  The Class Representatives have asserted various claims on behalf of themselves individually and the Settlement Class Members against Nucor relating to alleged discrimination in certain departments at the Nucor Berkeley manufacturing plant in Huger, South Carolina.

**1.03**  Nucor has denied and continues to deny all material allegations in the Action as well as all liability or fault based on the Class Representatives' claims. The Settlement Agreement should not be construed as evidence of, or an admission by, Nucor of any wrongdoing or liability.

**1.04**  Recognizing the cost and uncertainty associated with a trial and any subsequent appeal, the Parties wish to enter into this Settlement Agreement to provide for the resolution of the claims settled between the Settlement Class Members and Nucor in accordance with the terms herein.

**1.05**  This Settlement Agreement resulted from good faith, arm's length settlement negotiations, including an in-person mediation as well as numerous telephonic conferences with Hunter R. Hughes, an experienced and well-respected private mediator.

**1.06**  The Settlement Agreement is intended to implement the Memorandum of Understanding dated November 3, 2017, to which the Parties agreed and also to provide for the full, complete and final resolution, in lieu of further litigation, of all such claims

1

settled between Nucor and the Class Representatives on behalf of all Settlement Class Members.

**1.07** The Parties have agreed to this Settlement Agreement to provide for the complete and final resolution of all such claims settled between Nucor and the Class Representatives on behalf of all Settlement Class Members, subject to the provisions contained herein, for an Aggregate Settlement Amount of $22,500,000.00 (twenty-two million five hundred thousand dollars and zero cents).

**1.08** The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein.

## II.   DEFINITIONS

**2.01** **"Action"** means and refers to the class action filed in the District of South Carolina against Nucor entitled *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-cv-22005-DCN.

**2.02** **"Agreement"** or **"Settlement Agreement"** means and refers to this Settlement Agreement and Release.

**2.03** **"Aggregate Settlement Amount"** means and refers to the total sum of $22,500,000.00 (twenty-two million five hundred thousand dollars and zero cents).

**2.04** **"Claim Form"** means and refers to the claim form substantially in the form attached hereto as Exhibit A.

**2.05** **"Claim Form Deadline"** means and refers to _____, 2018.

**2.06** **"Class Counsel"** means and refers to lawyers that were appointed by the Court to represent the Settlement Class Members.

**2.07** **"Class Notice"** or **"Notice"** means and refers to the notice specified in Section VIII of this Settlement Agreement including, without limitation, notice sent via first class mail. Notice shall be substantially in the form attached hereto as Exhibit B, subject to the Court's approval.

**2.08** **"Class Representatives"** means and refers to Named Plaintiffs Quinton Brown, Alvin Simmons, Sheldon Singletary, Gerald White, Jason Guy, and Jacob Ravenell.

**2.09** "**Court**" means and refers to the United States District Court for the District of South Carolina and U.S. District Judge David C. Norton, to whom the Action has been assigned.

**2.10** "**Effective Date**" means and refers to the date on which the Judgment has become final as provided in Section 10.05.

**2.11** "**Eligible Claimant**" means and refers to any Settlement Class Member who has provided adequate proof that he/she is entitled to an Individual Settlement Payment.

**2.12** "**Final Fairness Hearing**" means and refers to the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate.

**2.13** "**Final Approval Order**" means and refers to the order to be submitted to the Court in connection with the Final Fairness Hearing.

**2.14** "**Funding Date**" means and refers to ten (10) days after the entry of the Final Judgment as defined in Section 9.05.

**2.15** "**Individual Settlement Payment**" means and refers to the total amount of monetary compensation, if any, an Eligible Claimant receives pursuant to the individual settlement payment criteria set forth in Section 3.03 of this Settlement Agreement.

**2.16** "**Nucor**" means and refers to Nucor Corporation and Nucor Steel Berkeley; each and every corporate parent, division, subsidiary, joint venture, successor in interest, corporate affiliate, partnership, or franchisee of Nucor Corporation and/or Nucor Steel Berkeley; each and every past, present and future officer, director, agent, stockholder, insurer, legal representative and employee of Nucor; and, each heir, executor, administrator, successor or assign of Nucor.

**2.17** "**Objection Deadline**" means and refers to _____, 2018.

**2.18** "**Preliminary Approval Order**" means and refers to the Order by the Court granting preliminary approval to this Settlement, substantially in the form attached hereto as Exhibit C.

**2.19** "**Released Claims**" means and refers to any and all claims, appeals, demands, causes of action, obligations, damages, suits, debts, sums of money, accounts, bonds, bills, covenants, controversies, agreements, promises, variances, trespasses, judgments, charges and liabilities whatsoever, both known and unknown, in law or in equity, that the Settlement Class Members may now have or have ever had, relating directly or indirectly to the allegations in *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-

cv-22005-DCN currently pending in the District of South Carolina, and/or *Conyers, et al. v. Nucor Corporation, et al.*, Case No. 2:12-cv-3478-CWH-BM currently pending in the District of South Carolina, including, but not limited to, any claims relating in any way to race arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; Section 1981 of Title 42 of the United States Code, as amended; the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 *et seq.*; the Equal Pay Act; as well as all claims relating in any way to race arising under federal, state, or local law involving any employment related cause of action, contract (express or implied), public policy, wrongful discharge, or any other hostile work environment, failure to promote and/or failure to hire claim relating to their employment with Nucor.

**2.20** **"Released Parties"** means and refers to Nucor (as defined above) and all affiliated and related companies and corporations (including all past, present, or future parent and subsidiary companies, divisions, successors in interest, franchisees, partners, joint ventures, affiliates, and predecessors, and all of its direct and indirect subsidiaries, partners, joint ventures, employees, predecessors or assigns), and all of their respective past, present and future officers, directors, stockholders, affiliates, partners, agents, servants, representatives, employees, predecessors, successors, subrogees, assigns, heirs, administrators, attorneys (including but not limited to Turner Padget Graham & Laney, Dowd Bennett LLP, Alaniz Schraeder Linker Farris Mayes, Winstead, and all lawyers affiliated with those firms), self-insured entities, insurers, and insurance agents and brokers.

**2.21** **"Settlement"** or **"Settlement Agreement"** means and refers to this Agreement between Nucor and the Class Representatives on behalf of the Settlement Class Members and each and every exhibit attached hereto.

**2.22** **"Settlement Class Members"** means and refers to all African-Americans who are, or were employed by Nucor Corporation or Nucor Steel Berkeley at the Nucor Berkeley manufacturing plant in Huger, South Carolina at any time between December 2, 1999 and April 27, 2011, in the beam mill, hot mill, cold mill, melting, maintenance, and shipping departments, and who may have been discriminated against because of Nucor's challenged practices, and who have not opted out of the class.

**2.23** **"Settlement Fund"** means and refers to the non-reversionary cash sum that Nucor will pay pursuant to this Settlement Agreement.

### III. SETTLEMENT SUMS AND PAYMENT.

**3.01** **Establishment and Use of Settlement Fund.** Nucor shall establish a $22,500,000.00 (twenty-two million five hundred thousand dollars and zero cents) Settlement Fund on or before the Funding Date. The Settlement Fund shall be applied as follows:

4

(a) to distribute to eligible Settlement Class Members, including the Class Representatives, pursuant to the standards set forth in Section 3.03 of this Settlement Agreement;

(b) to pay Class Counsels' attorneys' fees and expenses and the Class Representatives' expenses that are approved by the Court;

(c) to pay all Class Notice and administration costs; and,

(d) to pay withholding taxes to the extent required to be withheld from employee's wages by federal, state or local law.

**3.02  Submission of a Claim Form.**  In order to be eligible to receive an Individual Settlement Payment Settlement Class Members must fill out the Claim Form and return it to the address listed below on or before the Claim Form Deadline:

> Claims Administrator
> Wiggins, Childs, Pantazis, Fisher & Goldfarb
> The Kress Bldg.
> 301 North 19th Street
> Birmingham, Alabama 35203
> Telephone No. 1-866-563-1773

**3.03  Determination of Individual Settlement Payments:** The amount of each Individual Settlement Payment will be based on the information Settlement Class Members provide on the Claim Form and/or information that is otherwise discovered as part of the investigation of Class Counsel regarding alleged discrimination in promotions and an alleged racially hostile work environment at the Nucor Berkeley plant. The amount of each Individual Settlement Payment will be based on the relative strength of the alleged merits of the Settlement Class Member's claim(s) based on the following criteria without limitation:

(a) Claims of alleged discrimination in promotions will be weighted on the basis of the following factors: the amount of pay difference and length of the backpay period associated with the promotion at issue; whether the claimant bid for one or more promotions that were awarded to persons of another race; whether there was alleged direct or circumstantial evidence of racial bias by the supervisors or managers involved with the promotion at issue; and, whether the claimant had the minimum qualifications required for the promotion at issue.

5

(b) Claims of an alleged racially hostile work environment will be weighted on the basis of the following factors: alleged frequency, severity and duration of the alleged racial hostility experienced; whether the alleged racial hostility was experienced directly or vicariously; whether the alleged racial hostility came from a supervisor or co-worker; whether the alleged racial hostility was subjectively offensive to the claimant; whether the alleged racial hostility resulted in a tangible employment action; and, whether the alleged racial hostility was reported or known to, or otherwise redressed by, management.

(c) The Individual Settlement Payments for the Class Representatives in the Action and the Plaintiffs in *Conyers, et al. v. Nucor Corporation, et al.* who have pled individual, non-class claims of racially discriminatory or retaliatory discharge will be based on the alleged merits of such claims and the alleged resulting economic losses in addition to their alleged promotion and hostile environment claims and losses, if any.

(d) Based on their active involvement in prosecuting this case, the Class Representatives (as defined in the Settlement Agreement) will receive a service payment of $40,000 in addition to the amount they receive based on the allocation system described above. The Class Representatives' service payments are for the time, effort and risk they personally invested in the Action on behalf of the Settlement Class Members. Nucor does not object to the Class Representatives receiving a service payment of up to forty thousand dollars ($40,000.00) per Class Representative.

### IV.   INJUNCTIVE RELIEF.

**4.01** Nucor has agreed to the following with regard to Nucor Steel Berkeley:

(a) Provide comprehensive training on its non-discrimination/harassment policy to all employees, supervisors and managers, including one annual training meeting conducted by outside counsel for Nucor and a Nucor human resource representative with expertise in identifying and preventing racial hostility and harassment of African-Americans;

(b) Reiterate to employees Nucor's commitment to non-discrimination/harassment by electronically sending a copy of the non-discrimination/harassment policy to every employee annually, and by providing access to the non-discrimination/harassment policy

        on the Company intranet;

(c)    Include a provision in an appropriate policy outlining that all complaints of discrimination and/or harassment will be investigated, how to properly investigate a discrimination and/or harassment complaint, including a requirement of written documentation of the investigation, and stating that a report of discrimination and/or harassment does not require corroborating witnesses or evidence to be investigated; Nucor's harassment policy will include a prominent statement that employees can be terminated for racial harassment or hostility and/or for failing to timely or properly report racial harassment or hostility that has come to their attention;

(d)    Provide that all job vacancies in hourly jobs, as well as all salary jobs, which have been traditionally posted in the past, shall be posted physically and electronically for a period of at least 7 days so that they are electronically and physically accessible to Nucor employees currently employed at the time of the job posting;

(e)    Include a provision in an appropriate policy that all documentation relating to a job posting will be retained for 4 years after a teammate separates from Nucor or 4 years after a decision is made not to hire/promote, whichever is later; and,

(f)    The job postings will provide selection criteria and job-related qualifications to be considered for each job opening that is posted.

Neither the terms set forth above in subsections A, B, C, D, E, and F nor the fact that Nucor has agreed to the terms shall constitute or be treated as an admission that Nucor has not already been sufficiently carrying out the actions identified in subsections A, B, C, D, E, and F.

## V.    CLASS COUNSELS' FEES, EXPENSES

**5.01    Counsel's Attorneys' Fees and Expenses.** In addition to reimbursement of reasonable expenses, the Settlement provides for reasonable attorneys' fees for Class Counsels' work investigating the facts, litigating the case for the past fifteen years, negotiating the Settlement, and handling all post-settlement disputes and proceedings. Nucor will not object to attorneys' fees of up to ten million dollars ($10,000,000) in fees in addition to documented expenses.

7

## VI. ACKNOWLEDGEMENT THAT THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE.

**6.01 The Settlement is Fair, Adequate and Reasonable.** The Parties stipulate that the Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and that the Parties have arrived at this Settlement after arm's-length negotiations and mediation, and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this settlement.

## VII. PRELIMINARY APPROVAL

**7.01 Order of Preliminary Approval.** As soon as practicable after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit C. Pursuant to the Motion for Preliminary Approval, the Parties will request that:

(a) the Court preliminarily approve the Settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

(b) the Court approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure; and,

(c) the Court set the date and time for the Final Fairness Hearing, which may be continued by the Court from time to time without the necessity of further notice.

## VIII. ADMINISTRATION AND NOTIFICATION PROCESS

**8.01 Administration of the Settlement.** Class Counsel shall be responsible for all matters relating to the administration of this Settlement. Those responsibilities include, but are not limited to: mailing notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement website and toll-free number, fielding inquiries about the Settlement, processing Claim Forms, approving Claim Forms, directing the mailing of Individual Settlement Sums to Settlement Class Members, and any other tasks reasonably required to effectuate the Settlement. Class Counsel will periodically provide updates on the status of settlement administration to counsel for Nucor.

**8.02    Notification of Settlement.** To facilitate the Notice and claims administration process, Nucor will provide to Class Counsel within seven (7) days of the Preliminary Approval Order the last known mailing address for all Settlement Class Members. Any personal information relating to the Settlement Class Members shall be provided solely for the purpose of providing Notice to members of the Settlement Class and shall be kept in strict confidence. The personal information shall be used only for purposes of this Settlement and shall not be disclosed to any third party. Class Counsel shall send the Class Notice via first class mail to the last known mailing address of each Settlement Class Member.

**8.03    Timing of Class Notice.** Class Notice shall be provided to all Settlement Class Members within fourteen (14) days following entry of the Preliminary Approval Order.

**8.04    Re-Mailing of Returned Class Notices.** Class Counsel shall promptly re-mail any Class Notices that are returned as non-deliverable with a forwarding address to such forwarding address. Class Counsel may perform skip tracing for returned mail.

**8.05    Internet Notice.** Class Counsel shall maintain and administer a dedicated Settlement Website containing class information and related documents, along with information necessary to submit a Claim Form. At a minimum, such documents shall include the Settlement Agreement and attached exhibits, the Class Notice, a downloadable Claim Form, the operative Complaint, and when filed, the Final Approval Order.

**8.06    Toll-Free Telephone Number.** Within ten (10) days of the Preliminary Approval Order, Class Counsel shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claim Form Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free number that the Claim Form Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

**8.07    Payment of Notice and Claims Administration Costs.** All costs relating to Notice and claims administration will be paid from the Settlement Fund.

### IX.    OBJECTIONS

**9.01    Objections.** The Parties agree that it is a material term that all Settlement Class Members have already been given the opportunity to opt-out of this case and will not be provided any additional opt-out rights pursuant to this Settlement Agreement and/or the Federal Rules of Civil Procedure, provided, however, that the Settlement Class Members shall have the opportunity to object to the Settlement Agreement.

9

**9.02  Submission of Objection.**  Any Settlement Class Member who intends to object to the fairness of this Settlement must mail a written letter postmarked on or before the Objection Deadline to the addresses listed below:

> Claims Administrator
> Wiggins, Childs, Pantazis, Fisher & Goldfarb
> The Kress Bldg.
> 301 North 19th Street
> Birmingham, Alabama 35203
> Telephone No. 1-866-563-1773
>
> Counsel for Nucor
> Jennifer S. Kingston
> Dowd Bennett LLP
> 7733 Forsyth Blvd., Suite 1900
> St. Louis, Missouri 63105

All objection letters must be signed, and must include the name and number of this Action (*Brown, et al. v. Nucor Corporation, et al.,* Civil Action No. 2:04-cv-22005) and a detailed description of the basis for the objection. The objection letter should indicate whether the Settlement Class Member intends to appear at the Final Fairness Hearing on their own behalf. Attendance at the Final Fairness Hearing is not required. All documents that the Settlement Class Member wishes for the Court or the Parties to consider must also be attached to the objection.

## X.  FINAL APPROVAL AND JUDGMENT ORDER

**10.01 Declaration regarding Notice.**  No later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file with the Court and serve on counsel for Nucor a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**10.02 Filings prior to Final Fairness Hearing:**  If the Settlement is approved preliminarily by the Court, no later than seven (7) days prior to the Final Fairness Hearing:

(a) The Parties shall request that the Court enter a Final Approval Order and will provide such a proposed Order to the Court;

(b) The Parties shall file a memorandum of points and authorities in support of a Motion for Final Approval; and,

(c) Class Counsel and/or Counsel for Nucor may file a memorandum addressing any objections submitted relating to the Settlement.

10

**10.03 Final Fairness Hearing.** At the Final Fairness Hearing, the Parties will ask the Court to find that the Settlement should be finally approved as fair, reasonable and adequate, that any objections to the Settlement should be overruled, that the attorneys' fees and expense award and incentive payments to the Class Representatives should be approved, and that a judgment finally approving the Settlement should be entered.

**10.04 Final Approval Order.** This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order, which grants final approval of this Agreement and:

(a) finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1);

(b) finds that Settlement Class Members have been adequately represented by Class Counsel;

(c) finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class Members, that each Settlement Class Member shall be bound by this Agreement, including the release in Section XI, and that this Settlement Agreement should be and is approved; and,

(d) retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

**10.05 Final Judgment.** The Judgment entered at the Final Fairness Hearing shall be deemed final:

(a) Thirty (30) days after entry of the Judgment approving the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the Judgment; or

(b) If such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the Judgment to take effect in substantially the form described in Section 10.04.

**10.06 Dismissal with Prejudice.** Counsel for the Class Representatives and Settlement Class Members shall file a dismissal with prejudice relating to both *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-cv-22005-DCN currently pending in the District of South Carolina, and *Conyers, et al. v. Nucor Corporation, et al.*, Case No. 2:12-

11

cv-3478-CWH-BM currently pending in the District of South Carolina within 3 days of Nucor funding the Settlement Fund set forth in Section 3.01.

## XI. RELEASE OF CLAIMS

**11.01 Released Claims.** The Settlement Class Members, as well as their respective assigns, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each and all of the Released Claims. The Settlement Class Members agree to release Nucor and all of the Released Parties from any and all claims, appeals, demands, causes of action, obligations, damages, suits, debts, sums of money, accounts, bonds, bills, covenants, controversies, agreements, promises, variances, trespasses, judgments, charges and liabilities whatsoever, both known and unknown, in law or in equity, that the Settlement Class Members may now have, or have ever had relating directly or indirectly to the allegations in *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-cv-22005-DCN currently pending in the District of South Carolina, and/or *Conyers, et al. v. Nucor Corporation, et al.*, Case No. 2:12-cv-3478-CWH-BM currently pending in the District of South Carolina, including, but not limited to, any claims relating in any way to race arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; Section 1981 of Title 42 of the United States Code, as amended; the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 *et seq.*; the Equal Pay Act; as well as all claims relating in any way to race arising under federal, state, or local law involving any employment related cause of action, contract (express or implied), public policy, wrongful discharge, or any other hostile work environment, failure to promote and/or failure to hire claim relating to their employment with Nucor.

**11.02 Released Parties.** The Settlement Class Members agree that the Release set forth in Section 11.01 shall apply to and release Nucor and all affiliated and related companies and corporations (including all past, present, or future parent and subsidiary companies, divisions, successors in interest, franchisees, partners, joint ventures, affiliates, and predecessors, and all of its direct and indirect subsidiaries, partners, joint ventures, employees, predecessors or assigns), and all of their respective past, present and future officers, directors, stockholders, affiliates, partners, agents, servants, representatives, employees, predecessors, successors, subrogees, assigns, heirs, administrators, attorneys (including but not limited to Turner Padget Graham & Laney, Dowd Bennett LLP, Alaniz Schraeder Linker Farris Mayes, and Winstead, and all lawyers affiliated with those firms), self-insured entities, insurers, and insurance agents and brokers from the Released Claims.

## XII. TERMINATION OF AGREEMENT

**12.01 Modification of Material Terms.** The Class Representatives, Class Counsel and Nucor shall each have the right to unilaterally terminate this Agreement if the Court modifies any material terms of the Agreement. If Nucor exercises its option to void

this Settlement Agreement, it will be responsible for all settlement administration costs incurred to the date of cancellation.

**12.02 Modification of the Criteria for Allocation.** It shall not be a basis for any Party to terminate the Settlement Agreement if the Court modifies the criteria for allocation of the Settlement Fund amongst the Settlement Class Members; provided, however, that the Class Representatives or their Counsel shall be entitled to appeal or otherwise challenge any such modification or disapproval.

**12.03 Modification of Attorneys' Fee and Expense Award.** It shall not be a basis to terminate the Settlement Agreement if the Court disapproves of or modifies the terms of the Settlement Agreement with respect to the attorneys' fee and expense award; provided, however, that the Class Representatives or their Counsel shall be entitled to appeal or otherwise challenge any such modification or disapproval.

## XIII. NO ADMISSION OF LIABILITY

**13.01 Denial of Any Liability or Wrongdoing.** Nucor and the other Released Parties have denied and continue to deny liability or fault based on the Class Representatives' and the Settlement Class Members' claims. Neither the terms contained in this Settlement Agreement nor the fact that the Parties have entered into this Settlement Agreement shall constitute or be treated as an admission of liability, wrongdoing or the violation of any rights or statute by any of the Released Parties.

**13.02 Inadmissibility of Agreement.** Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## XIV. TAXES

**14.01 No Representations.** The Parties and their attorneys make no representations regarding the tax consequences relating to this Settlement Agreement, if any, or any payments made thereunder.

## XV. MISCELLANEOUS

**15.01 No Further Employment.** The Settlement Class Members agree that the employment relationship between Nucor and any Settlement Class Member who is not currently employed by Nucor has been permanently and irrevocably severed. The Settlement Class Members further agree that Settlement Class Members who are not currently employed by Nucor shall not seek employment from Nucor or any of the other

Released Parties in the future and that such Settlement Class Members shall hold Nucor and all other Released Parties harmless for any refusal to hire them should they apply for employment or work of any kind at or for a Released Party.

**15.02 Non-disparagement.** The Settlement Class Members and Nucor agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices or conduct of Nucor or any of the Released Parties or the Settlement Class Members; provided, however, that this agreement does not apply to future events or circumstances that occur after the final approval of this Settlement Agreement or to any claims or contentions that are not released pursuant to this Settlement Agreement. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, social media posts, published materials, including books or magazine articles, bloggers, investors, potential investors, any board of directors or advisory board of directors, industry analysts, competitors, strategic partners, vendors, and employees (past and present).

**15.03 Return of Documents.** The Settlement Class Members acknowledge and agree that they will return and/or destroy all documents produced by Nucor in *Brown, et al. v. Nucor Corporation, et al.*, Case No. 2:04-cv-22005-DCN currently pending in the District of South Carolina, and/or *Conyers, et al. v. Nucor Corporation, et al.*, Case No. 2:12-cv-3478-CWH-BM currently pending in the District of South Carolina within 3 days of completion of determination of Individual Settlement Payments under Section 3.03 or Nucor funding the Settlement Fund, whichever comes later. After completion of the obligations required by Section 15.03, Class Counsel will provide a certification confirming the return and/or destruction of the documents.

**15.04 Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the Parties and supersedes all previous agreements, understandings or statements, whether oral or in writing, and may not be modified, amended or waived except upon the written agreement signed by all Parties except as provided in Section XII above.

**15.05 Governing Law.** This Agreement shall be governed by the laws of the United States and, to the extent not inconsistent with the laws of the United States, the laws of the State of South Carolina.

**15.06 Publicity and Confidentiality.** The Settlement Class Members and Nucor agree that they will not initiate any publicity of the Settlement and can choose to not respond or to only respond to requests by media (whether print, online, or any traditional or non-traditional form) about the Settlement with a statement substantially equivalent to the following: "The Parties agreed to resolve a dispute that was pending for more than a decade. The Parties did so recognizing the cost and uncertainty associated with a trial and

any subsequent appeal." The Parties may also generally refer to the terms of the Settlement and the Notice.

**15.07 No Construction Against Drafter.** This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party alone.

**15.08 Resolution of Disputes.** The Parties shall cooperate in good faith in securing the Court's approval of this Settlement Agreement and resolving all issues that may affect, delay or preclude such approval and agree to use their best efforts to promptly mediate and resolve any and all such issues or obstacles. Any unresolved dispute regarding the Settlement shall be decided by the Court.

**15.09 Counterparts.** This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**15.10 Time Periods.** The time periods and dates described herein are subject to Court approval and deadlines set by Court order may only be modified upon order of the Court.

**15.11 Authority.** Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**15.12 No Oral Modifications.** This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Nucor and the Class Representatives, and approved by the Court.

WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB LLC

By: /s/ Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr., ASB-1754-G-63R
Ann K. Wiggins, ASB-7006-I-61A
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500

Armand Derfner, Bar No. 502
DERFNER & ALTMAN LLC
575 King Street, Suite B
Charleston, S.C. 29403
Telephone: (843) 723-9804

Kent Spriggs
Spriggs Law Firm
2007 W Randolph Circle
Tallahassee, FL 32308-0748
Telephone: (850) 224-8700

**ATTORNEYS FOR PLAINTIFFS AND SETTLEMENT CLASS MEMBERS**

DOWD BENNETT, LLP

By: /s/ Jennifer S. Kingston
James F. Bennett
Gabriel E. Gore
Jennifer S. Kingston
Michael J. Kuhn
Sheena R. Hamilton
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300

John S. Wilkerson, III, Federal ID No.: 4657
TURNER PADGET GRAHAM & LANEY
40 Calhoun Street, Suite 200
Charleston, South Carolina 29413
Telephone: (843) 576-2801

Cary A. Farris, Federal ID No.: 25150
John K. Linker, Federal ID No.: 15623
Winstead
600 Travis Street, Suite 5200
Houston, Texas 77002
Telephone: (713) 650-8400

**ATTORNEYS FOR DEFENDANTS**

16