IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| QUINTON BROWN, et al, individually and on behalf of the class they represent, <br><br> Plaintiffs. <br><br> vs. <br><br> NUCOR CORPORATION and NUCOR STEEL-BERKELEY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NUMBER: <br> )    2:04-22005-DCN <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

**THIS MATTER** is before the Court on Plaintiffs Quinton Brown, Alvin Simmons, Sheldon Singletary, Gerald White, Jason Guy, and Jacob Ravenell (collectively, the "Class Representatives") and Defendant Nucor Corporation's and Nucor Steel Berkeley's (collectively, "Nucor") Joint Motion for Preliminary Approval of Settlement Agreement (ECF # 606). The Class Representatives are acting on behalf of themselves individually and a settlement class of all African-Americans who are, or were employed by Nucor Corporation or Nucor Steel Berkeley at the Nucor Berkeley manufacturing plant in Huger, South Carolina at any time between December 2, 1999 and April 27, 2011, in the beam mill, hot mill, cold mill, melting, maintenance, and shipping departments, and who may have been discriminated against because of Nucor's challenged practices (collectively with the Class Representatives, the "Settlement Class Members"). Having considered the Class Representatives' and Nucor's (collectively, the "Parties") Motion, the underlying Settlement Agreement, the Notice of Class Action Settlement (the "Notice"), and related materials, and based on the Court's knowledge and familiarity with this case, and good cause showing, the Court enters the following findings, conclusions, and Order

granting preliminary approval and setting the matter for a Final Fairness Hearing on February 15, 2018 at 9 a.m.:

1.      The Court preliminarily approves the Settlement Agreement (which is hereby incorporated by reference) as being sufficiently fair, reasonable, and adequate, and in the best interests of the Parties and in accordance with the law, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause why a final judgment to that effect should not be entered following the Final Fairness Hearing. It appears that the proposed Settlement has been reached as the result of intensive, informed, and non-collusive negotiations between the Parties, including arms'-length negotiations that occurred in mediation with an experienced class action mediator, Hunter Hughes. Based on the Court's review of the papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement is reasonable, has no obvious defects and is within the range of possible settlements appropriate for approval such that Notice to the Class and preliminary approval is appropriate.

2.      The Court approves the proposed form of Class Notice attached as Exhibit B to the Settlement Agreement attached to the Parties' Joint Motion and finds that the Notice constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. The Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of, and allows Settlement Class Members a full and fair opportunity to consider, among other things: (1) the nature of the action; (2) the identities of Class Counsel and the Class Representatives; (3) the terms and provisions of the proposed Settlement; (4) the relief to which Settlement Class Members will be entitled, including summaries of the programmatic relief and the method for calculating payments; (5) the process by which Settlement Class

Members will receive Individual Settlement Payments if the settlement is approved; (6) how administrative costs and potential attorneys' fees and incentive payments for the Class Representatives will be handled; (7) the procedures and deadlines for submitting objections; and, (8) the date, time, and place of the Final Fairness Hearing.

Accordingly, the Court directs the Class Representatives to mail the Notice to the Settlement Class Members in accordance with the terms of the Settlement Agreement.

3. Settlement Class Members who wish to object to the Settlement must do so by the Objection Deadline, which is thirty (30) days after the Notice is distributed to Settlement Class Members. All objections must be signed, and must include the name and number of this case and a detailed description of the basis for the objection. The objection should indicate whether the Settlement Class Member intends to appear at the Final Fairness Hearing on their own behalf. Attendance at the Final Fairness Hearing is not required. All documents that the Settlement Class Member wishes for the Court and the Parties to consider must also be attached to the objection. No objection will be valid unless all of the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and Counsel for Nucor. Any Settlement Class Member who fails to timely file a written objection with the Court shall not be permitted to object to the Settlement Agreement at the Final Fairness Hearing, shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, shall be deemed to have waived his or her objections, and shall forever be barred from making any such objections.

4. All other proceedings in the case are STAYED until further Order of this Court, except as may be necessary to approve and implement the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately

terminated. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Nucor or the Settlement Class Members to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.

5.     The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any law or of any liability or wrongdoing by Nucor, or the truth of any of the claims, and evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Judgment and Order of Dismissal.

6.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

7.     The Court approves the schedule of events and procedures as set forth in the Settlement Agreement and Notice for completing the final approval process.

8.     Based on the Court's review of the Parties' Joint Motion, the Court hereby schedules a **Final Fairness Hearing for 9 a.m., on February 15, 2018, at Courtroom 2 at the J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, South Carolina 29403**, to

determine whether the Settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), including, without limitation, Class Counsel's application for an award of attorneys' fees, costs, and expenses and incentive payments for the Class Representatives.

9.    The Court expressly reserves the right to continue or adjourn the Final Fairness Hearing from time-to-time without further notice to the Settlement Class Members.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

Date: December 27, 2017.
Charleston, South Carolina