IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| QUINTON BROWN, JASON GUY, ALVIN SIMMONS, SHELDON SINGLETARY, GERALD WHITE, and JACOB RAVENELL, individually and on behalf of the class they seek to represent, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NUMBER: 2:04-22005-DCN |
| NUCOR CORPORATION and NUCOR STEEL-BERKELEY, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER TO ENTER FINAL JUDGMENT PURSUANT TO RULE 54(b)**

On February 22, 2018, this Court entered an Order (Dkt. No. 616) in which the Court:

a.  Gave final approval of the Class Action Settlement as set out in the Class Action Settlement Agreement;

b.  Awarded Class Counsel attorneys' fees of $10,000,000.00 and reimbursement of costs in the amount of $975,699.22;

c.  Approved service payments of $40,000.00 each to Quinton Brown, Alvin Simmons, Sheldon Singletary, Gerald White, Jason Guy, and Jacob Ravenell;

d.  Ordered that within 3 days of Nucor funding the Settlement Fund set forth in Section 3.01 of the Settlement Agreement, the Court will dismiss this Action, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement;

  e.  Ordered that within 3 days of Nucor funding the Settlement Fund set forth in Section 3.01 of the Settlement Agreement, the Court will dismiss the action entitled *Conyers, et al. v. Nucor Corporation, et al.*, Case No. 2:12-cv-3478-CWH-BM, with prejudice, without costs to any Party;

  f.  Directed the Clerk of the Court to enter Final Judgment forthwith; and,

  g.  Retained jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

In addition, at the Final Fairness Hearing held on February 15, 2018, the Court ordered briefing relating to one class member's, Ramon Roane's, request to opt out of the Settlement Agreement. A hearing on that request is scheduled for April 17, 2018.

The Defendants have requested that the Court clarify the status of Ramon Roane's right to appeal the Settlement Agreement. As the Court noted at the Final Fairness Hearing, Ramon Roane has not objected to the Settlement Agreement itself or opposed its final approval. Transcript at 22-25 (ECF #614). Nor has any other person objected to the Settlement Agreement. The direction to the Clerk "to enter Final Judgment forthwith" applies to all rights to appeal the Final Order approving the Settlement Agreement, including, without limitation, Ramon Roane's. By directing the Clerk to enter Final Judgment, the Court intends that all rights to appeal the Final Order approving the Settlement Agreement — including whatever right of appeal Ramon Roane may have — will expire 30 days after the Clerk's entry of such judgment unless a timely notice of appeal is filed.

The only remaining issue is Ramon Roane's request to opt out of the Settlement Agreement, which the Parties agreed, at the Final Fairness Hearing, to sever for separate proceedings. *See* F. R. Civ. P. 54(b); s*ee also* Transcript at pp. 22-25 (ECF #614). In doing so,

the Parties agree that there is no just reason to delay entry of Final Judgment approving the Settlement Agreement in light of the agreed-upon severance of the issue of Ramon Roane's request to opt out of the settlement.  *Id.  See Transcript* at pp. 22-25 (ECF #614); *see also* Fed. R. Civ. P. 54(b) (authorizing entry of final judgment as to less than all parties or issues when there is "no just reason for delay"). Ramon Roane joined in that agreement to enter Final Judgment approving the Settlement Agreement and to sever his request to opt out.  Ramon Roane also indicated his approval of the Settlement Agreement without regard to whether or not he is allowed to opt out.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. Pursuant to Federal Rules of Civil Procedure 54(b) and 58(b)(2), the Court will enter Final Judgment pursuant to this Order;

2. There is no just reason for delay in entry of such Final Judgment based on the Final Order which approved the Parties' Settlement Agreement and awarded attorneys' fees, expenses and service awards in the amounts set forth in such Order;

3. The Final Judgment to be entered by the Clerk applies to all rights, if any, to appeal the approval of the Settlement, including Ramon Roane's.  The thirty-day period to appeal anything related to the terms of the Settlement Agreement, will begin to run as of the date of entry of the Final Judgment, and is applicable to Ramon Roane regardless of the outcome of his current request to opt out of the Settlement Agreement.

4. The only remaining issue is Ramon Roane's request to opt out of the Settlement Agreement, which the Parties agreed, at the Final Fairness Hearing, to sever for separate proceedings.  Accordingly, Ramon Roane's request to opt out of the Settlement Agreement has been, and hereby is, severed for separate proceedings in the manner agreed to by the Parties and approved by the Court at the Final Fairness Hearing on February 15, 2018. *See Transcript* at 22-

25 (ECF #614). All Parties' rights, if any, to appeal the Court's decision on Ramon Roane's request to opt out of the Settlement Agreement will begin to run as of the date of entry of the judgment on that issue.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 13, 2018**
**Charleston, South Carolina**