# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| QUINTON BROWN, ALVIN SIMMONS, SHELDON SINGLETARY, GERALD WHITE, JASON GUY, and JACOB RAVENELL, individually and on behalf of the class they seek to represent,<br><br>Plaintiffs,<br><br>vs.<br><br>NUCOR CORPORATION and NUCOR STEEL BERKELEY,<br><br>Defendants. | Civil No.: 2:04-cv-22005-DCN<br><br>**ORDER** |

This matter comes before the court on plaintiffs' motion in support of individual plaintiff Ramon Roane's request to proceed with his claims as a named individual and for exclusion from the settlement, ECF No. 621. For the reasons set forth below, the court denies the motion.

On December 8, 2003, thirteen plaintiffs filed a nationwide class action pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, in the United States District Court for the Western District of Arkansas against Nucor Corporation. On August 24, 2004, the plaintiffs' claims were severed into four separate cases, and each case was transferred to the judicial district in which the unlawful employment practices allegedly occurred. Accordingly, this case was transferred to the District of South Carolina. Plaintiffs in the instant case (Quinton Brown, Jason Guy, Alvin Simmons, Sheldon Singletary, Gerald White, and Jacob

1

Ravenell) are African-Americans who are current or former employees of Nucor.[1] This class of African-American workers brought allegations of endemic racial discrimination at the Huger, South Carolina location of the Nucor steel plant. Plaintiffs claimed that Nucor engaged in systemic racial discrimination in its selection procedures, in creating racially hostile working conditions, and having unequal terms and conditions of employment for its African-American workers.[2]

      Specifically, multiple named plaintiffs allege that white coworkers would use the terms "DAN", or "dumb ass n*****" to refer to African-American employees. There were also instances of racially hostile graffiti in the Nucor plant. Nucor allowed white employees to prominently display the Confederate flag on their clothing and lunchboxes. Indeed, the Nucor gift store sold Nucor-branded items emblazoned with the Confederate flag. One named plaintiff recalls being called "boy," a derogatory term for African-American men, by a white supervisor. Another saw emails with racially demeaning comments and photographs sent through the Nucor email server. When African-American employees would inform their white supervisors of the racial remarks, they were ignored. Soon after one named plaintiff informed his white supervisor that African-American employees were treated as "second-class citizens," he was terminated. Racial epithets, including "n*****", were broadcast over the plant-wide radio system, along with the Confederate anthems "Dixie" and "High Cotton."

---

[1] Originally, Ramon Roane was also a named plaintiff in this action but has voluntary withdrawn as a class representative.
[2] The third amended complaint ("the complaint") is the operative complaint in this case.

All named plaintiffs recall instances of being passed over for promotions for less qualified white employees. In one instance, an African-American employee had to train the white employee who ultimately received the supervisor promotion, as the white employee had no experience in that department. White employees were also afforded flexibility in scheduling their work shift, while a named plaintiff with a recently hospitalized wife was informed by his white supervisor that he could not return to the day shift, even though he needed to care for his sick wife in the evenings. In addition, white employees were allowed to train during their shifts, while black employees were forbidden from doing so.

There are two classes in this case—(1) the promotions class, involving disparate treatment and disparate impact claims; and (2) the hostile work environment class. ECF No. 471. The class definition is as follows:

> All African-Americans who are, as of the date of this order [April 27, 2011], or were employed by Nucor Corporation or Nucor Steel Berkeley at the Nucor Berkeley manufacturing plant in Huger, South Carolina at any time between December 2, 1999, and the date of this order [April 27, 2011], in the beam mill, hot mill, cold mill, melting, maintenance, and shipping departments, and who may have been discriminated against because of Nucor's challenged practices.

ECF No. 359 at 14; ECF No. 485.

The parties entered into a settlement on February 22, 2018. ECF No. 616. The lone class member who filed an objection to the settlement was Ramon Roane ("Roane"), who was previously a named class representative. Roane has had a complicated history with this complicated case, including being the target of a motion for sanctions for making public statements accusing the court system of systemic

racism. And indeed, Nucor submitted a series of exhibits under seal[3] that include videos of Roane discussing the eyebrow-raising statements that he made regarding this litigation. ECF No. 624. However, Roane's statements are not at the heart of this issue—this matter is essentially before the court on whether Roane should be allowed to opt out of the class at this late stage. In short, the court certified the class in this case after two trips to the Fourth Circuit and the intervening case of <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338 (2011), which laid out what was required for class certification. After the case was certified, Roane posted a number of videos which contained negative statements about this litigation, the judge, and the parties involved. Nucor brought a motion for sanctions based on those videos, and Roane resigned as a class representative. He remained, however, a class member. At no point did Roane opt out of the class.

It is undisputable that Roane's individual claims as a named party plaintiff were subsumed by the class claims. By sheer virtue of Roane being a named class representative, this must be true. A review of the docket reveals that Roane submitted a sworn statement in support of the motion to certify class that states:

> There is nothing which I seek for myself that I do not also seek for the class, and there is nothing that any class member could seek which would conflict with what I want to see happen from this case.

ECF No. 185, Ex. 1, Declaration of Roman Roane. For the court to find that Roane has individual claims, the court would have to disregard this sworn statement. This it cannot do. Therefore, the court finds that Roane has no individualized claims beyond the claims of the class.

---

[3] The motion to seal was granted on April 25, 2018. ECF No. 627.

While Roane was no longer a named plaintiff representing class members, he was a class member represented by the named plaintiffs. Accordingly, under established class action principles, he was bound by the judgment entered in the class action as a party, so long as he was adequately represented, had fair notice of his class membership, and declined to opt out of the class. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). All of these factors are fulfilled here. Roane does not contest the adequacy of his representation, but he does argue that he was given insufficient notice of his opportunity to opt out. The court disagrees. Nucor sent a Class Notice which states in relevant part: "If you do exclude yourself so you can start or continue your own lawsuit against Nucor, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations." ECF No. 621, Ex. 2, Class Notice. The Class Notice gave Roane adequate notice of his opportunity to opt out of the class. He declined to do so. Roane was required to opt out in January 2017 when the class notice was sent.

Roane next argues that the court should grant relief from the class opt-out deadline. Federal Rule of Civil Procedure 6(b)(1) allows the court to grant an extension of time for "excusable neglect," as does Rule 60(b)(1). In deciding whether neglect is "excusable," a court should consider four factors:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993). If the court granted an extension to one class member, other members would be incentivized to seek similar relief. See William B. Rubenstein, 3 Newberg on Class

Actions § 9:45 (5th ed.) ("Although courts have the discretion to excuse tardy opt outs, the Manual for Complex Litigation reminds judges that the 'state of the class at the end of the opt-out period should be fixed enough to allow parties to conduct their affairs'" (quoting Manual for Complex Litigation (Fourth) § 21.321 (2004))). Second, the length of the delay is significant. The class notice states that anyone who wishes to be excluded must "act before February 5, 2017." ECF No. 621, Nucor Notice at 1. Roane filed his late opt out—stylized as an objection to the settlement—in February 2018. ECF No. 612. This is a delay of one full year from the opt-out deadline put forth in the class notice. Third, while neglect may be excusable even if due to circumstances within Roane's control, this factor weighs against granting relief. Roane contends that the class notice was ambiguous as to whether he would have a second opportunity to opt out if he did not agree with the settlement terms reached by the class because he was an "untutored layman." ECF No. 621 at 16. However, each of the class members was an untutored layman. That is why class members have class counsel. Roane, as a former named class representative, was well aware of how to reach out to class counsel in the event that he had questions about how to interpret the class notice, and for some reason he chose not to do so. Importantly, Roane objects to the settlement not on the basis of the fairness of the settlement entered in this case but on the basis that he wants to "proceed to trial."

It would be a waste of judicial resource to allow Roane a second opportunity to opt out and proceed to trial in this case. He was bound by the January 2017 opt-out deadline set forth in the class notice. And after weighing the Pioneer Investment factors the court refuses Roane relief from the opt-out deadline as no "excusable neglect"

supports his request to opt out late. Therefore the court denies the motion for late opt out.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

                               **DAVID C. NORTON**
                               **UNITED STATES DISTRICT JUDGE**

**December 7, 2018**
**Charleston, South Carolina**